

**COMMONWEALTH OF KENTUCKY**

**BOYLE COUNTY CIRCUIT COURT**

CASE NO. 22-CI-00320

**ANN NICOLE HENSON**                                      **PLAINTIFF**

**VS.**                    **VERIFIED COMPLAINT**

**AMY BURKE (in her individual capacity)**                    **DEFENDANTS**

**MEGAN N. BOSLEY (in her individual capacity)**

**JANET HUMPHREY-COLE (in her individual capacity)**

**APRIL DAVIS (in her individual capacity)**

**RICHARD DIENST (in his individual capacity)**

**JULIE FERRELL (in her individual capacity)**

**ERIC C. FRIEDLANDER (in his individual capacity)**

**RONNIE GOLDY JR. (in his individual capacity)**

**CHRISTOPHER HERRON (in his individual capacity)**

**CHRISTINE HMIELESKI (in her individual capacity)**

**CARMINE G. IACCARINO (in his individual capacity)**

**RYAN KIRKPATRICK (in his individual capacity)**

**ADAM MATHER (in his individual capacity)**

**KATHY PERKINS (in her individual capacity)**

**CLINTON "ANDY" SIMS (in his individual capacity)**

**JANET STATON (in her individual capacity)**

**MARTA MIRANDA-STRAUB (in her individual capacity)**

**WILLIAM ROBERT TUDOR (in his individual capacity)**

**LISA LEE WILLIAMS (in her individual capacity)**

## INTRODUCTION

Comes now Plaintiff Ann Nicole Henson as set forth below, and for her complaint against all Defendants named herein does hereby respectfully state as follows:

## PARTIES AND JURISDICTION

1. The Plaintiff in this action is Ms. Ann Nicole Henson a citizen of the Commonwealth presently domiciled within Boyle County, Kentucky and is the biological mother and sole custodian of her daughter, MJH, age 9.

2. Defendant Megan N. Bosley was at all times relevant to this complaint employed by the State of Kentucky, Cabinet for Health and Family Services (hereinafter Cabinet) and is a citizen of the Commonwealth presently domiciled within the Commonwealth of Kentucky.

3.   Defendant Janet Humphrey-Cole did at all times relevant to this complaint serve

as counsel of record for William Robert Tudor who is the Petitioner within the

Clark County Circuit Court matter (19-CI-445) with principal offices located at

100 South Main Street within Jessamine County, Kentucky.

4.   Defendant April Davis was at all times relevant to this complaint employed by the

State of Kentucky, Cabinet for Health and Family Services (hereinafter Cabinet)

as a Service Region Administrator (hereinafter SRAA) within the Southern

Bluegrass Region and is a citizen of the Commonwealth presently domiciled

within the Commonwealth of Kentucky.

5.   Defendant Richard Dienst was at all times relevant to this complaint employed by

the State of Kentucky, Cabinet for Health and Family Services (hereinafter

Cabinet) serving as an Administrative Branch Manager within the Office of the

Ombudsman and Administrative Review and is a citizen of the Commonwealth

presently domiciled within the Commonwealth of Kentucky.

6.   Defendant Julie Ferrell was at all times relevant to this complaint employed

within the Clark County Office of Protection and Permanency for the Kentucky

Cabinet for Health and Family Services (Cabinet) and is a citizen of the

Commonwealth presently domiciled within the Commonwealth of Kentucky.

7. Defendant Eric Friedlander was at all times relevant to this complaint employed by the State of Kentucky, Cabinet for Health and Family Services (hereinafter Cabinet) serving as Secretary therein and is a citizen of the Commonwealth presently domiciled within the Commonwealth of Kentucky.

8. Defendant Ronnie Goldy Jr. was at all times relevant to this complaint serving as a Commonwealth's Attorney within Bath, Menifee, Montgomery and Rowan counties and was by letter dated April 24, 2019 appointed to serve as a special prosecutor upon the criminal investigation of William Robert Tudor. Furthermore, Ronnie Goldy Jr., is a citizen of the Commonwealth and is presently domiciled within the Commonwealth of Kentucky.

9. Defendant Christopher Herron was at all times relevant to this complaint serving as the County Attorney within Boyle County, Kentucky and is a citizen of the Commonwealth presently domiciled within the Commonwealth of Kentucky.

10. Defendant Christine Hmieleski was at all times relevant to this complaint employed by the State of Kentucky, Cabinet for Health and Family Services (hereinafter Cabinet) and is a citizen of the Commonwealth presently domiciled within the Commonwealth of Kentucky.

11. Defendant Adam Mather was at all times relevant to this complaint employed by the State of Kentucky, Cabinet for Health and Family Services (hereinafter

Cabinet) serving as the Inspector General and is a citizen of the Commonwealth presently domiciled within the Commonwealth of Kentucky.

12. Though presently employed by the Boyle County Health Department Defendant Kathy Perkins was at all times relevant to this complaint employed by the State of Kentucky Cabinet for Health and Family Services (hereinafter Cabinet) as a Service Region Administrator within the Southern Bluegrass Region and is a citizen of the Commonwealth presently domiciled within the Commonwealth of Kentucky.

13. Defendant Janet Staton did at all times relevant to this complaint serve as Guardian Ad Litem on behalf of MJH (a minor child) within the companion Boyle County Juvenile matter (18-J-174-001) and maintains principal offices at 439 West Walnut Street within Boyle County, Kentucky.

14. Defendant Marta Miranda-Straub was at all times relevant to this complaint employed by the State of Kentucky Cabinet for Health and Family Services (hereinafter Cabinet) serving as the Commissioner therein and is a citizen of the Commonwealth presently domiciled within the Commonwealth of Kentucky.

15. Defendant Dr. Lisa Lee Williams was at all times relevant to this complaint employed by the State of Kentucky Cabinet for Health and Family Services (hereinafter Cabinet) serving as Director within the Office of the Ombudsman and

Administrative Review therein and is a citizen of the Commonwealth presently

domiciled within the Commonwealth of Kentucky.

16.  This action is filed pursuant to Title 42 of the United States Code §1983 (42

U.S.C. 1983) to redress injuries suffered by Plaintiff Ann Nicole Henson for

deprivation under color of state law, of rights secured by the Fifth and Fourteenth

Amendments of the Constitution of the United States. Jurisdiction is proper before

this court pursuant to §1331 and §1343(3) of Title 28 of the United States Code.


Additionally, the court may exercise sufficient supplemental jurisdiction over

Plaintiff's state law claims pursuant to §1367 of Title 28 of the United States

Code.

## VENUE

17.  Venue in the above captioned case shall lie within the Circuit Court within Boyle

County, Kentucky pursuant to 28 U.S.C. §1931 in that the conduct and injuries

about which Plaintiff Ann Nicole Henson complains occurred within the venue of

this court.

## FACTUAL ALLEGATIONS


18. Plaintiff Ann Nicole Henson does hereby reaffirm, reiterate, and incorporate by

reference each and every allegation previously set forth within this complaint as if

fully recited herein and does hereby further state as follows:

## SUBSTANTIATED INVESTIGATION FOR CHILD SEXUAL ABUSE

19. On June 27, 2018 Plaintiff Ann Nicole Henson presented MJH (a minor child) at the Emergency Room of the Ephraim McDowell Regional Medical Center (hereinafter EMRC) at which time MJH (a minor child) complained of vaginal pain and further disclosed to the attending Physicians Assistant Ms. Ashley Price that her father (William Robert Tudor) perpetrated an act(s) of sexual assault upon her while giving her a bath.

20. In response, in accordance with KRS §620.030(2) ER personnel notified both law enforcement (notification being forwarded to Kentucky State Police) and the Cabinet for Health and Family Services. Both Kentucky State Police and on-call investigative worker Mary-Beth Farmer came to EMRC and spoke with both Plaintiff Ann Nicole Henson and inquired as to the condition of MJH (a minor child). In speaking with Kentucky State Police it was discovered that there existed a professional conflict between and among Trooper Jonathan "Derrick" Walls and principal suspect William Robert Tudor as a result of Mr. Tudor's being at that time employed by the Lancaster Police Department wherein he served as an officer within the K-9 unit. Thus, in view of their routine professional affiliation Trooper Walls indicated that he would speak to his superiors and express his desire to have no further involvement with the case.

21.  At the conclusion of her interview with both Plaintiff Ann Nicole Henson, MJH, (a minor child) and Physician's Assistant Ashley Price, Ms. Farmer found MJH's allegations to be credible such that she advised Ms. Henson that she (Farmer) would make contact with the Children's Advocacy Center of the Bluegrass and make arrangements for MJH (a minor child) to undergo a forensic interview.

22. On July 3, 2018 MJH (a minor child) underwent a forensic interview with Forensic Interviewer Lindsey Burns of the Children's Advocacy Center of the Bluegrass at the conclusion of which Ms. Burns found MJH's disclosures to be age appropriate, articulate, credible, and consistent. At the recommendation of Dr. Jacqueline Sugarman and in consultation with Ms. Michelle Adams, Ann Nicole Henson pursued (and ultimately accomplished) enrollment of the child in a course of trauma therapy as a result of her having been a victim of sexual abuse and/or sexual violence.

23. On September 25, 2018 Mary-Beth Farmer in consultation with her then supervisor FSOS Robin Watson sought and was given permission to file a Dependency, Neglect, and Abuse (hereinafter DNA) Petition within the Boyle County Family Court.

24.  On September 27, 2018 Mary-Beth Farmer did file a DNA petition within Boyle County Family Court on behalf of MJH (a minor child).

25.  On September 27, 2018 Mary-Beth Farmer did conduct an interview with William Robert Tudor within the Boyle County DCBS offices at which time FSOS Robin Watson was also present and Mrs. Janet Humphrey-Cole in her capacity as his counsel of record within that particular matter did also appear telephonically.

26. On October 29, 2018 before then presiding Judge Squire Williams (sitting by special designation) within the Boyle County juvenile matter (18-J-174-001) William Robert Tudor did in stipulate to facts sufficient to warrant removal of MJH (a minor child) from his care accordance with KRS §620.080(2).

27. On January 4, 2019 Mary-Beth Farmer completed her fact-based investigation relating to William Robert Tudor having perpetrated an act(s) of sexual abuse upon MJH (a minor child) and the same was approved by Ms. Christine Hmieleski. The same resulted in the Cabinet for Health and Family Services rendering a finding of substantiation for child sexual abuse against Mr. Tudor in accordance with 922 KAR 1:330 §10(7) and subsequently on January 10, 2019 mailed both the Substantiated Investigation Notification Letter and DPP-155 form by which Mr. Tudor could request an administrative hearing before the Cabinet should he desire to challenge the Cabinet's finding of substantiation rendered against him. Ms. Christine Hmieleski also approved the case to be transferred for "Ongoing Services" on January 4, 2019.

28.  The Records Management Brach of the Cabinet advised that Mr. Tudor did not

file a DPP-155 within DCBS Case: 1118935/Intake ID: 2759343. Thus, all

available Cabinet records reflect that Mr. Tudor did not seek to formally

challenge the Cabinet's finding of substantiation as rendered against him via

utilizing the CAPTA fair hearing process as permitted under §11 of 922 KAR

1:330 and 922 KAR 1:480[1]


29.  On February 4, 2019 James Deal approved forms in blank as submitted by SSW

Megan Bosley in which the Cabinet claimed that they had served upon Ms.

Henson a DPP-154/DPP-154A form advising her of both the Cabinet's intention

to close the case against Mr. Tudor and her right to seek an administrative hearing

relating to the same. Yet, all such statements are patently false as Ms. Henson

neither received the DPP-154/DPP-154A forms at her home address (or

elsewhere) nor was she advised of and subsequently permitted to participate in an

administrative hearing before the Cabinet regarding their decision to close the

Cabinet's case against one William Robert Tudor. Notably, the Cabinet could not

have elected to close the case at that time given that the companion juvenile

matter was docketed to proceed before then presiding Judge Squire Williams for

an adjudicatory hearing at that time and the Cabinet never tendered in writing to

the Court their intention to close their case as evidenced by the absence of this

notification within the Certified DNA case file.

30. On February 15, 2019 William Robert Tudor did voluntarily consent and submit himself to a polygraph examination as conducted by Kentucky State Police whereby at the conclusion of the examination he was unequivocally advised by the examiner that he "failed the test" wherein he showed indicators of deception when asked questions concerning his having perpetrated an act(s) of sexual abuse upon MJH (a minor child.)

31. On February 23, 2019 SSW Megan Bosley of the Cabinet made inquiries of Mr. Tudor regarding the results of this polygraph examination. Mr. Tudor lied to SSW Megan Bosley when he stated that he did not fail the test but rather became angry and it showed[2]

32. On May 13, 2019 during the course of a pre-trial conference, Defendant Christopher Herron orally moved to dismiss 18-J-174-001 against Mr. Tudor based upon speculation and the false premise that the Cabinet failed to investigate the child sexual abuse allegations, with the same having occurred in Ms. Henson's absence after she was misled to believe that she was not a party within the companion Boyle County juvenile case (18-J-174-001).[3]

Moreover, on May 14, 2019 in a subsequent conversation with Ms. Henson preserved via audio recording (hereto attached as an exhibit) Defendant Herron affirms that it was Defendant Christine Hmieleski who advised him that the Cabinet had conducted no investigation relating to MJH's allegations of sexual

abuse which, if true, would place the Cabinet in direct violation of KRS §431.600(1) and KRS §620.040(1).

Additionally, it must be noted that at the conclusion of her fact-based investigation SSW Mary-Beth Farmer submitted the evidentiary basis by which she had determined that the allegations as levied by MJH (a minor child) were to be substantiated against Mr. Tudor and on January 4, 2019 Defendant Christine Hmieleski approved the same. As a result SSW Mary-Beth Farmer would necessarily receive instructions that both a Substantiated Investigation Notification Letter and a DPP-155 Request for Appeal of Child Abuse or Neglect Investigative Finding form be sent to Mr. Tudor via Certified Mail at his last known address. Curiously, and despite having approved the same on January 4, 2019, Hmieleski would then elect within days of her approval to inexplicably commence an agency investigation of the actions undertaken by SSW Mary-Beth Farmer and pursue formal professional (seemingly retaliatory) disciplinary action against SSW Mary-Beth Farmer in relation to this case.

33. In the wake of the wholly fraudulent dismissal by Boyle County Attorney Christopher Herron as outlined above, on May 20, 2019 in consultation with the Office of Legal Services and then acting general legal counsel Defendant Eden Davis, Defendant Megan N. Bosley without any measure of discretion did author and distribute a wholly fraudulent and inauthentic Unsubstantiated Investigation Notification Letter wherein the Cabinet sought to negate the prior investigative

finding of substantiation as rendered against Mr. Tudor on January 4, 2019 to one

of unsubstantiation without any justification or explanation as though the initial

finding of substantiation was suddenly non-existent.

34. Representatives of the Cabinet initially sought to justify their having amended the

investigative finding against Mr. Tudor as a result of dismissal of the companion

Boyle County juvenile matter (18-J-174-001) by Boyle County Attorney

Christopher Herron claiming that it was "court ordered." Yet, the Cabinet is

afforded no such discretion within controlling portions of their Standards of

Practice Manual with particular reference to §2.12 therein.

35. §2.12 of the Cabinet's Standards of Practice Manual states in relevant part:

*The FSOS:*

*Changes the department's finding to match the courts, following any hearing where the*

*court hears evidence on the petition and makes a finding on the allegations presented in*

*the petition;*

*Only changes the finding of the assessment and:*

   *Documents in TWIST, on the "Amend Results" tab, (refer to Amend Results Tip*

*Sheet, for step by step instruction on this process) the reason the finding is being*

*changed;*

   *Files a hard copy of the court order;*

*Refers the individual to the CAPTA fair hearing process if a petition is informally*

*adjusted, dismissed, or an agreement made without proof being heard;*

*Following a CAPTA, files a copy of the final CAPTA order in the case record. 4 5*

*Sends a notification of findings letter to the caretaker and alleged perpetrator if the*

*finding was overturned via CAPTA process.*

36. It is undisputed between and among the parties' that the companion juvenile matter was dismissed by Boyle County Attorney Christopher Herron during the course of a pre-trial conference on May 13, 2019 wherein no evidence on the petition was heard nor did the court make a finding as to the allegations presented therein but rather simply dismissed the matter without prejudice at the request of Boyle County Attorney Christopher Herron. Again, Mr. Herron's dismissal was based upon his patently false claim that the Cabinet had failed to investigate MJH's allegations relating to her father William Robert Tudor having perpetrated an act(s) of sexual abuse upon her. Thus, the dismissal by Herron was and remains but a legal nullity and could in no manner serve as a sufficient basis by which the Cabinet could or would have sufficient cause nor discretion to amend the prior, initial, and true investigative finding of substantiation as rendered against Mr. Tudor on January 4, 2019.

## CABINET CORRUPTION AND CONCEALMENT

37. In the wake of Boyle County Attorney Christopher Herron having dismissed the matter and the Cabinet having elected to amend their prior investigative finding against Mr. Tudor to one of unsubstantiation, Plaintiff Ann Nicole Henson in accordance with §30.3 did on June 13, 2019 file and serve upon the Cabinet and Defendant April Davis in her capacity as the Service Region Administrator within the Central Bluegrass Region a formal service appeal objecting to both their having amended the prior substantiated investigative finding previously rendered against Mr. Tudor to one of unsubstantiation as well as their subsequent case closure pursuant to 922 KAR 1:320. The Cabinet was statutorily obligated to respond in writing within thirty (30) days of receipt of the same. To date Ms. Henson has received no reply nor disposition in writing (or otherwise) from Defendant April Davis nor, indeed, any representative from within the Administrative Hearings branch, Quality Advancement Branch, Ombudsman's office, etc. within the Cabinet for Health and Family Services despite the same being statutorily required.

38. Upon the wholly fraudulent dismissal of the underlying Boyle County juvenile action (18-J-174-001) by Defendant Christopher Herron, the ancillary Clark County Circuit Court child custody action (19-CI-445) proceeded before then Special Presiding Judge Kimberly Blair Walson in which during the course of a status conference between and among the parties" on August 15, 2019 Defendant Julie Ferrell from within the Clark County Office of Protection and Permanency

was present and ordered to review both the underlying investigation by the

Cabinet as it related to MJH's allegations as well as the facts and circumstances

surrounding the subsequent dismissal of the juvenile action by Defendant

Christopher Herron and report all such findings back to Judge Walson and the

parties for due consideration (See VR 2019-08-15_13.46.57.803.wmv beginning

at 17:50-21:18.)

Moreover, review of the videographic records referenced above and Ms. Ferrell's own

statements therein clearly establishes that Defendant Julie Ferrell both expressly

acknowledged that it was within her professional purview to look into the facts and

circumstances surrounding the investigation by the Cabinet should she be ordered to do

so by the court and went on to indicate that should the case have been placed on a so-

called "control access" status as a result of the purported personnel issue relating to prior

investigative worker SSW Mary-Beth Farmer (as proffered by Ms. Janet Humphrey-Cole

upon the record on August 15, 2019) such that Ms. Ferrell could not access the requested

materials she would present a representative from the Cabinet for Health and Family

Services at Judge Walson's next available hearing date. The representative could then

speak to both the facts and circumstances surrounding the basis by which the file had

been placed on so-called "control access" status. The same notwithstanding, however,

Ms. Ferrell neither reviewed the Cabinet case nor presented a written report to Judge

Walson and the parties in accordance with KRS §403.290(2) and/or KRS §403.300

outlining both the Cabinet's prior investigation into MJH's allegations relating to Mr.

Tudor having perpetrated an act(s) of sexual abuse and the basis by which Defendant

Christopher Herron elected to dismiss the companion Boyle County juvenile matter (18-J-174-001).

Additionally, at no time in the wake of the August 15, 2019 order of court did Ms. Ferrell indicate that the underlying Cabinet case concerning MJH (a minor child) had, indeed, been placed on a so-called controlled access status. Ms. Ferrell never elected to bring forth before the court a representative of the Cabinet for Health and Family Services to articulate before Judge Kimberly Blair Walson the facts and circumstances giving rise to Cabinet case 1118935 having been placed on such a status despite her representations on the record on August 15, 2019.

Review of subsequent hearings between and among the parties as held on October 8, 2019, October 22, 2019, and December 3, 2019 in preparation for an evidentiary hearing before Judge Kimberly Blair Walson as held on December 5, 2019 reveals that at no time following entry of the order of court on August 15, 2019 did Ms. Ferrell take any action upon the case. Rather on August 12, 2021 (See VR hereto attached as an exhibit) when confronted with a motion for civil contempt in relation to her having defied a lawful court order Ms. Ferrell disingenuously argued that she never received a copy of the formal order from Clark County Circuit Court Clerk Martha Miller notwithstanding the fact that she plainly appears upon the distribution list affixed thereto (hereto attached as an exhibit) and all other persons listed thereon received a copy only to then further indicate that notwithstanding any argument relating to lack and/or improper service of process she (Julie Ferrell) did tender the Cabinet's investigative files relating to this case to Judge

Kimberly Blair Walson for review. Yet, there is no indication within the record that the companion juvenile case (18-J-174-001) was placed within the evidentiary record for consideration by then presiding Judge Kimberly Blair Walson on or before the parties' December 5, 2019 evidentiary hearing. To the contrary, the juvenile case was not filed into the record of Clark 19-CI-445 until after Judge Kimberly Blair Walson recused in August of 2020, obviously post-dating the December 5, 2019 evidentiary hearing.

39. On April 24, 2020 in her prior capacity as Service Region Administrator within the Central Bluegrass Region Defendant Kathy Perkins made additional subsequent amendments to the Cabinet's initial investigative finding relating to Mr. Tudor wherein the Cabinet subsequently provided yet another impermissible post hoc rationalization regarding their having amended the prior investigative finding of substantiation as rendered against Mr. Tudor on January 4, 2019 to one of unsubstantiation on May 20, 2019 not on the basis of a "court order" but rather pursuant to a so-called "management decision" based upon both (1) a review of the case file and (2) purportedly "newly discovered evidence" yet, when asked directly by Ms. Henson via email (attached hereto as an exhibit) salient details regarding the supposed review undertaken by the Cabinet and to identify with specificity the supposed "newly discovered" evidence Ms. Perkins was and has remained markedly silent on the matter.

Additionally, her citations to both 922 KAR 1:480(5) and §30.2 of the Cabinet's Standards of Practice Manual whereby she claims the Cabinet is afforded

sufficient discretion by which to amend and/or change the prior investigative finding against Mr. Tudor is wholly misplaced given that the filing of a DPP 155 by the alleged perpetrator wherein they seek to formally challenge the prior investigative finding is a necessary condition precedent to the Cabinet being afforded any measure of discretion by which to amend a prior investigative finding in accordance with the CAPTA fair hearing process as codified in §5106(a) of Title 42 of the United States Code.

Rather, in the instant case, given that all available evidence submitted by Records Branch Manager Brian Isaacs affirmatively indicates (again see email dated November 18, 2021 which was itself issued in response to a valid Open Records Request brought pursuant to KRS §61.870–§61.884) that there exists no record within the Cabinet's files of Mr. Tudor having ever filed a DPP 155 Ms. Perkins reliance upon the aforementioned Kentucky Administrative Regulations and/or portions of the Cabinet's Standards of Practice Manual enumerated above was and remains wholly inapplicable given that Mr. Tudor did not file a DPP 155 as required thus the Cabinet was without any measure of discretion and/or legal basis to change or in any manner amend the prior investigative finding of substantiation as previously rendered against William Robert Tudor on January 4, 2019 and must necessarily immediately reinstate the same and place his name upon the CA/N registry for the balance of his natural life in conformity with the requirements found within 922 KAR 1:470.

39. Upon the wholly fraudulent dismissal of the underlying Boyle County juvenile action (18-J-174-001) by Defendant Christopher Herron, the ancillary Clark County Circuit Court child custody action (19-CI-445) proceeded before then Special Presiding Judge Kimberly Blair Walson in which during the course of a status conference between and among the parties' on August 15, 2019 Defendant Julie Ferrell from within the Clark County Office of Protection and Permanency was present and ordered to review both the underlying investigation by the Cabinet as it related to MJH's allegations as well as the facts and circumstances surrounding the subsequent dismissal of the juvenile action by Defendant Christopher Herron and report all such findings back to Judge Walson and the parties for due consideration (See VR 2019-08-15_13.46.57.803.wmv beginning at 17:50-21:18.)

Moreover, review of the videographic records referenced above and Ms. Ferrell's own statements therein clearly establishes that Defendant Julie Ferrell both expressly acknowledged that it was within her professional purview to look into the facts and circumstances surrounding the investigation by the Cabinet should she be ordered to do so by the court and went on to indicate that should the case have been placed on a so-called "control access" status as a result of the purported personnel issue relating to prior investigative worker SSW Mary-Beth Farmer (as proffered by Ms. Janet Humphrey-Cole upon the record on August 15, 2019) such that Ms. Ferrell could not access the requested materials she would present a representative from the Cabinet for Health and Family Services at Judge Walson's

next available hearing date. The representative could then speak to both the facts and circumstances surrounding the basis by which the file had been placed on so-called "control access" status. The same notwithstanding, however, Ms. Ferrell neither reviewed the Cabinet case nor presented a written report to Judge Walson and the parties in accordance with KRS §403.290(2) and/or KRS §403.300 outlining both the Cabinet's prior investigation into MJH's allegations relating to Mr. Tudor having perpetrated an act(s) of sexual abuse and the basis by which Defendant Christopher Herron elected to dismiss the companion Boyle County juvenile matter (18-J-174-001).

Additionally, at no time in the wake of the August 15, 2019 order of court did Ms. Ferrell indicate that the underlying Cabinet case concerning MJH (a minor child) had, indeed, been placed on a so-called controlled access status. Ms. Ferrell never elected to bring forth before the court a representative of the Cabinet for Health and Family Services to articulate before Judge Kimberly Blair Walson the facts and circumstances giving rise to Cabinet case 1118935 having been placed on such a status despite her representations on the record on August 15, 2019.

Review of subsequent hearings between and among the parties as held on October 8, 2019, October 22, 2019, and December 3, 2019 in preparation for an evidentiary hearing before Judge Kimberly Blair Walson as held on December 5, 2019 reveals that at no time following entry of the order of court on August 15, 2019 did Ms. Ferrell take any action upon the case. Rather on August 12, 2021

(See VR hereto attached as an exhibit) when confronted with a motion for civil contempt in relation to her having defied a lawful court order Ms. Ferrell disingenuously argued that she never received a copy of the formal order from Clark County Circuit Court Clerk Martha Miller notwithstanding the fact that she plainly appears upon the distribution list affixed thereto (hereto attached as an exhibit) and all other persons listed thereon received a copy only to then further indicate that notwithstanding any argument relating to lack and/or improper service of process she (Julie Ferrell) did tender the Cabinet's investigative files relating to this case to Judge Kimberly Blair Walson for review. Yet, there is no indication within the record that the companion juvenile case (18-J-174-001) was placed within the evidentiary record for consideration by then presiding Judge Kimberly Blair Walson on or before the parties' December 5, 2019 evidentiary hearing. To the contrary, the juvenile case was not filed into the record of Clark 19-CI-445 until after Judge Kimberly Blair Walson recused in August of 2020, obviously post-dating the December 5, 2019 evidentiary hearing.

40. On April 19, 2021 Ms. Henson presented herself at the Boyle County DCBS office at which time she attempted to furnish correspondence and evidentiary materials which served to demonstrably prove both that (1) the Cabinet did indeed conduct an investigation relating to MJH's allegations that her father William Robert Tudor did perpetrate an act(s) of sexual abuse upon her for which a prior investigative finding of substantiation was rendered and (2) that the subsequent dismissal of the juvenile matter by Boyle County Attorney Christopher Herron

was and remains but a legal nullity and in no manner afforded the Cabinet and/or

Defendant Christine Hmieleski a basis by which to either herself amend and/or

delegate nor approve any subsequent amendment of the prior investigative finding

of substantiation as previously rendered against Mr. Tudor and approved by

Defendant Christine Hmieleski herself on January 4, 2019.

Furthermore, upon Ms. Henson presenting herself at the local Boyle County

DCBS office Defendant Christine Hmieleski as preserved on audio recording

(affixed hereto as an exhibit) can be heard to say: *"Nicole, we don't have a case*

*on you and you need to leave and I am not going to accept this and I am not going*

*to sign it." (Emphasis Added).*

In reply, though Ms. Henson agreed to leave she can be heard on recording

inquiring of Defendant Christine Hmieleski as to whether or not it was she who

advised Boyle County Attorney Christopher Herron that the Cabinet did not

investigate MJH's allegations of sexual abuse relating to her father William

Robert Tudor to which in reply she (Christine Hmieleski) remained sufficiently

silent on the matter thus establishing an adoptive admission by silence in

accordance with Kentucky Rule of Evidence 801A(b)(2) and the court's holding

in the seminal case of Merriweather v. Commonwealth 118 Ky. 870 82 S.W. 594

(1904) as the court espoused in Merriweather in assessing the propriety of finding

an admission by silence the court must inquire:

*(1) Did the person to be bound by the statement hear it? (2) Did he understand it?*
*(3) Did he have an opportunity to express himself concerning it? (4) Was he*

*called upon to act upon or reply to it? (5) Circumstances must be such as 'naturally and properly call for some action or reply from men similarly situated (Emphasis Added).*

As applied in the instant case the audiographic recording itself clearly unequivocally establishes that exchange between Ms. Henson and Ms. Hmieleski on April 19, 2021 easily meets all the predicates enumerated by the court in Merriweather insofar as Defendant Christine Hmieleski can be plainly heard to both hear and understand the scope of Ms. Henson's inquiry as to whether or not it was in fact she (Christine Hmieleski) who advised Christopher Herron that the Cabinet did not conduct an investigation relating to MJH's allegations that William Robert Tudor (her father) did perpetrate an act(s) of sexual abuse upon her to which she (Hmieleski) plainly had an unfettered opportunity to respond either in the negative or the affirmative and indeed had a natural and proper call to do so given her position as a supervisor within the Cabinet for Health and Family Services.

Additionally, were it indeed true that she (Christine Hmieleski) did indeed advise Mr. Herron that the Cabinet conducted no investigation relating to MJH's allegations of sexual abuse such statements place the Cabinet for Health and Family Services in violation of KRS §431.600(1) and KRS §620.040(1) which is in turn itself a procedural due process violation in contravention to the Fourteenth Amendment of the Constitution of the United States and §1983 of Title 42 of the United States Code.

41.  During the course of the parties' September 20, 2021 "final hearing" before

then presiding Judge Samuel Todd Spalding Defendant Richard Dienst was

present for a portion thereof wherein Brandy Marlette in violation of KRS

§523.020 committed an act of perjury in the first degree when while under oath

during an official proceeding she falsely claimed that William Robert Tudor did,

in fact, formally seek an administrative appeal of the Cabinet's prior finding of

substantiation via his having filed a DPP-155 form.

Indeed in an email dated November 18, 2021 (hereto attached as an exhibit) in

reply to Ms. Henson having tendered a formal open records request in accordance

with KRS §61.870- §61.884 Branch Manager Brian Isaacs stated unequivocally

that no record exists indicating that Mr. Tudor filed a DPP-155 form within

Cabinet case 1118935 thereby establishing that Brandy Marlette did, indeed,

commit an act of perjury in violation of KRS §523.020 within the course of her

testimony on September 20, 2021.

Additionally, while Brandy Marlette further claimed under oath during the

parties' September 20, 2021 hearing before then presiding Judge Samuel Todd

Spalding that the Cabinet was afforded discretion by which to change and/or

amend a prior investigative finding of substantiation to one of unsubstantiation

against Mr. Tudor based upon a so-called "agreement by the parties," Ms.

Marlette then went on to further clarify that the parties' required for any such

agreement would be: (1) the County Attorney, (2) the Cabinet (3) the alleged

perpetrator (4) the Guardian Ad Litem.  Yet, all such statements as proffered by

Brandy Marlette were necessarily perjurious in nature in violation of KRS

§523.020 given that Ms. Henson was unequivocally a party to the action in the

companion Boyle County juvenile matter (18-J-174-001) and Boyle County

Attorney Christopher Herron by letter dated May 17, 2022 upon his official

letterhead (hereto attached as an exhibit) disavowed any such agreement between

and among himself and other parties' within the Boyle County juvenile matter.

In the wake of Brandy Marlette's perjurious testimony Ms. Henson subsequently

served a formal letter dated November 29, 2021 (hereto attached as an exhibit)

upon numerous parties' named herein wherein she outlined in painstaking detail

the perjurious testimony proffered by Brandy Marlette and how all such

statements stood in direct contravention to controlling portions of Kentucky

Administrative Regulations as found in Chapter 922 therein with particular

reference to 922 KAR 1:330, 922 KAR 1:470 and 922 KAR 1:480 respectively

and that in accordance therewith the Cabinet was and remains statutorily required

pursuant to KRS § 194A.050(1) and KRS §620.051(2) to immediately reinstate

the prior investigative finding of substantiation against one William Robert Tudor

as a result of his having perpetrated an act(s) of sexual abuse upon MJH (a minor

child) and place his name upon the Child Abuse and Neglect hereinafter CA/N

registry for the balance of his natural life in accordance with 922 KAR 1:470.

In reply, in contravention to KRS §194A.030(1)(a)(6) Defendant Richard Dienst took neither corrective nor disciplinary action relating to his subordinate Brandy Marlette having committed an act of perjury in violation of KRS §523.020 nor did he uphold his statutory obligation to enforce the plain language of the regulations as written pursuant to KRS §194A.030(1)(a)(3). Instead, Mr. Dienst rather sheepishly wrote in reply to Ms. Henson "we stand by our agency action." Yet, given his position within the Office of the Ombudsman and Administrative Review and his frequent publication within an interoffice publication known as "The Advocate" (hereto attached as an exhibit) Defendant Richard Dienst was well aware that he could take no such position on behalf of the Cabinet given that Mr. Tudor failed to timely file (or indeed file at all) a DPP-155 form seeking an administrative appeal relating to the prior finding of substantiation as rendered against him by the Cabinet for Health and Family Services. The facts and irrefutable evidence of Mr. Tudor's having failed to do so was outlined and supported by documentary evidence within Ms. Henson's correspondence.

42. On November 22, 2021 Ms. Henson sent a 28-page letter (hereto attached as an exhibit) to Cabinet Secretary Eric C. Friedlander, Commissioner Marta Miranda-Straub, Inspector General Adam Mather, the Office of Legal Services, and the Office of the Ombudsman and Administrative Review wherein Ms. Henson outlined in painstaking detail the facts and circumstances surrounding the dismissal of the companion juvenile matter by Boyle County Attorney Christopher Herron and why the dismissal by Mr. Herron does not serve as a basis

by which to amend the prior finding of substantiation against Mr. Tudor and that the Cabinet's having done so stands in direct contravention to controlling Kentucky Administrative Regulations with particular reference to 922 KAR 1:330, 922 KAR 1:470 and 922 KAR 1:480 as well as certain portions of their Standards of Practice Manual with particular reference to §2.12, §3.18, §30.2, and §30.3 respectively.

Upon having received the same from Ms. Henson, Secretary Eric C. Friedlander was required pursuant to KRS §194A.050(1) to enforce the above referenced administrative regulations as promulgated by the agency and ensure that all Cabinet personnel are conforming their conduct to both controlling Kentucky Administrative Regulations and the Cabinet's Standards of Practice Manual.

A substantially analogous obligation can be found in KRS §194A.030(1)(a)(1) wherein in conformity therewith Defendant Lisa Lee Williams was and remains necessarily required to investigate the basis of Ms. Henson's complaint (as outlined within her letter dated November 29, 2021).

Furthermore given that the Cabinet for Health and Family Services receives federal funding pursuant to §5106(a) of Title 42 of the United States Code pursuant to KRS 194A.030(1)(a)(3), upon receipt of correspondence from Ms. Ann Nicole Henson, Director Lisa Lee Williams was obligated to review the allegations levied against Cabinet representatives within Ms. Henson's November

29, 2021 letter and determine to what extent the conduct alleged therein was both true and in direct violation of applicable federal and/or Kentucky state law.

In the present case in reaching its decision to amend the finding of substantiation against one William Robert Tudor to one of unsubstantiation pursuant to a so-called "management decision" in reliance upon the policies and procedures enumerated within their Standards of Practice Manual is misplaced given that §5106(a) of Title 42 of the United States Code is the controlling source as to the governing law on this issue pursuant to the Supremacy Clause found within Article 6 §2 of the Constitution of the United States.

Pursuant to §5106(a)(B)(i) in order to be eligible for federal grant monies each state must implement procedures whereby a person against whom the Cabinet for Health and Family services renders a finding of substantiation as a result for an an act(s) of child abuse or neglect may seek to formally challenge any such finding via and Administrative Appeals process.

Within Kentucky when an investigation into a claim of child abuse or neglect results, as it did here, in a substantiated finding accused perpetrators are given the right to challenge the initial substantiated finding through an administrative appeal colloquially referred to as a CAPTA appeal pursuant to the Cabinet's administrative regulations and Chapter 13B, of the Kentucky Administrative Procedures Act as enumerated within KRS §13B.005–§13B.170, 922 KAR

1:330§10, 922 KAR 1:480§§2,3, the corresponding applicable federal regulation can be found at 45 CFR §205.10.

In a CAPTA appeal persons, such as alleged perpetrator William Robert Tudor, would be afforded an administrative hearing before the agency upon his making of a timely request for the same in accordance with 922 KAR 1:330 §10(1); 922 KAR 1:480 §2,3. Yet, in the present case given that William Robert Tudor did not timely file (or indeed file at all) the requisite DPP-155 form requesting an administrative hearing before the Cabinet seeking to formally challenge the finding of substantiation rendered against him on January 4, 2019, the Cabinet was without any measure of discretion by which to amend, disturb, and/or modify the prior investigative finding of substantiation irrespective of any language to the contrary found within the agency's Standards of Practice Manual and/or Kentucky Revised Statutes.  Again, the procedures enumerated within 42 U.S.C. 5106(a) relating to appeal of a substantiated finding for abuse and/or neglect of a child are controlling pursuant to the Supremacy Clause found within Article 6 §2 of the Constitution of the United States.

Moreover, though Brandy Marlette made further perjurious declarations under oath before Judge Samuel Todd Spalding during the course of the parties' "final" hearing on September 20, 2021 in which she endeavored to claim that by agreement of "interested parties" which she further delineated as (1) Boyle County Attorney Christopher Herron, (2 ) The Cabinet for Health and Family

Services  (3) Substantiated Perpetrator William Robert Tudor by and through counsel Janet Humphrey-Cole  (4) and then Guardian Ad Litem Janet Staton (See VR 2021-09-20_17.34.28.930.wmv beginning at 14:26-16:19 and that as a result of this so-called agreement between and among the parties' to dismiss the case the Cabinet was afforded sufficient discretion by which to amend the prior finding of substantiation against Mr. Tudor. Yet, any such line of argumentation cannot be well-taken given that (1) no such agreement was ever executed between and among the parties' and (2) by letter dated May 17, 2022 (hereto attached as an exhibit) Boyle County Attorney Christopher Herron unequivocally states, "we do not do agreed orders dismissing cases" thus proving Marlette's falsehood surrounding a so-called "agreement" between and among "interested parties." Even assuming arguendo that such an agreement had been entered an executed among all interested parties' in accordance with §2.12 of the Cabinet's Standards of Practice Manual, Mr. Tudor would have necessarily had to be referred to the CAPTA appeals process and only upon a showing of his having prevailed therein could the prior investigative finding of substantiation be in any manner changed or amended.

Thus, in view of these facts in accordance with KRS 194A.030(1)(a)(3) in undertaking an analysis as to whether the actions by the Cabinet in this particular case violated federal and/or state law, Defendant Lisa Lee Williams was required to answer in the affirmative and take appropriate remedial agency action which in this instance required that she act in accordance with KRS §194A.030(1)(a)(6)

and at a minimum formally report the administrative violations, dishonest, unethical and/or illegal conduct perpetrated by SSW Megan Bosley, SRA April Davis, Richard Dienst,  FSOS Christine Hmieleski, Ms. Brandy Marlette and Ms. Kathy Perkins to the Office of the Inspector General for further subsequent investigation, review, and disposition. Yet, despite such unambiguous statutory duties Ms. Williams has and continues to choose a path of inaction and marked silence.

Had Defendant Lisa Lee Williams conformed her conduct to statute as required and notified the Office of Defendant Adam Mather in his capacity as Inspector General within the Cabinet for Health and Family Services of the dishonest, unethical, and/or illegal conduct of the individuals named above pursuant to KRS §194A.030(1)(a)(6) he pursuant to KRS §194A.030(1)(c)(1) was necessarily required to conduct an independent investigation into the dishonest, unethical and illegal conduct of the individuals named above with further referral of Brandy Marlette's perjurious criminal conduct to appropriate prosecuting authorities as required pursuant to KRS §194A.030(1)(c)(5). Yet, not unlike his colleagues, regrettably he, too, chose the path of inaction and failed to (in any manner) address the concerns raised within Ms. Henson's November 29, 2021 correspondence despite being statutorily obligated to do so.

Similarly, given that KRS §194A.030(7) places a statutory duty upon Commissioner Marta Miranda-Straub to both administer and be responsible for

child and adult protection in having failed to respond in any measure to Ms. Henson's November 29, 2021 inquiry Defendant Marta Miranda-Straub clearly violated those statutory duties in the face of flagrant violations of law by the Cabinet for Health and Family Services and she must be called to account for such inaction.

43. In summary, the Cabinet lacked substantial evidence by which to amend and/or in any manner disturb the prior finding of substantiation as rendered against one William Robert Tudor given the following unassailable facts:

(1) William Robert Tudor did not timely nor indeed file at all a DPP-155 wherein he sought to formally challenge the Cabinet's finding of substantiation rendered against him.

(2) Though erroneously advised to the contrary by Boyle County Attorney Christopher Herron (and indeed all other persons within the companion Boyle County juvenile matter (18-J-174-001)), Ms. Henson was unequivocally a party to that action such that Ms. Henson was required to be afforded proper service of process as well as notice and an opportunity to be heard at all proceedings therein.

(3) The court conducted no evidentiary hearing relating to the Cabinet's petition (as filed on behalf of MJH a minor child) rather, the matter was

simply dismissed without prejudice at the request of Boyle County Attorney

Christopher Herron based upon his false statements as uttered upon the record

wherein he said *"Unfortunately I wouldn't be able to call anyone from the*

*Cabinet because their investigation didn't really take place... pretty much"*

Thus, because the court made no finding nor considered any evidence relating

to the petition, pursuant to §2.12 of the Cabinet's Standards of Practice

Manual the finding of substantiation as rendered against Mr. Tudor must

remain undisturbed.

(4) Nearly a year following the wholly fraudulent dismissal of the companion

juvenile matter (18-J-174-001) by Boyle County Attorney Christopher Herron

on April 24, 2020 then Service Region Administrator Kathy Perkins sought to

again change the Cabinet's rationale for their having amended the finding of

substantiation against Mr. Tudor wherein she now claimed the finding was

changed not on the basis of a "court order" as previously claimed but rather

pursuant to a so-called "management decision" with citations to both 922

KAR 1:480 and §30.2 of the Cabinet's Standards of Practice Manual.  Yet

again, the filing of a DPP-155 by the alleged perpetrator wherein they seek to

formally challenge the prior investigative finding is a necessary condition

required to invoke both 922 KAR 1:480 and/or §30.2 of the Cabinet's

Standards of Practice manual providing a sufficiently applicable basis by

which the Cabinet could amend a prior investigative finding.

Accordingly, given that Mr. Tudor failed to timely file or indeed file at all the requisite DPP-155 form requesting to be heard in an administrative hearing before the Cabinet, the finding of substantiation remains.  Defendant Kathy Perkins claims that the Cabinet was, as a result of the authority found within 922 KAR 1:480 and/or §30.2, permitted to amend the finding of substantiation against Mr. Tudor to one of unsubstantiation.  Such claim is wholly erroneous as all such citations and statutory authorities are rendered moot based upon Mr. Tudor's failure to file a DPP-155 form.

(5). During the course of the parties' "final hearing" on September 20, 2021 before Judge Samuel Todd Spalding, Brandy Marlette in violation of KRS §523.020 committed an act of perjury when she claimed that the finding of substantiation previously rendered against Mr. Tudor was changed pursuant to an "agreement by the family to close the case" an obvious falsehood for although §3.18 of the Cabinet's Standards of Practice Manual does in certain limited instances permit the Cabinet "in consultation with the family" (which would necessarily include Plaintiff Ann Nicole Henson) to elect to close a case.  However, in no way does case closure pursuant to §3.18 of the Cabinet's Standards of Practice Manual imbue the Cabinet with discretion to amend or in any manner disturb a prior investigative finding rather, case closure simply permits a discontinuation of services by the Cabinet and even so there exists a very particular protocol that must be observed in order to do so. Thus, in this instance, any notion of an "agreement by the family to close

the case" is pure folly given that Ms. Henson never agreed to the Cabinet's

having closed the case against Mr. Tudor nor did the Cabinet observe any of

the protocols surrounding case closure as required pursuant to §3.18 of the

Cabinet's Standards and Practices Manual such that the subsequent case

closure by the Cabinet must be held to have been legally erroneous and an

insufficient basis by which to amend the prior finding of substantiation against

William Robert Tudor.

In those cases wherein (as here) there is court involvement, in the event the

Cabinet (in consultation with the family) deems it desirable to close a case the

Cabinet must both (1) notify the court in writing at least fourteen (14) days

prior to closing of the case of their intention to do so and (2) must serve upon

the non-offending parent a copy of both the DPP-154A and DPP-154 forms

advising them of their right to formally challenge such agency action by the

Cabinet via the administrative appeals process. Moreover, to the extent the

United States Postal Service or other comparable carrier is utilized to

effectuate service of the DPP-154A/DPP-154 the Cabinet is required to wait

an additional period of ten (10) days before formally closing the case. In this

instance there is no evidence within the record indicating that the Cabinet

notified the Boyle County Family Court in writing at least fourteen days prior

to the date of May 13, 2019 of their intention to close the case nor did they

serve upon Ms. Henson a copy of the DPP 154A/DPP154 forms as required

thus they remain wholly in violation of §3.18 of the Cabinet's Standards of

Practice Manual as it relates to case closure such that they could not have

closed the Cabinet's investigative case against Mr. Tudor nor discontinued

services on behalf of MJH (a minor child victim of sexual abuse).

Moreover, careful examination of item number fifty (50) within Judge

Spalding's erroneous order of court as authored and entered on October 8,

2021 reads in pertinent part:

*Ms. Marlette testified there are three ways a sexual abuse substantiation can*
*be overturned…Third, if the interested parties to the litigation, including the*
*County Attorney, Guardian Ad Litem, and alleged perpetrator sign an agreed*
*order to dismiss the charges. Ms. Marlette further testified, the agreement to*
*dismiss the petition without prejudice fell within one of the three criteria for*
*the Cabinet to change their initial finding of substantiation (Emphasis Added)*

Yet, all such claims and contentions by Ms. Marlette are demonstrably false

given that no such justification for the amended change in finding appears

within the Cabinet's own documentary evidence as reflected within the

Assessment Documentation Tool (ADT) nor service recordings. Moreover,

Mr. Herron, one of the very persons Ms. Marlette claimed would necessarily

be required to be a party to any such agreement, expressly disavows the same

as evidenced by a letter written to Ms. Henson on May 17, 2022 in response to

an open records request wherein Mr. Herron concludes the letter by stating

unequivocally *"We do not do Agreed Orders dismissing cases"* thereby

proving the falsity of Ms. Marlette's statements relating to any "agreement" of

dismissal of the case against one William Robert Tudor serving as the basis by

which the Cabinet could amend its prior investigative finding of

substantiation.

**COUNT I: VIOLATION OF PROCEDURAL AND SUBSTANTITIVE
DUE PROCESS AS TO PLAINTIFFS' CONSTITUTIONAL RIGHT TO
INTIMATE ASSOCIATION AND FUNDAMENTAL FAIRNESS OF
PROCEDURES RELATING TO THE CARE, CUSTODY, AND
CONTROL OF MJH (A MINOR CHILD) (MEGAN BOSLEY,
CHRISTOPHER HERRON, CHRISTINE HMIELESKI, RYAN
KIRKPATRICK, KATHY PERKINS, WILLIAM ROBERT TUDOR)
42: U.S.C. §1983.**

44. Plaintiff Ann Nicole Henson hereby reaffirms, reiterates, and incorporates

by reference each and every allegation previously alleged within the

Complaint as if fully recited herein and further states as follows:

45. As a citizen of the United States of America and the

Commonwealth of Kentucky, Plaintiff Ann Nicole Henson is accorded

many rights, freedoms, and benefits under the Constitution of the United

States and the Kentucky Constitution.

46. Within those constitutional rights enjoyed by Plaintiff are, inter alia, the

right to Family Integrity and the right to be free to raise their family

without government intervention absent due process of law.

47. To sustain a claim pursuant to §1983 of Title 42 of the United States

Code Plaintiff Ann Nicole Henson must establish that (1) a "person"

subjected her to conduct that occurred under color of state law, and this
conduct deprived her of rights, privileges, or immunities guaranteed under
federal law or the U.S. Constitution.

48. The individuals named herein below did deprive Plaintiff Ann Nicole
Henson her fundamental due process right to make decisions regarding the
care, custody, and control of MJH (a minor child) as well as her right to
receive fundamentally fair procedures relating to the same.  In Troxel v.
Granville 530 US 37 (2000), the United States Supreme Court held that
'the interest of parents in the care, custody, and control of their children- is
perhaps the oldest of the fundamental liberty interests recognized by the
Court." The Court in Troxel went on to say, "in light of this extensive
precedent, it cannot now be doubted that the Due Process Clause of the
Fourteenth Amendment protects the fundamental right of parents to make
decisions concerning the care, custody, and control of their children"

Additionally, the Supreme Court in Santosky v. Kramer, 455 U.S. 745
(1982) recognized that natural parents have a fundamental liberty interest
in the care, custody, and management of their child wherein the court held
that "[w]hen the State moves to destroy weakened family bonds, it must
provide the parents with fundamentally fair procedures"

49. Defendants Bosley, Herron, Hmieleski, Kirkpatrick, Perkins, and Tudor acting under color of state law and without valid authority did intentionally, willfully, wantonly, grossly in complete bad faith violate Plaintiff Ann Nicole Henson's constitutional rights relating to intimate association and failed to afford her fundamentally fair procedures as is required by the Fourteenth Amendment and to due process of law by;

(a). Boyle County Attorney Christopher Herron failing in his administrative function when he misled Plaintiff Ann Nicole Henson to believe that she was not a party to the action within the Boyle County juvenile matter (18-J-174-001) such that, although she could participate and be heard in the matter, he erroneously contended that she did not hold a party status such that formal service of process of court documents and formal notice of hearings upon Ms. Henson was not required given that in his view she was not a party to the action.

In truth, she was most assuredly a party to the juvenile action and was required to be served with formal notice by the Clerk of the Court of all hearings and documents as filed within the Boyle County juvenile matter (18-J-174-001) and had she been formally served with notice of the May 13, 2019 pre-trial conference she would have necessarily appeared and strenuously objected to Christopher Herron's dismissal of the Boyle County juvenile matter.

Moreover, given that pursuant to Boyle County Local Family Court Rule 2.03 *"notice of any motion must be served on all necessary parties no less than four (4) working days prior to any scheduled hearing" (Emphasis Added)* and Mr. Herron albeit orally proffered a "motion to dismiss" the pending Boyle County Juvenile matter, the court was barred from hearing Mr. Herron on any such motion or according him any measure of relief thereon given that he did not formally serve all parties (including Plaintiff Ann Nicole Henson) with notice of his motion to dismiss at least four (4) days prior to his having orally moved for dismissal of the matter on May 13, 2019 before then presiding Judge Squire Williams.  Thus, the failure to properly effectuate service upon Plaintiff Ann Nicole Henson within the Boyle County juvenile matter was a violation of her right to due process under the Fourteenth Amendment of the Constitution of the United States.

Furthermore, and most egregiously, Boyle County Attorney Christopher Herron proffered patently false statements upon the court record before then presiding Judge Squire Williams when he cited a lack of investigation by the Cabinet for Health and Family Services when he said upon the record verbatim *"Basically I wouldn't be able to call anyone from the Cabinet because unfortunately their investigation didn't really take place…"* (See VR Henson 5.2.wmv hereto attached as an exhibit).

Indeed, Christopher Herron's statements are made all the more ridiculous

given that he, in his capacity as the Boyle County Attorney, legally represents

the interests of the Commonwealth, specifically the Cabinet, within

Dependency, Neglect, and Abuse actions wherein the Cabinet is statutorily

required pursuant to KRS §431.600(1) and 922 KAR 1:330 §3(20)(a) to

assess, screen, and investigate reports of child sexual abuse and participate as

a member of the multidisciplinary team.  Thus, in claiming to have elected to

dismiss the pending Boyle County juvenile matter pursuant to a claim that his

own client (the Cabinet) failed to investigate MJH's allegations relating to

act(s) of sexual abuse perpetrated by William Robert Tudor, Boyle County

Attorney Christopher Herron has within court records accused the Cabinet (his

own client) of violating controlling provisions of both Kentucky State law and

regulatory schema.


Furthermore, in the wake of his having fraudulently dismissed the companion

Boyle County Juvenile matter (18-J-174-001) Defendant Christopher Herron

met with Plaintiff Ann Nicole Henson in his office on May 14, 2019 and the

same was preserved by audiographic recording (hereto attached as an exhibit)

wherein during the course of the conversation Mr. Herron initially attempted

to divert and deflect his having failed to apprise and/or in any measure notify

Ms. Henson of his intention to dismiss the juvenile matter so citing that

Natalie Lile, who served at the time as counsel of record for Ms. Henson

within the juvenile matter, should have notified her of the hearing date and ensured that she was present.

Yet, in truth as outlined in greater detail above because he (Herron) erroneously treated Ms. Henson as a non-party throughout the matter by his own admission (See/Hear AR beginning at 28:59-29:24) she was never served with any measure of formal notice relating to any action within the juvenile matter by Boyle County Circuit Court Clerk Courtney Shoemaker despite her unequivocally being a party to the action as outlined above and proper service of process being required so as to comport with due process of law.

Notwithstanding Mr. Herron's failure to have apprised Ms. Henson of developments within the case, throughout the recording he (Herron) sheepishly attempts to justify his having chosen to dismiss the juvenile matter based upon his demonstrably erroneous assessment that:

(1) He (Herron) was precluded from introducing the contents of and/or soliciting testimony from Lindsey Burns in her capacity as a trained forensic interviewer as it related to statements made to her by MJH during the course of the forensic interview pursuant to the general prohibition relating to the introduction of inadmissible hearsay evidence found within KRE 801(c) and KRE 802 respectively. Yet, under our existing case law, the statements made by MJH (a minor child) to Forensic Interviewer

Lindsey Burns were admissible under KRE 803(4), the hearsay exception for statements made for purposes of medical treatment or diagnosis, even though Burns was not a physician.

Support for this proposition can be found in the holding rendered by the Kentucky Court of Appeals in Edwards v. Commonwealth, 833 S.W.2d 842 (Ky.1992), wherein upon appeal from a criminal conviction of sodomy and sexual abuse, the court upheld testimony of a physician and a clinical psychologist, both of whom related the history of sexual abuse conveyed to them by the child victim, including the identity of the perpetrator.   Id. at 844-45. The clinical psychologist testified that the child was referred to her for two purposes:  "(1) to see if a trained therapist could help him explain what had happened to him, and (2) to evaluate his treatment needs and to make treatment recommendations."   Id. at 844. Thus, her "purpose in seeing [the child] was to determine what had happened to the child and what therapy or treatment was needed."Id at 845. The facts and circumstances within the Edwards case are sufficiently analogous to the case at bar as it relates to the statements made by MJH (a minor child) to forensic interviewer Lindsey Burns.

Similarly, the United States Court of Appeals for the Sixth Circuit, in reviewing Federal Rule 803(4), which is identical to KRE 803(4), held in United States v. Kappell 418 F.3d. 550, 556 (6th Cir. 2005) that a licensed

psychotherapist and state-certified clinical social worker specializing in child sexual abuse could testify to verbal disclosures made to her by victims of child sexual abuse describing the abuse even though the witness, like the witness in Edwards, did not, herself, provide therapy but only interviewed the children for the purpose of diagnosis to determine what treatment would be appropriate.

Additionally, given that the plain language of the Confrontation clause "[i]n all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." Nothing in the court's holding in Crawford v. Washington 541 U.S. 36 suggests that its reasoning was intended to apply where the Sixth Amendment does not apply;  and the Sixth Amendment does not apply to civil cases.   United States v. Zucker, 161 U.S. 475, 481, 16 S.Ct. 641, 643, 40 L.Ed. 777 (1896);  U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1287 n. 13 (11th Cir.2001) ("Of course, the Confrontation Clause is not applicable to civil cases.");  Santibanez v. Wier McMahon & Co., 105 F.3d 234, 243 (5th Cir.1997).

Rather, the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.   Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Due process requires only that the evidence be "reliable," and "reliability can be inferred without more in a case where evidence falls within a

firmly rooted exception to the hearsay rule."   Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980), overruled as applied to criminal cases by Crawford.    See also United States v. Medico, 557 F.2d 309, 314 n. 4 (2d Cir.1977) (Admission of hearsay statements "turns on due process considerations of fairness, reliability and trustworthiness. Experience has taught that the stated exceptions now codified in the Federal Rules of Evidence meet these conditions.");   Commonwealth v. Durling, 407 Mass. 108, 551 N.E.2d 1193, 1198 (1990) ("Evidence which would be admissible under standard evidentiary rules is presumptively reliable.") Prior to Crawford, it was almost universally held that the right to personally confront and cross-examine witnesses was not required in a civil action to terminate parental rights.[1] Thus, in view of the foregoing Defendant Christopher Herron's claim that he would be unable to solicit testimony from forensic interviewer Lindsey Burns regarding statements

---

[1] See In re A.S.W., 834 P.2d 801, 806 (Alaska 1992) (father's due process rights not denied by the fact that he was unable to cross-examine daughter who accused him of abuse in CINA (child in need of assistance) proceeding); People ex rel. V.M.R., 768 P.2d 1268, 1270 (Colo.Ct.App.1989) (incarcerated father involuntarily absent from proceeding but represented by counsel); Interest of L.K.S., 451 N.W.2d 819, 822 (Iowa 1990) ("Textually, then, it is clear that the confrontation clause applies only in criminal cases. CHINA [child in need of assistance] proceedings are not criminal cases."); In re Brock, 442 Mich. 101, 499 N.W.2d 752, 758-59 (1993) (upholding presentation of child's testimony against parents by videotaped deposition); In re Faircloth, 153 N.C.App. 565, 571 S.E.2d 65, 71 (2002) ("A termination of parental rights hearing is a civil rather than criminal action, with the right to be present, to testify, and to confront witnesses subject to 'due limitations.' "); In re J.S.P.L., 532 N.W.2d 653, 660 (N.D.1995) ("Sixth Amendment right to confront and cross-examine witnesses applies to criminal prosecutions, not to civil proceedings for termination of parental rights."); In re Smith, 77 Ohio App.3d 1, 601 N.E.2d 45, 55 (1991) (upholding testimony of children's therapists repeating children's descriptions of sexual abuse by parents); In re Rich, 604 P.2d 1248, 1253 (Okla.1979) ("Courtroom confrontation with one's civil adversary is not required either by due process or other constitutional strictures."); In re James A., 505 A.2d 1386, 1390-91 (R.I.1986) (upholding in camera interview of child by judge, subject to conditions); People ex rel. G.R.F., 569 N.W.2d 29, 33 (S.D.1997) ("[P]rocedures determining the custody of dependent children are not criminal, are not quasi-criminal, but instead constitute a civil action, or a special proceeding of a civil nature."); State ex rel. E.D. v. E.J.D., 876 P.2d 397, 401 (Utah Ct.App.1994) (noting that Rule 803(4) would apply to admission of statements made by children to physician in proceeding to terminate parental rights).

made to her by MJH (a minor child) during the course of the forensic interviewer pursuant to a hearsay prohibition are wholly legally erroneous in accordance with court holdings outlined above and thus remains an insufficient basis by which to dismiss the companion Boyle County juvenile matter (18-J-174-001).

(2).  The above notwithstanding, Herron then next goes on to again reiterate before Ms. Henson his truly nonsensical claim that the Cabinet for Health and Family Services (his client in this particular matter) failed to investigate MJH's allegations relating to her father William Robert Tudor having perpetrated an act(s) of sexual abuse upon her and/or conduct an interview with him concerning the same despite being statutorily required to do so pursuant to KRS §431.600(1) and/or KRS §620.040(b) and/or that SSW Mary-Beth Farmer was precluded from issuing a finding of substantiation against Mr. Tudor prior to interviewing him (Tudor) (as outlined within email correspondence dated April 26, 2021 between Defendant Christopher Herron and Mr. David Wilson within the Kentucky Attorney General's Office (hereto attached as an exhibit) wherein Mr. Herron writes in relevant part: *"Beth Farmer, the original DCBS investigator did not perform a full investigation into the case before substantiating sexual abuse. Ms. Farmer only spoke to mom and doctor's office and never spoke to father or other children in his home prior to her sex abuse substantiation. Further, she never went to the home*

*in which the sexual abuse allegedly occurred to further*

*investigate…(Emphasis Added)*

Yet, careful review of the Assessment Documentation Tool (ADT) and/or
Service Recordings (each of which are hereto attached as exhibits and
fully incorporated by reference) shall serve to prove that all such
statements made by Mr. Herron were and remain patently false as review
of all such materials serves to unequivocally establish (1) that the Cabinet
did indeed conduct an investigation into the matter which resulted in their
rendering an investigative finding of substantiation against Mr. Tudor on
January 4, 2019 and (2) contrary to Mr. Herron's assertions the Cabinet
did indeed interview of Mr. Tudor concerning the allegations levied by
MJH on September 27, 2018 at the Boyle County DCBS office at which
time both investigative worker SSW Mary-Beth Farmer and FSOS Robin
Watson were present while his counsel of record Ms. Janet Humphrey-
Cole appeared telephonically (See CPS Service Recordings hereto
attached).

Mr. Herron then goes on to claim that SSW failed to "go out to where this
allegedly happened" yet in truth SSW Mary-Beth Farmer made numerous
trips to Mr. Tudor's principal residence located at 1303 Danville Road
within Garrard County, Kentucky in an effort to undertake home visits
only to find that he wasn't home the same is documented and reflected

within CPS service recordings (See pgs. 16, 17, 20, 21) wherein on the date of December 12, 2018 (SSC Farmer and FSOS Hmieleski attempted to initiate a home visit at Mr. Tudor's residence to find Mr. Tudor wasn't home at which time SSC Mary-Beth Farmer affixed a note to Mr. Tudor's door),  In an effort to follow-up on December 28, 2018 SSW Mary-Beth Farmer along with SSW Elizabeth Williams attempted to conduct a second home visit with Mr. Tudor whereupon their arrival at the residence SSC Farmer again found that Mr. Tudor was not home though she (SSC Farmer) did observe that Mr. Tudor's police cruiser was parked in the driveway and that a camera was installed on his front porch.  SSC Farmer again returned to Mr. Tudor's residence on December 31, 2018 in an effort to conduct a home visit with Mr. Tudor and again found him to be gone from the residence his Lancaster Police Department vehicle was gone and she again noted the camera on his front porch.

With regard to his claim that SSC Mary-Beth Farmer was precluded from rendering a finding of substantiation against Mr. Tudor prior to interviewing him in the instant case SSC Mary-Beth Farmer **did not,** in fact, render a finding of substantiation against Mr. Tudor prior to December 31, 2018 with the same being approved by Defendant Christine Hmieleski on January 4, 2019 and as the court will recall Mr. Tudor was interviewed at the Boyle County DCBS offices in the presence of both SSC Mary-Beth Farmer and FSOS Robin Watson on September 27, 2018

(a date which sufficiently precedes SSC Farmer's rendering of a finding of substantiation on December 31, 2019.) Additionally, it must be noted that in accordance with 922 KAR 1:330 §10(3) *Cabinet staff may find and substantiate abuse or neglect, or make a services needed finding, at any point during an investigation or assessment or prior to case closure and aftercare planning in accordance with Section 12 of this regulation, if preponderance of the evidence exists (Emphasis Added)* thus on these facts Herron's claims that SSC Farmer was premature in her having rendered a finding of substantiation against Mr. Tudor can be neither well taken nor serve as a sufficient basis by which to support his having declined to pursue prosecution of the Cabinet's petition filed on behalf of MJH (a minor child).

(3).   Lastly, Mr. Herron again attempted to justify his having declined to pursue prosecution of Mr. Tudor within the Boyle County juvenile matter (18-J-174-001) by echoing sentiments similar to those he proffered on May 13, 2019 in which he falsely claimed that despite Ms. Janet Staton "having met with the child several times" she (Staton) was unable to solicit any disclosures or relevant information from MJH (a minor child) relating to the incident between she and her perpetrator William Robert Tudor (her father).

In truth, Ms. Staton met with the child but once and while she was kind to MJH (a minor child) to the best of Plaintiff Ann Nicole Henson's knowledge and belief Ms. Staton does not possess any measure of specialized training as it relates to childhood development, licensed clinical counseling, forensic interview training/licensure, and so forth such that MJH's unwillingness to fully and immediately disclose lurid details surrounding her having endured act(s) of sexual abuse at the hands of her father to a virtual stranger in the form of Ms. Staton within the course of their initial meeting could not have been held by Christopher Herron to be indicia of an unwillingness or inability on the part of MJH (a minor child) to come forth and testify should justice have so required.  The same was certainly not a sufficient basis upon which to dismiss the pending DNA petition against Mr. Tudor.

Moreover, as I discussed in earlier portions of this complaint, MJH's statements and disclosures made to Lindsey Burns during the course of the July 3, 2018 forensic interview were and remain wholly admissible as they were statements made for the purpose of obtaining medical treatment and/or diagnosis as permitted under KRE 803(4) and given that the confrontation clause found within the Sixth Amendment of the Constitution of the United States is wholly inapplicable within the context of civil litigation there exists no basis by which to exclude MJH's testimony within her CAC Forensic Interview such that she should not

have been required to testify within any adjudicatory or dispositional hearing.  Furthermore, any disclosure or lack thereof to Janet Staton must be held to have been immaterial such that it could not have served as a basis by which Mr. Herron could decline to pursue prosecution of the matter.

Notwithstanding the fallacious reasoning proffered by Mr. Herron (which I have shown throughout the course of this complaint to have been wholly fraudulent and devoid of any measure of good faith on his part) the inescapable fact remains that as a direct and proximate result of both his having orally sought dismissal of the pending DNA petition at a pre-trial conference prior to the taking of any testimony and/or evidence before presiding Judge Squire Williams has caused great harm to come upon Plaintiff Ann Nicole Henson and her family, specifically as it relates to the health, well-being, and safety of MJH. Herron failed to effectuate proper service of process upon Plaintiff Ann Nicole Henson relating to the same. Herron's refusal on May 14, 2019 (or any time thereafter) to undertake efforts to substantively correct the record, reopen the matter, and pursue prosecution of William Robert Tudor for having perpetrated an act(s) of sexual abuse upon MJH (a minor child) in the wake of Ms. Henson having subsequently furnished to him (Herron) irrefutable proof that the Cabinet did, in fact, conduct an investigation into the matter wherein they rendered an investigative finding of substantiation against Mr. Tudor, Defendant

Christopher Herron did violate Ms. Henson's constitutionally protected rights.  Consequently, MJH (a minor child victim of sexual abuse) continues to be required to endure routine unsupervised overnight visitations with her perpetrator William Robert Tudor pursuant to a legally erroneous order as authored and entered by Judge Samuel Todd Spalding on October 8, 2021 thereby infringing upon Ms. Henson's right of intimate association and fundamental fairness of procedure as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

(b) Defendant Megan N. Bosley did intentionally, willfully, wantonly, grossly in complete bad faith violate Plaintiff Ann Nicole Henson's constitutional rights relating to intimate association as enshrined in the Fourteenth Amendment absent due process of law when upon the wholly fraudulent dismissal of the Boyle County Juvenile matter (18-J-174-001) on May 13, 2019 she, at the request of Ms. Janet Humphrey-Cole (in her capacity as counsel of record for William Robert Tudor), began to make inquiries and undertook efforts to amend the prior investigative finding of substantiation as previously rendered on January 4, 2019 to one of unsubstantiation (as evidenced by the Cabinet service recordings and emails attached hereto as an exhibit).

She then subsequently authored a wholly fraudulent and inauthentic Unsubstantiated Investigation Notification Letter bearing a date of May

20, 2019 despite not having a sufficient legal basis by which to do so as the Cabinet lacked "substantial evidence" within their investigative file sufficient to change and/or in any manner amend the prior investigative finding of substantiation rendered against Mr. Tudor on January 4, 2019. Accordingly, all such actions undertaken by Defendant Megan N. Bosley and/or additional Cabinet personnel were impermissible, arbitrary, and capricious agency actions which served to deprive Ms. Henson of her Fourteenth Amendment right to intimate association as Defendant Megan N. Bosley's issuance of a wholly fraudulent Unsubstantiated Investigation Notification letter on May 20, 2019 led to subsequent entry of an order of court by then presiding Judge Samuel Todd Spalding on October 8, 2021 wherein MJH (a minor child victim of sexual abuse) is now ordered to endure routine unsupervised overnight visitations with her alleged perpetrator William Robert Tudor.

(c) Defendant Christine Hmieleski, herself, initially approved the investigative work and determinations of SSC Mary-Beth Farmer upon her having rendered a finding of substantiation against William Robert Tudor on January 4, 2019.  SSC Mary-Beth Farmer was given further instructions that the Cabinet tender a Notification of Substantiated Findings Letter (DPP-152) and (DPP-155) Request for Administrative Appeal to Mr. Tudor at his last known address and (as is reflected on page 16 of the CPS Service Recordings.) Hmieleski had further face-to-face

contact with Mr. Tudor on January 8, 2019 where during the course of a
home visit she purports to have both taken photographs of the home and
further apprised Mr. Tudor that he would soon be receiving a
determination letter in the mail within the next ten(10) days.  He was
further advised that a worker within Mercer County, Kentucky would be
handling the ongoing portion of the case and that a case plan would be
negotiated with him.  Mr. Tudor was also advised of the CAPTA fair
hearing process by Hmieleski on this date.

In the wake of this encounter with Mr. Tudor, on January 10, 2019 FSOS
Hmieleski made entries into the Cabinet's electronic record keeping
system indicating that the case was to be transferred to ongoing for further
service by the agency.

Yet, notwithstanding the same, in the course of a May 14, 2019 recorded
conversation between and among himself and Plaintiff Ann Nicole
Henson (hereto attached as an exhibit) Boyle County Attorney Christopher
Herron subsequently claimed that it was she (Defendant Christine
Hmieleski) who informed him that the Cabinet had failed to investigate
MJH's allegations of child sexual abuse (which is again made all the more
nonsensical given that it was Hmieleski, herself, who attempted to conduct
a home visit with SSC Mary-Beth Farmer) indeed approved the initial
investigative finding of substantiation, conducted a home visit with Mr.

Tudor, and transferred the case to ongoing.  Nevertheless, as a result of

this patently fraudulent statement attributed to Defendant Christine

Hmieleski, Boyle County Attorney Christopher Herron moved for and

procured an order of dismissal within the companion Boyle County

juvenile matter (18-J-174-001).

On April 19, 2021 Plaintiff Ann Nicole Henson presented herself at the

Boyle County Office of the Department for Community Based Services

whereupon as preserved by audiographic recording (hereto attached as an

exhibit) Plaintiff Ann Nicole Henson attempted to both hand Ms.

Hmieleski documentary evidence serving to unequivocally prove that

contrary to Mr. Herron's assertions the Cabinet did indeed conduct an

investigation relating to MJH's allegations of child sexual abuse which

resulted in the Cabinet rendering a finding of substantiation against Mr.

Tudor (an investigative finding which Defendant Christine Hmieleski

herself approved) as well as inquire of Ms. Hmieleski as to whether or not

it was indeed she who advised Boyle County Attorney Christopher Herron

that the Cabinet failed to investigate MJH's claims of sexual abuse.

In reply, Ms. Hmieleski refused to answer Ms. Henson's inquiry or accept

any materials from her and demanded that she (Ms. Henson) immediately

leave the premises which was and remains a clear violation of her right to

due process under the law given her status as a legal party in interest

within the Boyle County juvenile matter (18-J-174-001) and/or the Clark County Circuit Court Civil Action (19-CI-445) and further impermissibly impeded her right to intimate association given that it was Ms. Hmieleski's falsehood that the Cabinet failed to investigate MJH's claims regarding allegations of sexual abuse that, according to Boyle County Attorney Christopher Herron, served as the basis by which he elected to dismiss the pending juvenile matter. This, in turn, led to the Cabinet illegally, arbitrarily, and capriciously amending their prior investigative finding of substantiation against William Robert Tudor to one of unsubstantiation despite lacking any legal basis by which to do so. Subsequently these actions led then presiding Judge Samuel Todd Spalding to erroneously conclude that it was legally permissible to permit unsupervised overnight visitation between and among MJH (a minor child victim of sexual abuse) and her perpetrator, William Robert Tudor, (her father) in violation of Ms. Henson's constitutionally protected right of due process and intimate association under the Fourteenth Amendment.

(d) On February 10, 2020 as is her unfettered right as a private citizen Plaintiff Ann Nicole Henson did call the dispatch center at Bluegrass 911 seeking to speak to Defendant Ryan Kirkpatrick to share "safety concerns" as both her child (MJH) and his children from a prior marriage to Mrs. Paula Nicole Tuggle (now Paula Tuggle Tudor) were participating in routine overnight visitations with Defendant William Robert Tudor who,

himself, had previously had an investigative finding for substantiation of child sexual abuse (in relation to MJH) rendered against him. From the outset the court must note that no specific communication disclosing any details whatsoever regarding Ms. Henson's "safety concerns" between Ms. Henson and Defendant Ryan Kirkpatrick ever took place despite she (Henson) asking that he (Kirkpatrick) return her call and/or arrange to meet as he failed to do so.

Additionally, while within item three (3) of the order (as erroneously authored by Ms. Janet Humphrey-Cole in contravention to the court's holding in <u>Callahan</u> 579 S.W. 2d 385 (1979)) and entered on December 17, 2019, there is a prohibition relating to the parties posting anything relating to the underlying family court matter upon social media with further instructions that any such items previously posted are to be removed immediately. However, this so-called "social media prohibition" can hardly be held to operate as a legal mechanism by which to bar Ms. Henson from speaking with law enforcement personnel as no court could constitutionally replace such restrictions upon a litigant.

Notwithstanding the same, however, Defendant Ryan Kirkpatrick did by virtue of his position within the Stanford (Kentucky) Police Department wantonly abuse his police powers to resolve a personal grievance in direct contravention to departmental policies and procedures when in the

absence of a formal open records request he submitted both a CAD detail

relating to Ms. Henson's having requested to speak with him as well as a

purported "affidavit" authored by him in his official capacity as

Investigator Ryan Kirkpatrick relating to CAD Detail # 2020-00009358.

Defendant Ryan Kirkpatrick then subsequently permitted Defendant

William Robert Tudor by and through Defendant Janet Humphrey-Cole

(Tudor's legal counsel of record) to formally submit the same within the

evidentiary record of Clark County Circuit Court action (19-CI-445), the

companion custody matter between and among Defendant William Robert

Tudor and Plaintiff Ann Nicole Henson, wherein Mr. Tudor and Ms. Janet

Humphrey-Cole, in turn, maliciously sought to utilize this fabricated

evidence as offered by Defendant Ryan Kirkpatrick in an effort to

establish a basis by which to demand that then presiding Judge Kimberly

Blair Walson jail Ms. Henson for contempt of court (for alleging violating

an order of court that does not nor did it ever exist) and further order that

custody of MJH (a minor child victim of sexual abuse) be shifted to her

perpetrator William Robert Tudor for the balance of Ms. Henson's

incarceration.


In undertaking and aiding Mr. Tudor and/or Ms. Janet Humphrey-Cole in

such actions, Defendant Ryan Kirkpatrick did, while under the color of

law, seek to deprive Ms. Henson of her due process rights to

fundamentally fair procedures as it related to the custody proceedings

between and among herself and Defendant William Robert Tudor in direct violation of the protections afforded her under the Fourteenth Amendment to the Constitution of the United States in direct violation of §1983 of Title 42 of the United States Code.

(e) During the course of the parties' December 5, 2019 evidentiary hearing before then presiding Judge Kimberly Blair Walson while employed as a K-9 officer within the Lancaster (Kentucky) Police Department, Defendant William Robert Tudor did appear in court before Judge Walson and in direct violation of KRS §523.020 commit an act of perjury in the first degree in that while under oath he falsely claimed that (1) he did not stalk Ms. Henson about the premises of the Garrard County courthouse and that he (Tudor) was not in fact present at the Garrard County courthouse on the date of January 26, 2019 as alleged by Ms. Henson but rather was working a collision elsewhere in the city at that time.

Yet, in reply Ms. Henson sought and was awarded admission of photographic evidence within the evidentiary record of (19-CI-445) in accordance with KRE 901 which demonstrably establishes that Mr. Tudor was, indeed, present at the Garrard County courthouse on the afternoon of January 26, 2019 and did present himself to Ms. Henson in a threatening and/or intimidating manner within his police cruiser while on duty so as to sufficiently cause distress to her.

Furthermore, in a subsequent portion of the evidentiary hearing Mr. Tudor again in violation of KRS §523.020 committed further acts of perjury in the first degree when he both falsely claimed that the allegations of professional misconduct as reported to his superiors within the Lancaster Police Department by both Plaintiff Ann Nicole Henson and/or her brother, Levi Houston Henson, had been found by his department to be "false allegations." In truth, the department had both declined to equitably investigate the matters therein and ultimately, in act of patent bias and favoritism, simply elected to close the inquiry deeming the allegations "Not sustained" thereby proving Mr. Tudor's perjury on the issue. Had the department truly found the allegations to be "false" as Mr. Tudor claimed pursuant to controlling portions of their Standard Operating Procedure (hereinafter SOP) they would have necessarily been required to close the case as being "unfounded" rather than "unsubstantiated."  In the LPD SOP Section 2.5.3 defines "Not Sustained" as "insufficient evidence to either prove or disprove the allegations."

Secondarily, Mr. Tudor committed a further act of perjury in the first degree when during the course of the proceedings on December 5, 2019 he committed an act of fraud upon the court by omission in that he both improperly raised before the court the issue of his having previously submitted to a polygraph examination in direct contravention to the court's

holding in <u>Perry v. Commonwealth</u> Ky., 652 S.W. 2d. 655 (1983) while simultaneously further implying that the absence of his having faced formal criminal charges relating to his having perpetrated an act(s) of sexual abuse upon MJH (a minor child) was sufficient indicia that he had "passed" the examination when he had in fact unequivocally been informed by examiner Nathan Jaimet at the conclusion of the exam on February 15, 2019 that he had in point of fact "failed the test."

In the wake of the parties' evidentiary hearing on February 10, 2020 Defendant William Robert Tudor in concert with Defendant Ryan Kirkpatrick did formally abuse his police powers to resolve a personal grievance in direct violation of his departmental SOP when (as evidenced by the audio recording hereto attached as an exhibit with relevant portion of audio recording beginning at 4:18-5:31) he called the dispatch operator at Bluegrass 911 wherein he requests a "flavor" (to be read as favor) and instructs the operator to print the CAD details surrounding Ms. Henson's call to Defendant Ryan Kirkpatrick as outlined within a preceding section of this complaint.

Consequently, Mr. Tudor then utilized his acquisition of these CAD details to perpetrate the filing of malicious motion practice against Ms. Henson wherein he sought to have Ms. Henson incarcerated on a charge of contempt of court for violation of a court order that did not/nor did it ever

exist so as to be able to then maliciously shift custody of MJH (his minor

child victim of sexual abuse) to himself for the balance of Ms. Henson's

term of incarceration (or otherwise) thereby depriving Ms. Henson of due

process and fundamental fairness of procedure as required by the

Fourteenth Amendment of the Constitution of the United States in direct

violation of §1983 of Title 42 of the United States Code.

(f) Nearly a year following the wholly fraudulent dismissal of the

companion juvenile matter (18-J-174-001) by Boyle County Attorney

Christopher Herron, then Service Region Administrator Kathy Perkins on

April 24, 2020 sought to, again, change the Cabinet's rationale for their

having amended the finding of substantiation against Mr. Tudor wherein

she now claimed the finding was changed not on the basis of a "court

order" as previously claimed but rather pursuant to a so-called

"management decision" with citations to both 922 KAR 1:480 and §30.2

of the Cabinet's Standards of Practice Manual but again the filing of a

DPP-155 by the alleged perpetrator wherein they seek to formally

challenge the prior investigative finding is a necessary condition to invoke

both 922 KAR 1:480 and/or §30.2 of the Cabinet's Standards of Practice

manual as being a sufficiently applicable basis by which the Cabinet could

amend a prior investigative finding.

Accordingly, given that Mr. Tudor failed to timely file or indeed file at all the requisite DPP-155 form requesting to be heard in an administrative hearing before the Cabinet, the finding of substantiation remains. Defendant Kathy Perkins claims that the Cabinet, as a result of the authority found within 922 KAR 1:480 and/or §30.2, was permitted to amend the finding of substantiation against Mr. Tudor to one of unsubstantiation which is wholly erroneous as all such citations and statutory authorities are rendered moot based upon Mr. Tudor's failure to file a DPP-155 form.  Thus, claims proffered by SRA Kathy Perkins that the Cabinet was afforded any measure of discretion by which to change the finding, or in the alternative in she herself as the SRA having agreed to change the prior investigative finding of substantiation as rendered against Mr. Tudor on January 4, 2019 without a sufficient legal basis by which to do so, serve to prove that she (Kathy Perkins) did violate Ms. Henson's right to due process and intimate association under the Fourteenth Amendment.  Again, the fraudulent amendment to the prior investigative finding by Ms. Perkins and others within the Cabinet has placed MJH (a minor child victim of sexual abuse) back into the hands of her perpetrator, William Robert Tudor, for unsupervised overnight visitations absent due process of law.

## COUNT II: FRAUD UPON THE COURT BY DEFENDANTS HERRON, HUMPHREY-COLE AND STATON

50. Plaintiff Ann Nicole Henson hereby reaffirms, reiterates, and incorporates by reference each and every allegation previously alleged within the Complaint as if fully recited herein and further states as follows:

51. In order to sustain a claim for fraud upon the court Plaintiff Ann Nicole Henson must establish Conduct: (1) On the part of an officer of the court; (2) That is directed to the 'judicial machinery' itself; (3) That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) That is a positive averment or is concealment when one is under a duty to disclose; (5) That deceives the court (quoting <u>Demjanjuk v. Petrovsky</u>, 10 F.3d 338, 348 (6th Cir. 1993).

52. In the instant case Defendant Boyle County Attorney Christopher Herron moved to dismiss the pending DNA proceeding against William Robert Tudor. Herron's dismissal was based upon his wholly fraudulent statement that the Cabinet for Health and Family Services had failed to investigate MJH's allegations relating to sexual abuse she suffered at the hands of her perpetrator, William Robert Tudor; a statement which although he (Herron) attributed to Defendant Christine Hmieleski.  As of May 13, 2019 he, himself, either knew or should have known all such statements to be patently false when he uttered them as even a cursory review of the Cabinet's case files including but limited to the Assessment Documentation Tool (hereinafter ADT) and service recordings plainly

evidences that the Cabinet did, indeed, conduct an investigation into

MJH's allegations of William Robert Tudor having perpetrated an act(s)

of sexual abuse upon her and at the conclusion of that investigation the

Cabinet rendered a finding of substantiation against Mr. Tudor for his

having perpetrated an act(s) of sexual abuse upon MJH (a minor child).

Thus, in coming before Judge Squire Williams as an Officer of the Court

on May 13, 2019 and moving for dismissal of the pending juvenile matter

against William Robert Tudor via falsely claiming that the Cabinet had

failed to investigate MJH's allegations of child sexual abuse Boyle County

Attorney Christopher Herron did commit an act of fraud upon the court in

violation of both Kentucky Supreme Court Rule 3.130 (3.3) and his

ongoing obligation to exercise candor toward the tribunal while

simultaneously perpetrating acts of professional misconduct in violation of

Kentucky Supreme Court Rule 3.130 (8.4).

Additionally, Defendants Janet Humphrey-Cole and Janet Staton are in

equal measures guilty of having perpetrated fraud upon the court as they

undertook no efforts to correct the record before the court relating to

Herron's patently fraudulent claims that an investigation by the Cabinet

"didn't really take place...pretty much."

Indeed, Defendant Janet Humphrey-Cole knew this to be a falsehood upon Mr. Herron's having proffered it before the court given that she, herself, in direct contravention to controlling Kentucky Administrative Regulations as promulgated, tiered and published within the Kentucky Administrative Register and found at 922 KAR 1:510 and in further violation of KRS §620.050(7) (which is itself a Class B Misdemeanor offense) previously acquired the contents of the Cabinet's investigative file and expressly acknowledged having acquired said files upon the court record before then presiding Judge Kimberly Blair Walson on August 15, 2019 and December 5, 2019 and yet again when subsequently appearing before Judge Samuel Todd Spalding on September 9, 2021 (See videographic records hereto attached as an exhibit) wherein Ms. Humphrey-Cole unequivocally affirms both that she did acquire the Cabinet's investigative files and that they (the Cabinet) did indeed conduct an investigation relating to MJH's allegations of sexual abuse against William Robert Tudor. Thus, in view of these facts, Ms. Janet Humphrey-Cole had an affirmative duty in accordance with Kentucky Supreme Court Rule 3.130(3.3) and her ongoing obligation to exercise candor toward the tribunal to correct the record before Judge Squire Williams on May 13, 2019 as it related to Mr. Herron's false claims such that her having failed to do so was itself a further act of professional misconduct in direct violation of Kentucky Supreme Court Rule 3.130 (8.4) that remains actionable under Kentucky state law permitting recovery by Plaintiff Ann

Nicole Henson as a result of Ms. Janet Humphrey-Cole having committed
an act of fraud upon the court.

Ms. Janet Staton was appointed to serve as Guardian Ad Litem for MJH (a
minor child) via the filing of a so-called DNA-10 form on September 28,
2018 within the companion Boyle County juvenile matter (18-J-174-001)
and hereto attached as an exhibit. Furthermore, Ms. Staton received
compensation for serving in said capacity as evidenced by an attested copy
of an order of court entered on October 5, 2018 hereto attached as exhibit
wherein Ms. Staton was awarded payment in an amount of $500 dollars
for services rendered as a Guardian Ad Litem with (18-J-174-001).

Thus, in view of Ms. Staton's appointment and her having received
compensation relating to the same pursuant to Kentucky Supreme Court
Rule 3.130 (1.3) which relates to a lawyer's ongoing obligation to pursue
matters with diligence on behalf of his or her client Ms. Staton was under
both a legal and ethical obligation to diligently and timely seek discovery
and review all documentary evidence generated by both the Cabinet for
Health and Family Services and/or Kentucky State Police. Based upon the
materials presented therein Ms. Staton was further required to zealously
advocate for and pursue a course of conduct reflective of MJH's best
interests which, in this instance, would have necessarily included seeking
entry of an order of protection on behalf of MJH so as to restrain Mr.

Tudor from being afforded the opportunity to perpetrate further acts of sexual abuse upon MJH (a minor child).

Tragically, however, Ms. Staton proved apathetic and woefully inadequate in the discharge of her duties as she seemingly failed to procure and/or review the Cabinet's investigative files relating to William Robert Tudor yet the same notwithstanding as is memorialized within the CPS Service Recordings (hereto attached as an exhibit and incorporated by reference) on January 14, 2019 Janet Staton made contact via telephone with SSW Megan Bosley wherein she (Janet Staton) indicated that she had been unaware of a letter dated December 8, 2019 as authored by therapist Kelly Dycus wherein she (Dycus) indicated that in her professional opinion to further require that MJH (a minor child) endure visits with her perpetrator William Robert Tudor would prove detrimental to MJH's mental health given that at that time MJH was still in the early stages of trauma therapy at the Children's Advocacy Center of the Bluegrass; a sentiment with which Ms. Staton seemingly agreed. On the basis of the Dycus letter Ms. Staton both objected to continued visitation between and among MJH (a minor child) and William Robert Tudor and further advised SSW Megan Bosley that she (Janet Staton) had also communicated with Plaintiff Ann Nicole Henson regarding this issue and had further advised her that she (Plaintiff Ann Nicole Henson) make contact with her attorney and undertake efforts to curtail visitation between MJH (a minor child) and her

perpetrator William Robert Tudor.  Nonetheless, Ms. Staton sat silently, filed nothing, and took no action as GAL to intervene in the visits in the interest of MJH.

Accordingly, given the fact that Ms. Staton, herself, had previously made contact with SSW Megan Bosley and voiced opposition to continued visitation between and among MJH (a minor child) and her perpetrator William Robert Tudor she (Janet Staton) could not then subsequently sit silently and fail to advocate in pursuit of the best interests of MJH (her minor child client) and permit Defendant Christopher Herron to dismiss the pending juvenile action against Mr. Tudor upon wholly fraudulent grounds.  By virtue of her position as both an officer of the court and Guardian Ad Litem for MJH (a minor child) within the Boyle County juvenile matter she had an affirmative duty to obtain and review all relevant investigative materials and disclose the truth relating to the same for due consideration by the court so as to advocate for health, welfare, and best interests of MJH (her minor child client.) In having failed to do so Ms. Staton engaged in an act of willful blindness and/or reckless disregard to the truth of the matter sufficient to permit Ms. Henson to impute liability as a result of her having committed an act of fraud upon the court, in failing to exercise candor toward the tribunal as required by Kentucky Supreme Court Rule 3.130 (3.3), and thereby permit dismissal of the juvenile action by Boyle County Attorney Christopher Herron to the

detriment of her client MJH (a minor child) based upon his own self-
serving patently fraudulent statements upon the record which was itself
incidentally a further act of professional misconduct on the part of Ms.
Staton in violation of Kentucky Supreme Court Rule 3.130 (8.4).

## COUNT III NEGLIGENCE PER SE AGAINST ALL DEFENDANTS IN VIOLATION OF KRS §446.070

53. Plaintiff Ann Nicole Henson hereby reaffirms, reiterates, and incorporates
by reference each and every allegation previously alleged within the
Complaint as if fully recited herein and further states as follows:

54. In order to sustain a claim for negligence per se under controlling
Kentucky state law as codified within KRS §446.070 Plaintiff Ann Nicole
Henson must show (1) she as the Plaintiff in this action "comes within the
class of persons intended to be protected by the statute" (2) the statute
must have been specifically intended to prevent the type of occurrence that
took place" and (3) the violation of the statute "must have been a
substantial factor in causing the result".  Additionally to sustain a claim of
negligence per se based upon violation of a regulation the Plaintiff
establish the same three requirements enumerated above and additionally
provide proof that the regulation at issue is aimed at the safety of the
citizenry and is expressly authorized by an enabling statute. See Ezell v.
Christian Cnty., Ky. 245 F.3d. 853, 856 (6th Cir. 2001) which itself cites
State Farm Mutual Auto. Ins. Co. v. Reeder 763 S.W. 2d. 116, 117-18

approvingly. See also, McCarty v. Coval Fuel No. 2, LLC, 746 S.W. 3d.
224, 227-28 (Ky. 2015).

55. Plaintiff Ann Nicole Henson reasonably believes that each of the persons
designated herein below did violate the following controlling Kentucky
statute and/or administrative regulations which serve to govern their
agency's conduct and as a direct and proximate cause of those violations
Plaintiff Ann Nicole Henson did suffer injury and a deprivation of her
right to due process of law for which she is legally entitled to seek redress.

(a). On or about January 23, 2019, absent a formal open records request as
required pursuant to 922 KAR 1:510, Defendant Megan N. Bosley did
permit Defendant Janet Humphrey-Cole to gain access to SSC Mary-Beth
Farmer's full investigative case file notwithstanding the fact that she
(Bosley) was barred from permitting Ms. Janet Humphrey-Cole to obtain
any measure of access to the same in service of her client William Robert
Tudor.  At that time Mr. Tudor was both under active criminal
investigation by Kentucky State Police for his allegedly having
perpetrated an act(s) of sexual abuse upon MJH (a minor child) in
violation of KRS §510.110 and had been deemed a substantiated
perpetrator of child sexual abuse via an investigative finding by the
Cabinet for Health and Family Services as rendered by SSC Mary-Beth
Farmer and approved by Defendant Christine Hmieleski on January 4,

2019. Thus, pursuant to KRS §620.050(7) Defendant Megan N. Bosley

was without any measure of legal authority by which to afford and/or

permit Ms. Janet Humphrey-Cole any measure of access to the above

referenced case files.

Moreover, in affording Ms. Janet Humphrey-Cole illegal access to the

above referenced materials she (Bosley) impeded disposition of both the

pending criminal matter (07-18-0655) pursed by Kentucky State Police

against William Robert Tudor (by prematurely affording Janet Humphrey-

Cole the means by which to disclose all confidential investigative

materials to Mr. Tudor despite his being a criminal suspect under active

investigation) while simultaneously affecting subsequent disposition of the

Cabinet's DNA petition insofar as through Janet Humphrey-Cole and/or

William Robert Tudor being afforded illegal access to the Cabinet's

investigative files they were able to exert undue influence upon Defendant

Christopher Herron relating to his having declined to pursue prosecution

of the Cabinet's DNA petition against Mr. Tudor.  It was only upon his

mistaken belief that the Cabinet had either failed to conduct an

investigation of the matter and/or any such investigation by the Cabinet

was inadequate such that he was unable to pursue prosecution of the

matter both of which as discussed in previous portions of the complaint

herein were patently false propositions.  Nevertheless, by his own

admission, Boyle County Attorney Christopher Herron was not in

possession of the Cabinet case file prior to his decision to dismiss the pending DNA petition against Mr. Tudor thus, absent actual possession and review of the case file by Mr. Herron there was no basis by which he could have made any determinations as it related to (1) the supposed absence of an investigation by the Cabinet (2) nor any inadequacies relating to the same excepting supposition from Ms. Janet Humphrey-Cole based upon her illegal review of the case files.

Indeed, given that KRS §431.600(1) and 922 KAR 1:330 §3(20)(a) requires that all investigations relating to matters of child sexual abuse wherein the person exercising custodial control or supervision as those terms are defined in KRS §600.020 is thought to be the alleged perpetrator be investigated by a multidisciplinary team minimally comprised of law enforcement personnel and social workers from within the Cabinet for Health and Family Services with the Cabinet further being designated as the lead investigative agency.  In such investigations it is abundantly clear that the procedures enumerated within 922 KAR 1:510 and prohibitions enumerated within KRS §620.050(7) were implemented to aid, encourage, and support the statutorily required collaboration between and among law enforcement personnel and social workers within the Cabinet for Health and Family Services pursuant to KRS §431.600(1) and 922 KAR 1:330 §3(20)(a) by ensuring that neither entity erroneously or prematurely discloses materials that would in any manner hinder or harm one another's

investigative efforts.  These statutes and regulations are established to prevent the very harm that has befallen Ms. Henson; in this instance yielding a premature dismissal of the Cabinet's petition on behalf MJH (a minor child victim of sexual abuse) leaving her without protections at law against her perpetrator William Robert Tudor.

Defendant Megan N. Bosley did commit further acts of negligence per se on May 20, 2019 when in excess of the statutory authority afforded under of 922 KAR 1:330 she did author an Unsubstantiated Investigation Notification Letter and serve the same upon William Robert Tudor. While pursuant to 922 KAR 1:330 §10(4)(a) at the conclusion of an investigation or assessment by the Cabinet relating to a caretaker the Cabinet shall make one (1) of seven (7) possible findings as enumerated thereunder in this particular case, the original finding rendered by the Cabinet was one of substantiation in accordance with 922 KAR 1:330 §10(4)(a)(2) and memorialized in a Substantiated Investigation Notification Letter with the same being subsequently approved on January 4, 2019 by FSOS Christine Hmieleski in accordance with 922 KAR 1:330 §10(6) and sent via certified mail to Mr. Tudor as required by 922 KAR 1:330 §10(7) on January 10, 2019.

Consequently, Defendant Megan N. Bosley acted in excess of the regulatory authority enumerated within 922 KAR 1:330 when she

authored, issued, and mailed the subsequent unsubstantiated investigation notification letter on May 20, 2019 as the Cabinet had already previously rendered an investigative finding of substantiation against Mr. Tudor in conformity with 922 KAR 1:330 §10(4)(a)(2) and provided written notification of the same to him pursuant to 922 KAR 1:330 §10(9).

(b) On or about April 27, 2021 Plaintiff Ann Nicole Henson emailed Defendant Amy Burke of the Kentucky Attorney General's Office (herinafter KYOAG) after Herron advised her that the case had been forwarded to their office. On or about May 4, 2021 Ms. Burke advised Ms. Henson that their office was waiting on materials in the mail and informed me that she would only communicate with Ms. Henson, not her brother Levi Henson, going forward. At this point it was clear that Ms. Burke was conflating the issues within the Boyle County juvenile case and the allegations against officials within Garrard County/Lancaster, Kentucky. Because Ms. Burke did not venture to understand that Plaintiff Ann Nicole Henson and her brother, Levi Henson, presented the KYOAG with independent issues separate from one another, Ms. Burke, at best, speculated as to the true nature and harm of the circumstances brought to her attention.

By May 25, 2021 Ms. Amy Burke informed Ms. Henson that she had reviewed everything sent by Herron and that she was still needing to reach

out to DCBS stating that Ms. Henson may need to sign a waiver due to confidentiality. Oddly, Ms. Burke was able to obtain confidential records from the Children's Advocacy Center of the Bluegrass absent any waiver, consent, subpoena, open case, or actual investigation arguably in violation of HIPPA and other privacy acts/laws. Plaintiff Henson advised Ms. Burke that Herron had not obtained CPS (child protective services) or KSP (Kentucky State Police) files. On May 26, 2021 Ms. Burke was said to be reaching out to DCBS on this day. In attempt to assist Ms. Burke, Plaintiff Ann Nicole Henson sent to her on May 28, 2021 the DCBS file from Christopher Woodside, on June 8, 2021 the DCBS file from Sharon Browning, and on June 9, 2021 the following as sent to Marta Miranda-Straub: the body of the email (and attachments), failed polygraph email, administrative error email, CA/N registry email, four (4) emails regarding unanswered open records requests, "I will not ask again" email, and responses from Straub.

On June 10, 2021 Burke says that she will visit with DCBS next week and assured me that it was she who requested the Children's Advocacy Center records. On this date Ms. Henson attempted to explain the applicability of Mr. Tudor's polygraph to Ms. Burke and the same was ignored. On July 2, 2021 Ms. Burke reports that she is done reviewing everything in the juvenile court case and on July 2nd Ms. Henson secured a meeting with Ms. Burke to commence on July 9, 2021. During this meeting Ms. Burke

claimed to be unfamiliar with Kentucky Administrative Regulations which
are a controlling authority for Cabinet operations demonstrating her
inability (or unwillingness) to identify the true violations of the Cabinet
regarding their illegal change in finding and the fundamental failures as a
result of Christopher Herron's patently false statements upon the record
within the Boyle County Juvenile Case.  However, on September 23, 2021
Ms. Henson inquired of Ms. Burke as to who had informed her that no
DPP-155 was filed to which she responded that she is not in possession of
said document and understood supervisors over SSC Farmer made the
decision that the finding was to be changed.  Absent the filing of the DPP-
155 these individuals had no such discretion and Ms. Burke ignored the
same as well as the result of placing a child into the hands of her
perpetrator.

On October 30, 2021 Ms. Henson forwarded to Ms. Amy Burke notice of
subpoena, subpoena offer, scheduling order, and subpoena/subpoena duces
tecum compelling the appearance and document production by Defendant
Megan N. Bosley for a November 3, 2021 hearing before then presiding
judge Samuel Todd Spalding via Zoom.  On November 1, 2021 Ms. Burke
stated that she would take a look and forward the subpoena to DCBS.  The
same subpoena had been submitted via certified mail to the KYOAG
pursuant to CR 4.04(6) and emailed to servethecommonwealth@ky.gov as
a result of the directives within the KYOAG webpage.  The certified mail

was returned to Ms. Henson with insufficient postage by Defendant
Carmine Iaccarino as well as electronically from an unknown author from
servethecommonwealth@ky.gov. Unsurprisingly, although lawfully
subpoenaed in accordance with CR 4.04(6) and Amy Burke having the
responsibility to forward the same as she accepted service and stated that
she would forward the same (as is required under CR 4.04(6).)

When Plaintiff Ann Nicole Henson informed Ms. Burke on November 5,
2021 that the KYOAG had refused service via the portal and certified mail
Ms. Henson explained that her due process rights are being violated.
Surprisingly, Ms. Burke assumed a defensive posture and informed Ms.
Henson that she has nothing to do with the process despite being required
to receive service of process on behalf of the Commonwealth or any
agency thereof as an assistant attorney general in conformity to CR
4.04(6). On December 9, 2021 Ms. Henson authored and distributed an
email to six (6) individuals, one of the individuals being Ms. Amy Burke
and another Mr. Carmine Iaccarino, offering her analysis of CR 4.04(6)
and CR 45.03(1) and the opportunity to disagree. No one responded. But
for Ms. Amy Burke, Mr. Carmine Iaccarino, and
servethecommonwealth@ky.gov declining service of a lawful
subpoena/subpoena duces tecum for SSW Megan Bosley of the Cabinet
for Health and Family Services/ Department for Community Based
Services, Ms. Henson would have secured a necessary witness and

relevant evidence required to properly introduce into the record

information vital to her efforts to protect her daughter.  However, failure

to serve Ms. Bosley despite the requirement to do so violated her due

process to law.

In failing to serve Ms. Henson's subpoena upon Ms. Megan Bosley she

has not only deprived Ms. Henson of a most valuable witness but the

failure to do so may readily be construed as official misconduct.  Pursuant

to KRS §522.030, Defendant Amy Burke has committed Official

misconduct in the second degree whereas she is (1) A public servant [who]

is guilty of official misconduct in the second degree when [s]he

knowingly: (a) Commits an act relating to his office which constitutes an

unauthorized exercise of his official functions; or (b) Refrains from

performing a duty imposed upon him by law or clearly inherent in the

nature of his office; or (c) Violates any statute or lawfully adopted rule or

regulation relating to his office.

(c) On or about January 23, 2019 in a deliberate effort to circumvent KRS

§61.870-§61.884 and direct violation of 922 KAR 1:510 Ms. Janet

Humphrey-Cole did present herself at the Mercer County DCBS Office

and obtain copies of SSW Mary-Beth Farmer's full investigative case logs

only to then subsequently furnish Mr. Tudor with a copy of the same at

some point in time between January 25, 2019 and February 15, 2019 in

direct violation of KRS §620.050(7)[2]

Accordingly, in view of the fact that Mr. Tudor was both under active

criminal investigation by Kentucky State Police within case (07-18-0655)

for allegedly having perpetrated an act(s) of sexual abuse upon MJH (a

minor child) in violation of KRS §510.110 and was at that time deemed by

the Cabinet to be a substantiated perpetrator of child sexual abuse, even

assuming arguendo that Ms. Janet Humphrey-Cole had in conformity with

922 KAR 1:510 filed a formal open records request seeking production of

_____

[2] Ms. Janet Humphrey-Cole confirms the same upon videographic record within Clark County Civil Action (19-CI-445) on September 9, 2021 as evidenced within VR 2021-09-09_14.56.50.242.wmv beginning at 37:25-37:40 and while prior to that beginning at 36:16-37:10 Ms. Humphrey-Cole attempts to justify her having obtained the files pursuant to a policy of so-called "open discovery" within the Circuit Court within Boyle County, Kentucky. Yet, as a result of Ms. Janet Humphrey-Cole's above referenced statements upon the record Ms. Henson made inquiry of Boyle County Attorney Christopher Herron as it related to this so-called "open discovery" process within the Circuit Court in Boyle County, Kentucky to which in reply by an email dated September 15, 2021 Mr. Herron wrote in relevant part: "*It has long been an unwritten local practice in the 50th Judicial Circuit regarding discovery that confidential juvenile Dependency, Abuse, and Neglect cases held by the Circuit Clerk may be reviewed without a request for formal discovery by all attorneys of the parties' involved in a particular case without having to go through the formal process of discovery otherwise provided in R.Cr. 7.24 and R.Cr. 7.26...(Emphasis Added)*

Yet, in this instant action Ms. Janet Humphrey-Cole is unable to avail herself of any such policy as she did not seek to obtain files held by Boyle County Circuit Court Clerk Courtney Shewmaker but rather confidential investigative files maintained wholly separate and apart by the Cabinet relating to their investigation of case 1118935.  These items were most assuredly not held by Boyle County Circuit Court Clerk Courtney Shewmaker (a fact made all the more plain given that by Ms. Humphrey-Cole's own admission she did not present herself at the Boyle County courthouse on January 24, 2019 to obtain records but rather traveled to the Mercer County DCBS office) thus she could not have obtained the Cabinet's investigative materials via so-called "open discovery"

Moreover, given that Ms. Janet Humphrey-Cole did not file a formal written entry of appearance memorializing her representation of William Robert Tudor within Boyle County juvenile action (18-J-174-001) despite the same being required pursuant to FCRPP 24 she was without sufficient legal means by which to access either (1) files relating to the pending Dependency, Neglect, and Abuse action (18-J-174-001) as maintained by Boyle County Circuit Court Clerk Courtney Shewmaker given her failure to file a written entry of appearance as outlined above nor could she have been permitted to access the investigative files maintained by the Cabinet relating to case 1118935 given that as of January 24, 2019 William Robert Tudor was under active criminal investigation by Kentucky State Police such that KRS §620.050(7) prohibited dissemination of any such material to her by the Cabinet for Health and Family Services.

SSC Mary-Beth Farmer's full investigative logs all such documents were necessarily required to be withheld by the Cabinet pursuant to KRS §620.050(7) given that Mr. Tudor was at that time under active investigation by law enforcement.  Therefore, the above serves to prove that there existed no legal means by which Ms. Janet Humphrey-Cole could have obtained the Cabinet's investigative files at that time.

Yet, notwithstanding the same, in having done so Defendant Janet Humphrey-Cole arguably impeded the joint investigative efforts of the multidisciplinary team which in conformity with KRS §431.600 was comprised at a minimum of law enforcement personnel and social workers within the Cabinet for Health and Family Services for in her having both illegally obtained the Cabinet files and shared the same with perpetrator William Robert Tudor both she and he were afforded an opportunity to wield undue influence over the members of the multidisciplinary team thereby thwarting their investigative efforts and/or formulate a defense while simultaneously compromising the investigative processes.

(d) On June 13, 2019 Plaintiff Ann Nicole Henson by and through her then counsel of record Richard Foley of the Spencer Law Group did in accordance with 922 KAR 1:320 §4(1)(a) file and serve a formal service appeal upon Defendant April Davis (hereto attached as an exhibit and incorporated by reference) with her (Davis) having received a copy of the

same via USPS Certified Mail on June 18, 2019 (as evidenced by postal receipts hereto attached). Accordingly, in conformity with 922 KAR 1:320 §4(4)(a) Defendant April Davis was afforded thirty (30) calendar days in which to provide a written response to Ms. Henson regarding disposition of her service complaint by the Cabinet and to date Ms. Henson has received no substantive reply from Defendant April Davis and/or her designee regarding disposition of her service appeal as filed on June 13, 2019.

Furthermore, while 922 KAR 1:320 §4(4)(b) does permit the Service Region Administrator and/or Ombudsman to grant an extension to the response timeframe given within 922 KAR 1:320 §4(4)(a) provided that (1) extenuating circumstances prolong review of the complaint; and (2) notice of the extension is provided to the complainant, there is no indication that any such extension was sought nor that notice of the same was ever served upon complainant Ann Nicole Henson thus, the Cabinet was required to tender a formal reply to her complaint as filed on June 13, 2019 on or before July 15, 2019.

Accordingly, as a result of Defendant April Davis' wanton failure to address the arbitrary and capricious manner in which the Cabinet for Health and Family Services amended the prior investigative finding of substantiation rendered against Mr. Tudor on January 4, 2019 to one of

unsubstantiation Ms. Davis enabled Mr. Tudor, a perpetrator of child

sexual abuse, to receive continued unfettered access to MJH (his minor

child victim) via routine unsupervised overnight visitation in direct

contravention to Ms. Henson's fundamental right to due process under the

law while simultaneously stripping MJH (a minor child) of all measure of

protective services necessary to ensure that she remained free from further

act(s) of sexual abuse by perpetrator William Robert Tudor. April Davis

did so notwithstanding her regulatory obligation to provide the same in

accordance with 922 KAR 1:330 §3(20)(b) which states in relevant part

that the Cabinet's primary responsibility shall be the protection of the

child.


(e) On September 20, 2021 absent sufficient cause Defendant Richard

Dienst did attend a confidential "final" evidentiary hearing between

Petitioner William Robert Tudor and Respondent Ann Nicole Henson

within Clark County Circuit Court Action (19-CI-445) wherein during the

course of proceedings while under oath his subordinate, Ms. Brandy

Marlette, did in violation of KRS §523.020 commit the offense of perjury

in the first degree.  Ms. Marlette did so in that she claimed while under

oath that Mr. Tudor did in fact file a so-called DPP-155 form formally

requesting an administrative hearing so as to challenge the investigative

finding of substantiation for child sexual abuse as previously rendered

against him on January 4, 2019.

Ms. Marlette also falsely claimed while under oath during the course of the parties' "final" hearing before Judge Samuel Todd Spalding that the Cabinet was afforded sufficient discretion by which to amend the prior finding of substantiation against Mr. Tudor to one of unsubstantiation on the basis of a so-called "agreement" between and among "interested parties" which she then further clarified and designated as meaning (1) the County Attorney (2) Representatives of the Cabinet for Health and Family Services (3) the minor child's Guardian Ad Litem (4) the substantiated perpetrator and/or his attorney.

Yet, in the wake of the parties' final hearing Plaintiff Ann Nicole Henson has sought production of this supposed "agreement" from Boyle County Attorney (Defendant) Christopher Herron, Defendant Janet Staton who served as Guardian Ad Litem on behalf of MJH (a minor child) within the companion Boyle County juvenile matter (18-J-174-001) and Defendant Marta Miranda-Straub who presently serves as the Commissioner for the Cabinet for Health and Family Services and to date none of the above named persons have produced the "agreement" referenced by Ms. Marlette during the course of her testimony on September 20, 2021.  Indeed, contrary to Ms. Marlette's position, Boyle County Attorney Christopher Herron by a letter dated May 17, 2021 upon official letterhead (hereto

attached as exhibit) expressly disavows there being any such agreement between and among the parties.

A person is said to have committed the offense of perjury in the first degree in violation of KRS §523.020 *when he or she makes a material false statement, which he or she does not believe: (a) in any official proceeding under an oath required or authorized by law; (Emphasis Added).* KRS §523.010(1) defines a "material false statement" *as "any false statement, regardless of its admissibility under the rules of evidence which could have affected the outcome of the proceeding."[3]*

In the present case, there can be no doubt that the materially false testimony offered by Ms. Brandy Marlette during the course of the parties' September 20, 2021 did influence the proceedings and the ultimate decision by Judge Samuel Todd Spalding given that within the resulting

---

[3] The Commentary to KRS 523.020 explains that the drafters of the Kentucky Penal Code intended a broad construction of "material": What is traditionally a troublesome element of the offense of perjury, the requirement of materiality has been included in virtually every modern revision as an element of first degree perjury. Although unduly narrow construction of the term has in many jurisdictions, impaired effective prosecution for perjury offenses, the rationale for retention of the requirement is that "a false answer to a trivial or irrelevant question will not usually hamper government and is unlikely to indicate antisocial propensities in the declarant." Such immaterial false statements should not be treated as constituting a serious crime.

In order to make the included requirement part of a practical and workable statutory scheme, which is not overly restrictive to prosecution, the definition of materiality (KRS 523.020(1)) specifically includes all false statements, which could have affected the outcome of the proceeding, regardless of the actual effect or admissibility of the statement. If the statement would tend to influence the course of the proceeding, the declarant is not exempt from criminal liability merely because he failed to object to the question on the basis of technical rules of evidence. This approach parallels the former requirement that the statement be relevant in some degree See, KRS 523.020, Official Commentary (Banks/Baldwin 1974)

Moreover, as the Court explained in the case of *Commonwealth v. Thurman* [i]t is not necessary that testimony, to be material, must relate to the principal issue in a case. It is sufficiently material if it has the potential to influence a tribunal or a jury." (Ky., 691 S.W. 2d. 213, at 215

"final order" as entered on October 8, 2021 he (Judge Spalding) wrote in

relevant part:

*50. Ms. Marlette testified, there are three ways a sexual abuse substantiation can be overturned. First an evidentiary hearing is conducted and the presiding Judge finds no merit to the petition. Second, if a substantiated perpetrator is successful on the administrative appeal. Third if the interested parties in the litigation including the County Attorney, Guardian Ad Litem and alleged perpetrator, sign an agreed order to dismiss the charges. Ms. Marlette further testified, the agreement to dismiss the petition fell within one of the three criteria for the Cabinet to change their initial finding of substantiation (Emphasis Added).*

Accordingly, in view of Plaintiff Ann Nicole Henson having established

that Mrs. Brandy Marlette did knowingly while under oath within an

official proceeding on September 20, 2021 make materially false

statements upon the record in violation of KRS §523.020(1)(a) in reply

pursuant to KRS §194A.030(1)(a)(6) Defendant Richard Dienst was

required to report the actions of Ms. Brandy Marlette to the Office of the

Inspector General as a result of her having engaged in dishonest,

unethical, and illegal conduct and in his (Dienst) having failed to do so the

false testimony previously offered by Ms. Marlette continues to taint the

prior order of court as entered on October 8, 2021 and authored by Judge

Samuel Todd Spalding whereby the legal effect is that one William Robert

Tudor an individual who, in truth, should have his named affixed to the

CA/N registry for the balance of his natural life as a substantiated

perpetrator of child sexual abuse in conformity with 922 KAR 1:470.

Nevertheless, Mr. Tudor continues to be afforded unfettered unsupervised

access via overnight visits with MJH (his minor child victim) as a direct result of Defendant Richard Dienst having both failed to take corrective action regarding regulatory violations by his colleagues and his refusal to report the dishonest, unethical, and illegal conduct undertaken his subordinate Brandy Marlette to the Office of the Inspector General for subsequent review and investigation in conformity with KRS §194A.030(1)(a)(6).

(f) Pursuant to an order of court authored by Judge Kimberly Blair Walson and entered by Clark County Circuit Court Clerk Martha Miller on August 30, 2019 and item number four (4) enumerated therein *"Julie Ferrell with the Office of Health and Family Services, Clark County Protection and Permanency Office shall investigate in full the previous Boyle County Cabinet Case (Intake ID 2759343/Boyle County action 18-J-174-001) and the Cabinet shall grant access to all documents and persons Ms. Ferrell sees fit to complete her investigation (Emphasis Added).*

In view of the plain language of Judge Kimberly Blair Walson's order as reproduced above it is clear that she (Judge Walson) desired to have Ms. Ferrell serve as an advisor to the court within the Clark County Circuit Court action accordingly, because Ms. Ferrell's proposed role in this particular matter was one of a professional advisor or investigator for the

court both KRS §403.290(2) and/or KRS §403.300 were and remain

wholly applicable.

KRS §403.290 reads in relevant part:

*(1) The court may interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation. The court may permit counsel to be present at the interview. The court shall cause a record of the interview to be made and to be part of the record in the case.*

*(2) The court may seek the advice of professional personnel, whether or not employed by the court on a regular basis.  The advice given shall be in writing and made available by the court to counsel upon request.  Counsel may examine as a witness any professional personnel consulted by the court. (Emphasis Added).*

KRS §403.300 reads in relevant part:

*(1) In contested custody proceedings, and in other custody proceedings if a parent or the child's custodian so requests, the court may order an investigation and report concerning custodial arrangements for the child. The investigation and report may be made by the friend of the court or such other agency as the court may select.*

*(2) In preparing his report concerning a child, the investigator may consult any person who may have information about the child and his potential custodial arrangements. Upon order of the court, the investigator may refer the child to professional personnel for diagnosis. The investigator may consult with and obtain information from medical, psychiatric, or other expert persons who have served the child in the past without obtaining the consent of the parent or the child's custodian; but the child's consent must be obtained if he has reached the age of 16, unless the court finds that he lacks mental capacity to consent. If the requirements of subsection (3) are fulfilled, the investigator's report may be received in evidence at the hearing.*

*(3) The clerk shall mail the investigator's report to counsel and to any party not represented by counsel at least 10 days prior to the hearing. The investigator shall make available to counsel and to any party not represented by counsel the investigator's file of underlying data, and reports, complete texts of diagnostic reports made to the investigator*

*pursuant to the provisions of subsection (2), and the names and addresses of all persons whom the investigator has consulted. Any party to the proceeding may call the investigator and any person whom he has consulted for cross-examination.  A party may not waive his right of cross-examination prior to the hearing*

KRS §403.290 and KRS §403.300 offer additional guidance as they do specifically delineate what is expected of a person appointed by the court in the capacity of a professional advisor or investigator in a custody case. Both statutes require that the report(s) of said persons be provided in writing to the court and to all parties involved within the case.

Secondarily, the rules require that the person making the report be subject to examination as a witness neither of which occurred in this instance as Mr. Ferrell failed to both present her findings within a written report and serve a copy of the same upon all parties' within Clark County Circuit Court Action (19-CI-445) nor did she personally appear and make herself available for cross-examination at the parties' December 5, 2019 evidentiary hearing which was, itself, a further violation of her statutory duties.

As a consequence of Ms. Ferrell having failed to both undertake an investigation into the matter and prepare and furnish a report both to the court and all parties' of record within Clark County Civil Action (19-CI-445) relating to the same in accordance with KRS §403.300 and subsequently appear in person and subject herself to cross-examination

relating to her review of the companion Boyle County juvenile matter and those materials she purports to have furnished to Judge Kimberly Blair Walson relating to the same in accordance with KRS §403.290(2), Ms. Ferrell did deprive Ms. Henson of her fundamental due process right to a fair trial. In Troxel v. Granville 530 US 37 (2000), the United States Supreme Court held that 'the interest of parents in the care, custody, and control of their children- is perhaps the oldest of the fundamental liberty interests recognized by the Court. The Court in Troxel went on to say "in light of this extensive precedent, it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children"

Additionally, the Supreme Court in Santosky v. Kramer, 455 U.S. 745 (1982) recognized that natural parents have a fundamental liberty interest in the care, custody, and management of their child wherein the court held that "[w]hen the State moves to destroy weakened family bonds, it must provide the parents with fundamentally fair procedures." Thus, given that Ms. Ferrell claims to have tendered materials relating to the prior Boyle County juvenile matter to Judge Kimberly Blair Walson for review and she (Judge Walson) seemingly purports to have based her decision within the parties' evidentiary hearing on December 5, 2019 on those materials in failing to both furnish a written copy of those materials to all parties' and

personally appear and submit herself to cross-examination relating to the same during the course of the parties' December 5, 2019 evidentiary hearing Ms. Ferrell denied Ms. Henson her right to due process and fundamentally fair procedures as required under the Fourteenth Amendment of the Constitution of the United States as she (Ms. Henson) is required pursuant to the resulting order of court entered by Circuit Court Clerk Martha Miller on December 17, 2019 to submit MJH (a minor child victim of sexual abuse) to weekly overnight unsupervised visitations with her perpetrator William Robert Tudor.

(g) On November 22, 2021 Ms. Henson sent a 28-page letter (hereto attached as an exhibit) to Cabinet Secretary Eric C. Friedlander, wherein Ms. Henson outlined in painstaking detail the facts and circumstances surrounding the dismissal of the companion juvenile matter by Boyle County Attorney Christopher Herron and why said dismissal could/cannot serve as a basis by which to amend the prior finding of substantiation against Mr. Tudor and further articulated how in having undertaken such actions the Cabinet was in direct violation of controlling Kentucky Administrative Regulations with particular reference to 922 KAR 1:330, 922 KAR 1:470 and 922 KAR 1:480 as well as certain portions of their Standards of Practice Manual with particular reference to §2.12, §3.18, §30.2, and §30.3 respectively.

Upon receipt of the same Secretary Eric C. Friedlander was required pursuant to KRS §194A.050(1) to enforce the above referenced administrative regulations as written and thereby ensure that all Cabinet personnel are conforming their conduct to operate within the bounds of controlling Kentucky Administrative Regulations and the Cabinet's Standards of Practice Manual.

In failing to enforce the controlling provisions of the Kentucky Administrative Regulations as written Defendant Eric C. Friedlander did cause sufficient injury to Plaintiff Ann Nicole Henson in that he permitted the Cabinet to arbitrarily and capriciously amend the prior investigative finding of substantiation for child sexual abuse rendered against one William Robert Tudor on January 4, 2019 to one of unsubstantiation despite the Cabinet lacking a sufficient basis in law to do so which in turn resulted in entry of an erroneous order of court by Judge Samuel Todd Spalding on October 8, 2021 wherein William Robert Tudor an individual who in conformity with 922 KAR 1:470 should be placed upon the CA/N registry for the balance of his natural life for having perpetrated an act(s) of sexual abuse upon MJH (a minor child). Instead, Mr. Tudor is permitted unfettered, unsupervised overnight visitations with her (MJH) in direct violation of Ms. Henson's constitutionally protected right to due process as it relates to the care, custody, and control of her minor child.

(h) By letter dated April 24, 2019 (hereto attached as an exhibit)
Defendant Ronnie Goldy Jr., was appointed to serve as a special
prosecutor upon the criminal investigation of one William Robert Tudor
relating to his having perpetrated act(s) of sexual abuse upon MJH (a
minor child) while the precise scope of his investigation into the matter
vis-à-vis his decision to decline to present the case to a Garrard County
Grand Jury and thereby seek formal indictment of Mr. Tudor in relation to
his having perpetrated an act(s) of sexual abuse upon MJH (a minor child)
what is known is that both prior to and in the wake of having tendered a
letter dated August 28, 2019 wherein he (Ronnie Goldy Jr.) declined to
pursue prosecution of the matter he (Ronnie Goldy Jr.) did violate the
statutory schema found within KRS §421.500 colloquially known as the
Crime Victim Bill of Rights by failing to both afford MJH (a minor child)
access to a victims advocate while simultaneously failing to provide
numerous notifications to both Plaintiff Ann Nicole Henson and/or MJH
(a minor child) despite the same being statutorily required of him.

 Given the lurid subject matter and sensitive nature of the case when
coupled with MJH's age (as she was but a child of five at the time of the
disclosure of the offense pursuant to KRS §421.500(2)) in his capacity as
a Commonwealth Attorney, Ronnie Goldy Jr. should have assigned a
victims advocate to aid MJH (a minor child) in the preservation of her
rights under the law so as to ensure that her voice was heard and given due

consideration in disposition of this matter. Yet, it was only through the diligent efforts of Plaintiff Ann Nicole Henson that contact occurred between MJH (a minor child) and Ms. Jennique Tipton who presently serves as a victims advocate within the Commonwealth Attorney's Office in Mount Sterling, Kentucky.

Moreover, while pursuant to KRS §421.500(5)(d) in sitting upon this case Defendant Ronnie Goldy Jr was statutorily required to make reasonable efforts to apprise both Plaintiff Ann Nicole Henson and/or MJH (a minor child) of (1) Protective emergency, social, and medical services; (4) Assistance from a Victims Advocate, (5) Community Based Treatment Programs and provide further notification that pursuant to KRS §15.247 as the victim of a crime MJH (a minor child) was entitled to receive protection from harm or threats of harm arising out of cooperation with law enforcement and prosecution efforts. Yet, notwithstanding the fact that all such actions were statutorily required Defendant Ronnie Goldy Jr., made no contact with nor extended referrals regarding any such services to Plaintiff Ann Nicole Henson on behalf of MJH (a minor child victim).

Indeed, a record of both email correspondence and audiographic recordings establish a pattern of inaction on the part of Defendant Ronnie Goldy Jr in that Plaintiff Ann Nicole Henson reached out to Mr. Goldy's office on at least two occasions as preserved upon audiographic recording

wherein she endeavored to arrange a meeting between and among herself and Defendant Ronnie Goldy Jr so as to present to him investigative materials that were inexplicably not retained within the Kentucky State Police investigative file.  While members of his office staff routinely offered "lip service" to Ms. Henson's request and acted as though such a meeting could be arranged and welcomed by Defendant Ronnie Goldy Jr no such meeting ever occurred.

Rather, Defendant Ronnie Goldy Jr without consultation and/or notification to Plaintiff Ann Nicole Henson and/or MJH (a minor child) in violation of KRS §421.500(6) decided to decline to prosecute the matter and only notified then Kentucky State Police Sergeant Joey Vorbek of the same via letter dated August 28, 2019. Indeed, neither Plaintiff Ann Nicole Henson nor MJH (a minor child) were formally served and/or furnished a copy of this letter by Defendant Ronnie Goldy Jr but rather only became aware of the same upon acquisition of the investigative file from Kentucky State Police upon their having closed the case.

The above notwithstanding on or about April 26, 2021 Defendant Ronnie Goldy Jr., received from Plaintiff Ann Nicole Henson a five (5) page letter (hereto attached as an exhibit) which itself also contained a corresponding Dropbox link to voluminous documentary evidence replete with audio and videographic records all of which served to illustrate in painstaking detail

prior mismanagement of both the criminal investigation as conducted by
Kentucky State Police and the corresponding Boyle County juvenile
matter (18-J-174-001).

In view of the materials contained within Plaintiff Ann Nicole Henson's
correspondence referenced above there existed sufficient grounds by
which Defendant Ronnie Goldy Jr should have reopened the criminal case
against one William Robert Tudor so that he could have then made a
presentation of the above referenced materials to a properly impaneled
Grand Jury within Garrard County, Kentucky and seek a formal
indictment against one William Robert Tudor for violation of KRS
§510.110.  Alternatively, at the very least, he should have met with
Plaintiff Ann Nicole Henson and clearly articulated a basis as to why
despite her presentation of materials within the course of April of 2021 he
(Defendant Ronnie Goldy Jr) was nevertheless choosing to remain
steadfast in his decision not to pursue prosecution of one William Robert
Tudor.  Regrettably, however, Defendant Ronnie Goldy Jr chose instead to
remain in complete dereliction of his duties and took no measure of
corrective action and made no effort to afford Plaintiff Ann Nicole Henson
and/or MJH (a minor child victim of sex abuse) any measure of protection
as afforded under the Crime Victims Bill of Rights thereby further
enabling one William Robert Tudor an individual whose name should in
accordance with Kentucky state law be placed upon the CA/N registry for

the balance of his natural life as a perpetrator of child sexual abuse continued unfettered, unsupervised access via overnight visitations with MJH (his minor child victim) in direct violation of the fundamental right to due process of law afforded Plaintiff Ann Nicole Henson via the Fourteenth Amendment of the Constitution of the United States.

(i) Pursuant to KRS §15.727 pursuant to his position as the Boyle County Attorney Defendant Christopher Herron is statutorily required to assist any child sexual abuse multidisciplinary team established in his circuit or county unless the Prosecutors Advisory Council has voted to relive him of this responsibility.

In the instant case, the inaugural multidisciplinary team was established within Boyle County, Kentucky within the course of 2019. Pursuant to KRS §431.600(1) the multidisciplinary team as established within Boyle County is comprised, at a minimum, of both social workers from within the Kentucky Cabinet for Health and Family Services and law enforcement officers.

Thus, in view of the statutory duties outlined above and Defendant Christopher Herron's ongoing statutory obligation to render assistance to members of the multidisciplinary team relating to their investigation of matters concerning child sexual abuse he (Herron) could not at any time

come before a court of competent jurisdiction and claim that the Cabinet

failed to conduct an investigation into matters relating to sexual abuse of a

minor child and/or take issue relating to any inadequacies therein as to do

so would necessarily implicitly place his own material failures upon

display given that he (Herron) is statutorily obligated to render assistance

to the multidisciplinary team.  Any perceived deficiencies therein would

necessarily and naturally be attributable to Defendant Christopher Herron

having rendered inadequate assistance relating to the same.


Moreover, Defendant Christopher Herron could not (as he did in this

instance) seek to prematurely dismiss the pending juvenile matter against

Mr. Tudor under false pretenses given that his having done so necessarily

impeded and wielded undue influence upon both ultimate disposition by

the Cabinet for Health and Family Services who sought to amend their

prior finding of substantiation to one of unsubstantiation as a direct result

of Mr. Herron's dismissal of the juvenile matter as well as the corollary,

and then active, criminal investigation of Mr. Tudor.  Insofar as given that

the standard of proof for conviction in a criminal matter within the

Commonwealth of Kentucky remains "beyond a reasonable doubt" while

within the confines of a Dependency Neglect and Abuse (hereinafter

DNA) action the Commonwealth is required to make but a showing

sufficient to establish a preponderance of the evidence, upon the wholly

fraudulent dismissal of the Boyle County juvenile matter (18-J-174-001)

by Defendant Christopher Herron law enforcement personnel investigating the corollary criminal matter were no doubt left with the mistaken impression that continued pursuit of a criminal indictment against Mr. Tudor was futile and a waste of departmental resources.

In short, at its essence the erroneous dismissal by Defendant Christopher Herron no doubt caused Kentucky State Police to presume that given the fact that presumably he (Herron) could not sufficiently establish Mr. Tudor's guilt pursuant to a preponderance evidentiary standard within the companion DNA action then they, themselves, would most assuredly be unable to establish criminal liability sufficient to show his guilt relating to violation of KRS §510.110 beyond a reasonable doubt.  Although this is a sentiment which, though not formally written, was obliquely referenced throughout the Kentucky State Police investigative file by both Commonwealth Attorney Defendant Clinton "Andy" Sims as well as Commonwealth Attorney Ronnie Goldy Jr as it related to their each having declined to pursue prosecution of the matter.

Indeed, the investigative file maintained by Kentucky State Police and released to Plaintiff Ann Nicole Henson via a formal open records request illustrates that dismissal of the companion Boyle County juvenile matter (18-J-174-001) did unequivocally influence both the Cabinet for Health and Family Services and their decision to amend the prior finding of

substantiation as rendered against Mr. Tudor to one of unsubstantiation as well as ultimate disposition of the criminal allegations against William Robert Tudor by Sergeant Joey Vorbeck of the Kentucky State Police as evidenced by the following service log entries reproduced in relevant part below:

**MONDAY MAY 13, 2019**

*"On this date I was notified via email by Megan Bosley who is the current D.C.B.S. worker on the Sexual Abuse Allegation. In the email it stated the hearing was conducted in Boyle County Family Court for P.T.C. Ms. Bosley the case was dismissed by Boyle County Attorney Chris Herron"* (Pg. 24 of 40 of KSP Investigative File Emphasis Added)

**TUESDAY MAY 21, 2019**

*"On or about this date, I contacted Ms. Bosley via phone in regards to the Family Court hearing. Ms. Bosley advised the case was dismissed and the Cabinet would be changing the findings from Substantiated to unsubstantiation"* (Pg. 24 of 40 of KSP Investigative File Emphasis Added)

Thus, rather than render assistance as statutorily required Defendant Christopher Herron actively impeded the efforts of the Boyle County multidisciplinary team members via his having accused social workers within the Cabinet for Health and Family Services of having failed to investigate MJH's allegations of child sexual abuse notwithstanding the fact that they are statutorily required to do so in accordance with KRS §620.040(1)(b) while simultaneously actively thwarting the investigative

efforts of Kentucky State Police via premature dismissal of the companion

Boyle County juvenile matter (18-J-174-001) as outlined above.

In truth, it was not a failure to investigate but rather ineptitude, as a result

of his having violated relevant Family Court Rules of Practice and

Procedure with specific reference to FCRPP 7 which barred Defendant

Christopher Herron from being permitted to call witnesses (including but

not limited to Cabinet personnel.)

FCRPP 7: reads:

1)  *Unless otherwise ordered by the court, in any action in which the permanent custody or time-sharing of the child(ren) is in issue, each party shall, not less than 14 days prior to the day set for hearing, provide the other party(ies) with a list of the names and addresses of every person and a short statement of the subject of their testimony, other than a parent or the child(ren) of the parents, expected to be called as a witness, as well as a list of exhibits to be entered. (Emphasis Added)*

Given that an adjudicatory hearing between the parties' was scheduled

to commence on May 20, 2019 wherein issues relating to both custody

and timesharing of MJH (a minor child) were necessarily among the

issues about which the court was going to be required to make a

determination, FCRPP 7 was and remains wholly applicable and there

is no evidence within the Certified Boyle County juvenile case file

(18-J-174-001) as maintained by Boyle County Circuit Court Clerk

Courtney Shewmaker of Defendant Christopher Herron having filed

and served any such witness and exhibit list upon all parties' within

the above referenced juvenile action on or before May 6, 2019 as required pursuant to FCRPP 7.

Accordingly, as a result of Defendant Christopher Herron having failed to timely file, or indeed file at all, the aforementioned witness and exhibit list he would have been by operation of the rule precluded from presenting witnesses and/or exhibits or soliciting any testimony from witnesses at the as then upcoming adjudicatory hearing between the parties.  Thus, to avoid having to acknowledge such failures upon the record before Judge Squire Williams and/or atone for his demonstrable mismanagement of the case Defendant Christopher Herron chose to deflect from his own shortcomings and proffer a false narrative relating to the Cabinet having failed to investigate the matter as discussed herein throughout prior portions of Plaintiff Ann Nicole Henson's complaint.

As a direct and proximate cause of Defendant Christopher Herron both failed to observe the statutory duties enumerated within KRS §15.727 while simultaneously violating FCRPP 7 whereby he chose to decline prosecution of the Cabinet's DNA petition against William Robert Tudor.  Rather than render assistance to members of the multidisciplinary team in a manner sufficient to permit him to be able to advance the case to a full and meaningful evidentiary hearing upon

the merits wherein he would have then been required to zealously advocate and pursue protections for and on behalf of MJH (a minor child victim of sexual abuse) against her perpetrator William Robert Tudor, Defendant Christopher Herron chose to perpetrate fraud upon the court and dismiss the matter under the false pretense of the Cabinet failed to conduct an investigation into the matter without affording Plaintiff Ann Nicole Henson fundamentally fair procedures relating to the same in direct violation of her Fourteenth Amendment right to due process under the law.

Consequently, MJH (a minor child victim of sexual abuse) has been returned to her perpetrator William Robert Tudor for unsupervised overnight visitations notwithstanding the fact that pursuant to controlling Kentucky state law Mr. Tudor is required to be designated a substantiated perpetrator of child sexual abuse and his name should be affixed to the CA/N registry for the balance of his natural life in conformity with 922 KAR 1:470 as the Cabinet was/is without substantial evidence sufficient to justify their amendment of the prior finding of substantiation against Mr. Tudor to one of unsubstantiation and their having done so was patently arbitrary and capricious as it was an impermissible agency action.

(j) On May 14, 2019 then Sergeant Joey Vorbeck of the Kentucky

State Police received an email from Defendant Megan N. Bosley

(hereto attached as an exhibit) wherein she indicated that Christopher

Herron the Boyle County Attorney had chosen to dismiss the case

against Mr. Tudor without prejudice and that Defendant Christine

Hmieleski had consulted with Defendant Kathy Perkins in regards to

changing the prior finding of substantiation to one of unsubstantiation.

Ms. Bosley further indicated that Defendant Kathy Perkins would

consult Eden Davis within the Office of Legal Services in regards to

changing the finding and that once the finding had been changed the

Cabinet would then notify Ms. Janet Humphrey-Cole in her capacity

as counsel of record for William Robert Tudor of the same.


The email correspondence between Sergeant Joey Vorbeck of

Kentucky State Police and Defendant Megan Bosley as referenced

above serves to prove both that it was Defendant Christine Hmieleski

and/or Defendant Kathy Perkins who undertook efforts to facilitate the

Cabinet's having changed the prior finding of substantiation as

rendered against Mr. Tudor on January 4, 2019 and that it was, indeed,

Defendant Christopher Herron's having chosen to dismiss the Boyle

County juvenile matter that precipitated the Cabinet's having changed

prior substantiated finding rendered against Mr. Tudor on January 4,

2019 to one of unsubstantiation.

Yet, all such actions undertaken by Defendant Christine Hmieleski were and remain in direct violation of both controlling portions of the Cabinet's Standards of Practice Manual including but not limited to §2.12, §30.2, and §30.3 and Kentucky Administrative Regulations 922 KAR 1:330, 922 KAR 1:470 and 922 KAR 1:480 respectively.

Pursuant to §1.1 of the Cabinet's Standards of Practice Manual Defendant Christine Hmieleski has an ongoing duty to be familiar with her responsibilities pursuant to the provisions within the Cabinet's Standards of Practice manual and although §2.12 of the Cabinet's Standards of Practice Manual does, in certain limited instances, permit the Cabinet to "change their finding to match that of the court." Notably, the Cabinet may only undertake such action in cases wherein the court has conducted an evidentiary hearing upon the petition and renders a finding therein.

In the present case, given that Defendant Christopher Herron moved for dismissal of the companion Boyle County juvenile matter prior to the court having conducted an evidentiary hearing upon the Cabinet's petition such that the court did not nor could not make a "finding" upon the Cabinet's petition.  The matter was simply dismissed at the request of Boyle County Attorney Christopher Herron such that the

dismissal could in no manner serve as a basis by which to permit the Cabinet to amend or otherwise disturb the prior investigative finding of substantiation for child sexual abuse rendered against Defendant William Robert Tudor on January 4, 2019.

Indeed, Defendant Christine Hmieleski in accordance with §1.1 of the Cabinet's Standards of Practice manual either knew or should have known the prior justifications offered by both she and the Cabinet (in relation to Herron's dismissal) stood in contravention to agency policy and evidence of the same can be reasonably inferred given that on April 24, 2020 Defendant Kathy Perkins made subsequent amendments to the "amend results tab" within Cabinet case number 1118935.  Within this amendment she indicates that the Cabinet's prior rationale relating to the change in finding vis-à-vis William Robert Tudor having been "court ordered" was selected in error and that in truth the finding had been amended as a result of a so-called "management decision" based upon both the Cabinet having conducted a review of the case wherein they purport to have discovered "new evidence" sufficient to amend the prior investigative finding pursuant to 922 KAR 1:480 §5 and/or §30.2 and §30.3 of the Cabinet's Standards of Practice manual.

In reply, Plaintiff Ann Nicole Henson stands firm in her contention
that in this instance the Cabinet was/is afforded no such discretion
given that by email dated November 18, 2021 Mr. Brian Isaacs (who
presently served as a branch manager within the Cabinet's Office of
the Ombudsman and Administrative Review) it was confirmed that
William Robert Tudor did not file a DPP-155 form wherein he sought
to formally challenge the prior finding of substantiation rendered
against him via the CAPTA fair hearing process.  The filing of the
DPP-155 form is, itself, a necessary condition in order for the Cabinet
to be able to undertake review of any prior investigative finding
relating to abuse or neglect of a child within the Commonwealth.
Thus, because Mr. Tudor failed to file an appeal of the Cabinet's prior
finding of substantiation (in accordance with 922 KAR 1:330§11(1)
922 KAR 1:480§3(a)(1)(2)) the original investigative finding must
remain and be strictly enforced and Defendant William Robert Tudor's
name was required (and is still required) to be placed upon the CA/N
registry for the balance of his natural life in accordance with 922 KAR
1:470.

The Cabinet's reliance upon 922 KAR 1:480§5 is wholly misplaced
as, again, in order to even be permitted to invoke the provisions of the
regulation and thereby attempt to justify the prior agency actions of the
Cabinet they (the Cabinet) would first have to make a showing that

Defendant William Robert Tudor did (1) formally and timely file and serve upon the Cabinet a DPP-155 form requesting an administrative hearing relating to the Cabinet's having previously rendered a finding of substantiation against him and (2) that he (Tudor) presented sufficient "substantial" evidence within that administrative hearing so as to warrant a change in the investigative finding by the Cabinet. However, in the absence of Mr. Tudor having filed a DPP-155 the Cabinet can undertake no review of the case.

Yet, in the instant case neither the Cabinet nor Defendant Christine Hmieleski can make any such a showing for while both William Robert Tudor and Mrs. Brandy Marlette did in violation of KRS §523.020 commit an act of perjury in the first degree when while under oath during the course of the parties' "final" hearing before Judge Samuel Todd Spalding they each falsely claimed that Mr. Tudor had in fact filed a DPP-155 form with the Cabinet, such claims are undercut both by the written statements of Branch Manager Brian Isaacs as outlined above as well as additional portions of Mr. Tudor's own testimony within the course of the parties' final hearing.  Before Judge Spalding Mr. Tudor acknowledged when under cross-examination from Ms. Henson, as evidenced within the videographic record VR 2021-09-20_13.13.59.296.wmv at 35:06-35:16, that he did not participate in an administrative hearing before the Cabinet thus

proving that he did not in fact file a DPP-155 form as previously claimed.  Had he done so the Cabinet would have necessarily been required to afford him a CAPTA hearing in conformity with §5106(a) of Title 42 of the United States Code which requires state agencies to implement appellate procedures relating to substantiated findings of abuse and/or neglect thus the absence of formal CAPTA proceedings within the instant action serve as indicia sufficient to infer that Mr. Tudor did not file a DPP-155 form despite his claims to the contrary.

The above notwithstanding, however, Defendant Christine Hmieleski and/or the Cabinet continued undaunted in their violation of both statutory and regulatory duties in that they (via Defendant Kathy Perkins) subsequently endeavored to claim that in accordance with §30.2 and/or §30.3 of the Cabinet's Standards of Practice manual Office of Legal Services (hereinafter) OLS was *"permitted direct that a finding be changed without ever having a CAPTA hearing or appeals on a service complaint" (Emphasis Added)*. Although §30.3 of the Cabinet's Standards of Practice manual does provide such a recitation of policy the same is wholly inapplicable in this instance given that by definition appeal of an investigative finding relating to substantiation of child abuse and/or neglect by the Cabinet does not fall within the scope of those circumstances that may be addressed via the Service Appeals Process enumerated within §30.3 of the Cabinet's

Standards of Practice Manual.  Thus, Ms. Perkins recitation that the

Cabinet may change their finding in the absence of a CAPTA hearing

as it relates to a service complaint is wholly inapplicable and

erroneous in this instance as any appeal filed by Mr. Tudor would not

fall within the scope of §30.3 of the Cabinet's Standards of Practice

Manual relating to disposition of service complaints but rather §30.2

relating to CAPTA appeals. Yet again, in this instance the same is

immaterial as Mr. Tudor did not formally seek appeal of the Cabinet's

prior finding of substantiation as rendered against him on January 4,

2019 thus there was and remains no legal basis by which the Cabinet

could amend their prior finding of substantiation.

Indeed, this must necessarily be the case given that in the wake of

Plaintiff Ann Nicole Henson having proffered that argument within the

course of the parties' "final" hearing before Judge Spalding by and

through Mrs. Brandy Marlette proffered yet a third explanation in

regard to their having amended the prior finding against Mr. Tudor to

one of unsubstantiation based upon entry of an "agreed order" by all

"interested parties."

Within the order of court authored by Judge Samuel Todd Spalding

and entered by Clark County Circuit Court Martha Miller on October

8, 2021 (see item 50 therein) Ms. Brandy Marlette further clarified and

identified (1) Boyle County Attorney Christopher Herron (2) Representatives of the Cabinet for Health and Family Services (3) Ms. Janet Staton (in her capacity as Guardian Ad Litem for MJH (a minor child) (4) Substantiated perpetrator William Robert Tudor by and through counsel Ms. Janet Humphrey-Cole as being the requisite parties' to the above referenced "agreed order".

Notwithstanding the above Plaintiff Ann Nicole Henson sought formal production of this so-called "agreed order" from each of the above named persons or entities to which in reply, none of the above named persons or entities has to date been able to produce a signed and filed copy of an "agreed order" dismissing the case against Mr. Tudor. Rather, as previously referenced herein by letter dated May 17, 2021 Defendant Christopher Herron expressly disavows having ever been party to any such "agreed order"

Moreover, even assuming arguendo that such an "agreed order" did exist it would necessarily appear within the certified copy of the Boyle County juvenile action (18-J-174-001) and be maintained by Boyle County Circuit Court Clerk Courtney Shewmaker such that in accordance with KRE 803(7) the absence of its appearance in the certified record serves to sufficiently prove that no such record does in fact exist.

Thus, in Defendant Christine Hmieleski having approved to amend the prior finding of substantiation rendered against William Robert Tudor to one of unsubstantiation she did so in violation of 922 KAR 1:330 which itself directs a substantiated perpetrator to the appellate process contained within 922 KAR §1:480. However, the appellate process, itself, remains wholly inapplicable in this instance given that Mr. Tudor neither timely filed nor indeed filed at all a DPP-155 formally requesting an administrative hearing concerning the prior finding of substantiation against him thus they were without any measure of discretion by which to review or in any manner disturb the prior finding of substantiation.

Additionally, the dismissal by Defendant Christopher Herron remains but a legally nullity given that it was done prior to an evidentiary hearing upon the Cabinet's petition such that the court made no finding as to the facts and allegations within the Cabinet's petition thus, the agency's initial amendment based upon the language found within §2.12 of their Standards of Practice Manual must be held in equal measure to have been erroneous nor was their any "agreed order" between and among the parties' despite the proffer of Ms. Brandy Marlette during the course of the parties' final hearing before Judge Samuel Todd Spalding relating to the same. Thus, there was no

basis by which Defendant Christine Hmieleski could have approved or permitted any change to the initial investigative finding of substantiation rendered against Mr. Tudor on January 4, 2019 and her having subsequently done so was and remains a direct violation of 922 KAR 1:330§3(2)(b) which states that in all such investigations the primary responsibility shall be the protection of the child. Clearly, this is a task at which both Defendant Christine Hmieleski, herself, and the Cabinet as a whole have notably failed such that as a result MJH (a minor child victim of sexual abuse) has been returned to her perpetrator William Robert Tudor for unsupervised overnight visitations.  The visits continue unabated notwithstanding the fact that pursuant to controlling Kentucky state law Mr. Tudor is required to be designated a substantiated perpetrator of child sexual abuse and his name should be affixed to the CA/N registry for the balance of his natural life in conformity with 922 KAR 1:470 in direct violation of Ms. Henson's right of both fundamental due process and fundamental fairness of procedure pursuant to the Fourteenth Amendment of the Constitution of the United States.

(k) By letter dated November 3, 2021 Defendant Carmine Iaccarino refused service of a lawful subpoena commanding both the personal appearance and production of documentary evidence by SSW Megan N. Bosley within the Clark County Circuit Court action of Tudor v.

Henson (19-CI-445). Pursuant to CR 45.03(1) *"A subpoena may be served in any manner that a summons might be served"* Accordingly, given that CR 4.04 governs service of process relating to the summons and other initiating documents pursuant to the plain language within CR 4.04(6) service of a subpoena upon the Kentucky Attorney General's Office requesting the appearance of Ms. Bosley at the parties' November 4, 2021 hearing before Judge Samuel Todd Spalding was necessarily permissible and wholly proper given that Ms. Bosley is employed by the Kentucky Cabinet for Health and Family Services and was sought in her professional capacity as an employee of the agency such that in accordance with the plain language of CR 4.04(6) in order to effectuate proper service of process upon an agency within the Commonwealth of Kentucky Plaintiff Ann Nicole Henson was required to effectuate service upon the office of the Kentucky Attorney General. Thus, in view of these facts, Defendant Carmine Iaccarino's refusal of a lawful and valid subpoena seeking both testimony and documents from Defendant Megan N. Bosley was in violation of both controlling rules of Kentucky Civil Procedure and did constitute an act of official misconduct pursuant to KRS 522.020(1)(c) and in so doing Defendant Carmine Iacarrino did deprive Ms. Henson of her fundamental right to due process and fundamental fairness of procedure as required under the Fourteenth Amendment of the Constitution of the United States through his having deprived Ms.

Henson of lawful access to the testimony and documentary evidence held by Defendant Megan N. Bosley thereby further aiding in the facilitation of entry of an erroneous order of the court as authored by Judge Samuel Todd Spalding and entered by Clark County Circuit Court Clerk Martha Miller on October 8, 2021 resulting in William Robert Tudor an individual previously substantiated by the Cabinet as having perpetrated an act(s) of sexual abuse upon MJH (a minor child) to be permitted continued unfettered unsupervised access via overnight visitations with MJH (his minor child victim) sufficiently hindering Ms. Henson's right to intimate association relating to decisions relating to the care, custody, and control of MJH (a minor child).

(l) On November 29, 2021 Ms. Henson sent a 28-page letter (hereto attached as an exhibit) to Inspector General Adam Mather, wherein Ms. Henson outlined in painstaking detail the facts and circumstances surrounding the dismissal of the companion juvenile matter by Boyle County Attorney Christopher Herron.  Included within this letter was her analysis as to why said dismissal could/cannot serve as a basis by which to amend the prior finding of substantiation against Mr. Tudor and further articulated how, in having undertaken such actions, the Cabinet was in direct violation of controlling Kentucky Administrative Regulations with particular reference to 922 KAR 1:330, 922 KAR 1:470 and 922 KAR 1:480 as well as certain portions of their

Standards of Practice Manual with particular reference to §2.12, §3.18, §30.2, and §30.3 respectively.

Upon receipt of the same in accordance with KRS §194A.030(c)(5) Defendant Inspector General Adam Mather was statutorily required to report and furnish copies of those materials as tendered by Plaintiff Ann Nicole Henson to appropriate prosecutorial authorities as they served to evidence that on September 20, 2021 while under oath before Judge Samuel Todd Spalding within the matter of <u>Tudor v. Henson</u> Ms. Brandy Marlette did commit an act(s) of perjury in the first degree in violation of KRS §523.020(1)(a) when while under oath she made materially false[4] statements upon the record wherein she claimed that (1) Mr. Tudor had in fact filed a DPP-155 form wherein he sought to formally challenge the prior finding of substantiation for child sexual abuse rendered against him by the Cabinet on January 4, 2019. (2) As a result of an "agreement" between and among so-called "interested parties" which Ms. Marlette then went on to clarify necessarily included (1) Boyle County Attorney Christopher Herron (2) Representatives of the Cabinet for Health and Family Services (3)

---

[4] For a thorough discussion of the "materiality" requirement as it relates to acts of perjury under KRS §523.020 you may review the Official Commentary within KRS §523.020 as authored by Banks/Baldwin and/or FN 7 herein though there can be little doubt as to the "materiality" of Ms. Marlette's false statements and their impact upon Judge Samuel Todd Spalding's disposition within the companion Clark County Circuit Court action as the contents of Ms. Marlette's statements were memorialized within item 50 of the Findings of Fact and Conclusions of Law as authored by Judge Samuel Todd Spalding and entered by Clark County Circuit Court Clerk Martha Miller on October 8, 2021 and by Judge Spalding's own admission served as the basis by which he (Spalding) determined that the Cabinet had sufficient agency discretion by which to amend their prior investigative finding of substantiation as rendered against William Robert Tudor on January 4, 2019 to one of unsubstantiation

Defendant Janet Staton in her capacity as Guardian Ad Litem on behalf of MJH (a minor child) and (4) Substantiated Perpetrator William Robert Tudor by and through counsel Ms. Janet Humphrey-Cole the Cabinet was afforded sufficient agency discretion by which to amend the prior finding of substantiation against Mr. Tudor to one of unsubstantiation. Ms. Marlette, Mr. Dienst, Tiffany Yahr, Mr. Tudor, nor Janet Humphrey-Cole offered on September 20, 2021 nor have been able since that date to produce either a DPP-155 as allegedly filed by Mr. Tudor nor any said "agreed order" as, in truth, neither exist.

In failing to submit materials relating to Ms. Brandy Marlette having committed an act of perjury in violation of KRS §523.020(1)(a) to prosecutorial authorities as is required pursuant to KRS §194A.030(c)(5) Defendant Adam Mather did cause sufficient injury to Plaintiff Ann Nicole Henson in that he permitted prior entry of an erroneous order of court by Judge Samuel Todd Spalding which was itself tainted by perjured testimony to stand the legal result of which is William Robert Tudor an individual who in conformity with 922 KAR 1:470 should be placed upon the CA/N registry for the balance of his natural life for having perpetrated an act(s) of sexual abuse upon MJH (a minor child). Instead, Mr. Tudor is permitted unfettered, unsupervised overnight visitations with her in direct violation of Ms.

Henson's constitutionally protected right to due process as it relates to the care, custody, and control of her minor child.

(m) On April 24, 2020 Defendant Kathy Perkins made further amendments to the Cabinet's Assessment Documentation Tool relating to case 1118935 wherein she claimed that the Cabinet having previously selected "court ordered" as the basis by which the Cabinet had amended the prior finding of substantiation against Mr. Tudor to one of unsubstantiation had been selected in error and that in truth the Cabinet had amended the prior finding of substantiation against Mr. Tudor pursuant to a so-called management decision and that they (the Cabinet) were vested with the authority to do so pursuant to 922 KAR 1:480(5) and/or §30.2 and/or §30.3 of the Cabinet's Standards of Practice manual  whereby the OLS was "permitted direct that a finding be changed without ever having a CAPTA hearing or appeals on a service complaint" (Emphasis Added).

While §30.3 of the Cabinet's Standards of Practice manual does provide such a recitation of policy the same is wholly inapplicable in this instance given that by definition an appeal of an investigative finding relating to substantiation of child abuse and/or neglect by the Cabinet does not fall within the scope of those circumstances that may be address via the Service Appeals Process enumerated within §30.3

of the Cabinet's Standards of Practice Manual.  Thus, Ms. Perkins

recitation that the Cabinet may change their finding in the absence of a

CAPTA hearing as it relates to a service complaint is wholly

inapplicable and erroneous.  In this instance, any appeal filed by Mr.

Tudor would not fall within the scope of §30.3 of the Cabinet's

Standards of Practice Manual relating to disposition of service

complaints but rather §30.2 relating to CAPTA appeals, yet, again in

this instance the same is immaterial as Mr. Tudor did not formally

seek appeal of the Cabinet's prior finding of substantiation as rendered

against him on January 4, 2019.  Furthermore, Mr. Tudor never

endeavored to file a service appeal either.


Accordingly, neither Ms. Perkins nor the Cabinet may endeavor to

claim that 922 KAR 1:480(5) §30.2 and/or §30.3 of the Cabinet's

Standards of Practice manual affords them sufficient discretion by

which to amend the prior investigative finding of substantiation

rendered against Mr. Tudor and as a result of Ms. Perkins having

endeavored to do so she was and remains in direct violation of 922

KAR 1:330§3(20(b) which states that in all such investigations the

Cabinet's primary responsibility shall be the protection of the child.

The same has proven to be a task at which both Defendant Kathy

Perkins and the Cabinet notably and demonstrably failed given that as

a result MJH (a minor child victim of sexual abuse) has been returned

to her perpetrator William Robert Tudor for unsupervised overnight visitations notwithstanding the fact that pursuant to controlling Kentucky state law Mr. Tudor is required to be designated a substantiated perpetrator of child sexual abuse and his name should be affixed to the CA/N registry for the balance of his natural life in conformity with 922 KAR 1:470 in direct violation of Ms. Henson's right of both fundamental due process and fundamental fairness of procedure pursuant to the Fourteenth Amendment of the Constitution of the United States.

(n) Subsequent to MJH (a minor child) having on June 27, 2018 disclosed an act(s) of sexual abuse perpetrated upon her by her father William Robert Tudor Defendant Clinton "Andy" Sims in his capacity as Commonwealth Attorney within Garrard County, Kentucky commenced an investigation into the matter despite the fact that he routinely shares a professional association with criminal suspect William Robert Tudor.

The nature of this conflict of interest is inherent given that at the time Mr. Tudor was employed as the K-9 officer at the Lancaster Police Department who often routinely served as an arresting officer and/or complaining witness in matters relating to the illegal use and/or

distribution of drugs and/or drug paraphernalia or other crimes within Defendant Clinton "Andy" Sims' jurisdiction. Notwithstanding this blatant and obvious conflict of interest, Defendant Andy Sims did not immediately recuse himself from the matter choosing instead to retain jurisdiction for a period of no fewer than 243 days during which time he (Sims) elected to decline to prosecute and dismiss the matter in the course of September of 2018 prior to his (Sims) having received any evidentiary materials relating to the same (as he (Sims) received no evidentiary materials regarding KSP's investigation of William Robert Tudor prior to March of 2019.) Thus, the same serves to prove that he (Sims) was far more preoccupied with preserving the integrity of those prosecutions within his circuit in which Mr. Tudor served as a complaining witness rather than cooperating with the enforcement of criminal and penal laws within the Commonwealth despite the same being among the statutory duties imposed upon him pursuant to KRS §15.725.

Additionally, much like Defendant Ronnie Goldy Jr. so too did Defendant Andy Sims commit violations of KRS §421.500 by failing to both afford MJH (a minor child) access to a victims advocate while simultaneously failing to provide numerous notifications to both Plaintiff Ann Nicole Henson and/or MJH (a minor child) despite the same being statutorily required of him.

Given the lurid subject matter and sensitive nature of the case when coupled with MJH's age as she was but a child of five at the time of the offense pursuant to KRS §421.500(2) in his capacity as a Commonwealth Attorney Clinton "Andy" Sims should have assigned a victims advocate to aid MJH (a minor child) in the preservation of her rights under the law so as to ensure that her voice was heard and given due consideration in disposition of this matter.

Moreover, while pursuant to KRS §421.500(5)(d) in sitting upon this case Defendant Clinton "Andy" Sims was statutorily required to make reasonable efforts to apprise both Plaintiff Ann Nicole Henson and/or MJH (a minor child) of (1) Protective emergency, social, and medical services; (4) Assistance from a Victims Advocate, (5) Community Based Treatment Programs and provide further notification that pursuant to KRS §15.247 as the victim of a crime MJH (a minor child) was entitled to receive protection from harm or threats of harm arising out of cooperation with law enforcement and prosecution efforts.

Yet, notwithstanding the fact that all such actions were statutorily required, Defendant Clinton "Andy" Sims provided no such notifications nor extended referrals regarding any such services to Plaintiff Ann Nicole Henson on behalf of MJH (a minor child victim)

choosing instead to summarily decline to pursue prosecution of the matter against Mr. Tudor without notification or input from Plaintiff Ann Nicole Henson and/or MJH (a minor child) in contravention to KRS §421.500(6).

Incredibly, notwithstanding the same, Defendant Clinton "Andy" Sims further failed in his duties toward Plaintiff Ann Nicole Henson when despite Henson having served him with a copy of a 30-page criminal complaint with exhibits wherein she alleged that Defendant William Robert Tudor in concert with Chief Rodney Kidd, Assistant Chief Ryan Hughes, and Sergeant Rick Shearer of the Lancaster Police Department did fabricate in whole or in part certain "armory files" in an effort to conceal the fact that Defendant William Robert Tudor (who was at that time employed at the Lancaster Police Department) was armed and working as an active duty police officer while under an active EPO. Sims took no action.

This course of conduct by Sims is made all the more troubling given that the EPO itself contained an express weapons confiscation provision yet, notwithstanding the same, in reply, he (Sims) merely destroyed and or discarded the complaint despite being statutorily required to forward a copy of the same to the Kentucky Attorney General's Office for further investigation and assignment of a "special

prosecutor in direct violation of his ongoing obligation as Commonwealth's Attorney to "cooperate in the enforcement of both the criminal and penal laws within the Commonwealth in accordance with KRS §15.725.

Accordingly, as a result of the statutory violations committed by Defendant Clinton "Andy" Sims outlined above and his patent refusal to equitably investigate and/or prosecute a criminal case against Defendant William Robert Tudor for his having perpetrated an act(s) of sexual abuse upon MJH (a minor child) in violation of KRS §510.110 Defendant Clinton "Andy" Sims has enabled and ensured that in contravention to Ms. Henson's right to due process and fundamental fairness under the law despite his both having been previously deemed a substantiated perpetrator of child sexual abuse and failing a polygraph examination as conducted by Kentucky State Police relating to his having perpetrated an act(s) of sexual abuse upon MJH (a minor child) Defendant William Robert Tudor is nevertheless permitted to continue to exercise routine unsupervised timesharing including overnight visitations between and among himself and MJH (his minor child victim of sexual abuse).

(o) Despite having been appointed by an order of court dated September 28, 2018 to serve the best interests of MJH (a minor child)

as a Guardian Ad Litem, Defendant Janet Staton did wantonly fail in those duties as further outlined within Appendix D of the Family Court Rules of Practice and Procedure (FCRPP) with particular reference to § (2)(12) which requires that a Guardian Ad Litem should:

*"conduct an independent investigation at every stage of the proceeding, before and after the jurisdictional/ dispositional phase of the proceedings, which should include obtaining and reviewing on an ongoing basis and to the extent allowable under state law (via subpoena, discovery, or court order)  child welfare agency records, service provider records, and all other relevant records for parents and children"*

Clearly Ms. Staton failed in this task within the present case, as evidenced by the fact that she could not at once have both conducted an independent investigation wherein she sought access to and reviewed investigative files retained by the Cabinet relating to matter 1118935 only to then subsequently choose to sit silently on May 13, 2019 as Defendant Christopher Herron sought dismissal of the companion Boyle County juvenile matter (18-J-174-001) upon wholly fraudulently and false pretenses (as discussed in greater detail in earlier portions of this complaint.)

Moreover, pursuant to §2(13) Ms. Staton was obligated to furnish MJH (a minor child) with ethical legal representation in which she (Staton) advocated for and sought to advance the best interest of MJH (a minor child) before the court yet, in this instance she can hardly be

said to have done so given that in sitting silently as Defendant Christopher Herron came before the court and fraudulently sought dismissal of the companion Boyle County juvenile matter (18-J-174-001) she (Staton) gave tacit approval to the same in contravention to the best interests of MJH (her minor child client.) As a result of her having violated her duties regarding representation under the FCRPP MJH (a minor child) is required to endure continued visitation with her perpetrator William Robert Tudor in direct contravention to Ms. Henson's fundamental right to due process and fairness of procedure pursuant to the constitutional protections afforded her under the Fourteenth Amendment of the Constitution of the United States.

(p) On November 22, 2021 Defendant Marta Miranda-Straub did receive the aforementioned 28-page correspondence wherein Plaintiff Ann Nicole Henson laid bare in painstaking detail precisely why the Cabinet having amended their prior investigative finding against Mr. Tudor from substantiation to one of unsubstantiation was arbitrary and capricious agency action to which in reply, to date Mrs. Straub has proffered no substantive reply. Notwithstanding the fact that KRS §194A.030(7) places a statutory duty upon her by virtue of her position as an agency head to both administer and be responsible for child and adult protection thus in her having failed to respond to Ms. Henson's inquiry Defendant Marta Miranda Straub clearly violated all

such statutory obligations as well as 922 KAR 1:330 §3(20)(b) requiring that the Cabinet's principal focus remain to provide for the safety of the child who is the subject of an investigation by the Cabinet.

Accordingly, in view of the flagrant violations of law and regulatory policy committed by the Cabinet within this particular case Defendant Marta Miranda-Straub is not permitted to continue to pursue a path of inaction and indifference on the part of the agency as it is indeed her wanton failure to uphold statutory duties that has permitted Defendant William Robert Tudor to be afforded continued unfettered access to MJH (his minor child victim) for routine unsupervised overnight visitations in direct contravention to Ms. Henson's fundamental right to due process and fairness of procedures in accordance with the Fourteenth Amendment of the Constitution of the United States.

(q) On November 22, 2021 Defendant Lisa Lee Williams received Ms. Henson's 28-page letter wherein she (Henson) described in painstaking detail the basis by which the Cabinet's having amended the prior investigative finding of substantiation for child sexual abuse against William Robert Tudor to one of unsubstantiation was arbitrary and capricious agency action whereby Defendant Lisa Lee Williams was and remains necessarily required to investigate the basis of Ms.

Henson's complaint as outlined within her November 29, 2021 correspondence.

Furthermore given that the Cabinet for Health and Family Services receives federal monies pursuant to §5106(a) of Title 42 of the United States Code pursuant to KRS 194A.030(1)(a)(3), Director Lisa Lee Williams was obligated to review the allegations levied against Cabinet representatives within Ms. Henson's November 29, 2021 letter and determine to what extent the conduct as alleged therein was both true and in direct violation of applicable federal and/or Kentucky state law.

In the present case the Cabinet having reached a decision to amend the finding of substantiation against one William Robert Tudor to one of unsubstantiation pursuant to a so-called "management decision" in reliance upon the policies and procedures enumerated within their Standards of Practice Manual is misplaced given that §5106(a) of Title 42 of the United States Code is the controlling source as to the governing law on this issue pursuant to the Supremacy Clause found within Article 6 §2 of the Constitution of the United States.

Pursuant to §5106(a)(B)(i) in order to be eligible for federal grant monies each state must implement procedures whereby a person

against whom the Cabinet for Health and Family services renders a finding of substantiation as a result for an act(s) of child abuse or neglect may seek to formally challenge any such finding via and Administrative Appeals process.

Within Kentucky when an investigation into a claim of child abuse or neglect results as it did here in a substantiated finding, accused perpetrators are given the right to challenge the initial substantiated finding through an administrative appeal colloquially referred to as a CAPTA appeal pursuant to the Cabinet's administrative regulations and Chapter 13B, of the Kentucky Administrative Procedures Act as enumerated within KRS §13B.005-§13B.170, 922 KAR 1:330§10, 922 KAR 1:480§§2,3, the corresponding applicable federal regulation can be found at 45 CFR §205.10.

In a CAPTA appeal persons, such as alleged perpetrator William Robert Tudor, would be afforded an administrative hearing before the agency upon his making of a timely request for the same in accordance with 922 KAR 1:330 §10(1); 922 KAR 1:480 §§2,3. Yet, in this instance given that William Robert Tudor did not timely file or indeed file at all the requisite DPP-155 form requesting an administrative hearing before the Cabinet seeking to formally challenge the finding of substantiation rendered against him on January 4, 2019 the Cabinet

was without any measure of discretion by which to amend, disturb, and/or modify the prior investigative finding of substantiation irrespective of any language to the contrary found within the agency's Standards of Practice Manual and/or Kentucky Revised Statutes. The procedures enumerated within 42 U.S.C. 5106(a) relating to appeal of a substantiated finding for abuse and/or neglect of a child are controlling pursuant to the Supremacy Clause found within Article 6 §2 of the Constitution of the United States.

Moreover, though Brandy Marlette made further perjurious declarations under oath before Judge Samuel Todd Spalding during the course of the parties' "final" hearing on September 20, 2021 in which she endeavored to claim that by agreement of "interested parties" which she further delineated as (1) Boyle County Attorney Christopher Herron, (2 ) The Cabinet for Health and Family Services  (3) Substantiated Perpetrator William Robert Tudor by and through counsel Janet Humphrey-Cole  (4) and then Guardian Ad Litem Janet Staton (See VR 2021-09-20_17.34.28.930.wmv beginning at 14:26-16:19 and that as a result of this so-called agreement between and among the parties to dismiss the case the Cabinet was afforded sufficient discretion by which to amend the prior finding of substantiation against Mr. Tudor.  Any such line of argumentation cannot be well-taken given that (1) no such agreement was ever

executed between and among the parties' and (2) by letter dated May 17, 2022 (hereto attached as an exhibit) Boyle County Attorney Christopher Herron unequivocally states, "we do not do agreed orders dismissing cases" thus proving Marlette's falsehood surrounding a so-called "agreement" between and among "interested parties" and even assuming arguendo that such an agreement had been entered an executed among all interested parties in accordance with §2.12 of the Cabinet's Standards of Practice Manual, Mr. Tudor would have necessarily had to be referred to the CAPTA appeals process and only upon a showing of his having prevailed therein could the prior investigative finding of substantiation be in any manner changed or amended.

Thus, in view of these facts and in accordance with KRS 194A.030(1)(a)(3), in undertaking an analysis as to whether the actions by the Cabinet in this particular case violated federal and/or state law Defendant Lisa Lee Williams was required to answer in the affirmative and take appropriate remedial agency action which in this instance required that she in accordance with KRS §194A.030(1)(a)(6) at a minimum formally report the administrative violations, dishonest, unethical and/or illegal conduct perpetrated by SSW Megan Bosley, SRA April Davis, Richard Dienst, FSOS Christine Hmieleski, Ms. Brandy Marlette and Ms. Kathy Perkins to the Office of the Inspector

General for further subsequent investigation, review, and disposition. Yet, despite such unambiguous statutory duties Ms. Williams has and continues to choose a path of inaction and marked silence.

Indeed, had Defendant Lisa Lee Williams conformed her conduct to statute as required and notified the Office of Defendant Adam Mather in his capacity as Inspector General within the Cabinet for Health and Family Services of the dishonest, unethical, and/or illegal conduct of the individuals named above pursuant to KRS §194A.030(1)(a)(6) he in turn, pursuant to KRS §194A.030(1)(c)(1), was necessarily required to conduct an independent investigation into the dishonest, unethical and illegal conduct of the individuals named above with further referral of Brandy Marlette's perjurious criminal conduct to appropriate prosecuting authorities as required pursuant to KRS §194A.030(1)(c)(5).  Her having failed to do so continues to permit Defendant William Robert Tudor who was himself previously designated by the Cabinet to be a substantiated perpetrator of child sexual abuse continued unfettered access to MJH (his minor child victim) via unsupervised overnight visitations in direct contravention to Ms. Henson's fundamental right to due process and fairness of procedure as both required and guaranteed under the Fourteenth Amendment to the Constitution of the United States.

### COUNT IV TORT OF OUTRAGE DEFENDANTS BOSLEY, HERRON, HMIELESKI, KIRKPATRICK, PERKINS, AND TUDOR

In order to recover under the tort of outrage, as adopted by the Court within Craft v. Rice 671 S.W.2d 247 (1984), in which the court adopted Section 46 of the Restatement (Second) of Torts (1965) Plaintiff Ann Nicole Henson must prove

1) the wrongdoer's conduct must be intentional or reckless;
2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;
3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and
4) the emotional distress must be severe.

See, also, Humana of Kentucky, Inc. v. Seitz, Ky., 796 S.W.2d 1, 2-3 (1990); See also, Brewer v. Hillard, Ky.App., 15 S.W.3d 1 (1999); Osborne v. Payne, Ky., 31 S.W.3d 911 (2000).

Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation contained within this complaint as if fully recited herein and further states as follows:

Defendants Tudor and Kirkpatrick jointly and severally, acted in a wanton, willful, deliberately indifferent, grossly negligent, reckless, and/or intentionally harmful manner with reckless disregard for Plaintiffs' Fundamental Constitutional Rights via their having maliciously sought to compel the court to hold Ms. Henson in criminal contempt for violation of an order of court that did not/does not exist in an effort to maliciously shift custody of MJH (a minor child) from Ms. Henson to Defendant William Robert Tudor notwithstanding his

having previously been identified by the Cabinet as a substantiated perpetrator of child sexual abuse.

Defendants Bosley, Herron, Hmieleski and Perkins jointly and severally, acted in a wanton, willful, deliberately indifferent, grossly negligent, reckless, and/or intentionally harmful manner with reckless disregard for Plaintiffs' Fundamental Constitutional Rights via their having arbitrarily and capriciously amended the prior investigative finding of substantiation against Mr. Tudor to one of unsubstantiation absent substantial evidence and/or sufficient legal discretion by which to do so such that MJH (a minor child victim of sexual abuse) has been returned to the hands of her perpetrator William Robert Tudor for routinely unsupervised weekly overnight visitations.

The conduct of these Defendants needs to be deterred and punished severely and each Defendant is therefore liable for punitive damages including those found under the common law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ann Nicole Henson demands as follows:

1. That, prior to consideration by the Court of any dispositive motion, the Court permit discovery herein as to information solely within the control of the Defendants so Plaintiff will have a full and fair opportunity to present her case;

2. A judgment, jointly and severally, against all Defendants on each cause of action in a fair and reasonable amount for compensatory damages;

3. A trial by jury;

4. For an award of punitive damages;

5. Pre and post judgment interest;

6. Recoupment of all court costs and expenses associated with this action;

7. Leave to amend her Complaint to add additional causes of action that may be revealed during the course of discovery; and

8. Any other relief whether the same shall lie in law or in equity to which Plaintiff Ann Nicole Henson appears to be reasonable entitled.

RESPECTFULLY SUBMITTED,

*Ann Nicole Henson*

/s/ Ann Nicole Henson Pro Se Plaintiff

463 West Lexington Avenue
Danville, Kentucky 40422
(859) 583-5744 Phone
anhdocs@yahoo.com Email

## CERTIFICATE OF SERVICE

Plaintiff Ann Nicole Henson hereby certifies that on October 7, 2022 she filed in person with Boyle County Circuit Clerk Cortney Shewmaker a paper copy of the foregoing complaint and a USB/Flash drive containing an electronic copy of said complaint and all exhibits.  Plaintiff Ann Nicole Henson also served upon Boyle County Clerk Cortney Shewmaker nineteen (19) additional USB/Flash drives containing an electronic copy of her Verified Complaint as well as all exhibits as well as a copy of the VERIFICATION to be served upon each named Defendant alongside their summons.

A summons and USB/Flash drive containing Plaintiff Ann Nicole Henson's Verified Complaint and exhibits shall be served via Certified Mail by Boyle County Circuit Court Clerk Cortney Shewmaker upon the following Defendants:

Amy Catherine Burke
KYOAG Criminal Division
1024 Capital Center Drive
Frankfort, Kentucky 40601
502-696-5395
Amy.burke@ky.gov

Megan N. Bosley
CHFS/DCBS Mercer County Protection and Permanency
677 Beaumont Plaza Street
Harrodsburg, Kentucky 40330
859-734-5448
Megan.bosley@ky.gov

Janet Humphrey-Cole
100 South Main Street
Nicholasville, Kentucky 40356
859-881-0708
Janet@janethumphreylaw.com

April Davis
Department for Community Based Services
455 Park Place, Suite 120 A
Lexington, Kentucky 40511
859-246-2298
April.davis@ky.gov

Richard Dienst
Office of the Ombudsman and Administrative Review – Quality Advancement Branch
275 East Main Street, 2E-O
Frankfort, Kentucky 40601
502-564-5497
Richard.dienst@ky.gov

Julie Ferrell
CHFS/DCBS Clark County Protection and Permanency
1113 Pioneer Drive
Winchester, Kentucky 40391
859-737-7771
Julier.ferrell@ky.gov

Eric Friedlander
Office of the Secretary
275 East Main Street, 5W-A
Frankfort, Kentucky 40621
502-564-7042
Eric.friedlander@ky.gov

Ronnie Goldy Jr.
373 Circle Drive
Morehead, Kentucky 40351
859-498-0911
Rgoldy@prosecutors.ky.gov

Christopher Kala Herron
Boyle County Attorney
321 West Main Street, Courthouse Room 120
Danville, Kentucky 40422
859-238-1100 ext 2
Chris.herron@boyleky.com

Christine Hmieleski
DCBS/Protection and Permanency
1714 Perryville Road, Suite 550
Danville, Kentucky 40422
859-239-7105

Christine.hmieleski@ky.gov

Carmine G. Iaccarino
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
502-696-5300
Carmine.iaccarino@ky.gov

Ryan Kirkpatrick
115 Pettus Court
Stanford, Kentucky 40484
859-339-4530
547Outfitters@gmail.com

Adam Mather
Office of the Inspector General
275 East Main Street, Suite 5E-A
Frankfort, Kentucky 40621
502-564-2888
Adam.mather@ky.gov

Kathy Perkins
Boyle County Health Department
448 South Third Street
Danville, Kentucky 40422
859-236-2053 ext 248
KathyL.Perkins@ky.gov

Clinton "Andy" Sims
104 Richmond Avenue
Nicholasville, Kentucky 40356
859-887-2722
Asims@prosecutors.ky.gov

Janet Staton
439 West Walnut Street
Danville, Kentucky 40422
859-236-1243
Janet_staton@bellsouth.net

Marta Miranda-Straub
DCBS Office of the Commissioner
275 East Main Street, 3W-A
Frankfort, Kentucky 40621
502-564-3703
Marta.mirandastraub@ky.gov

William Robert Tudor
703 Jim Clark Road
Lancaster, Kentucky 40444
859-339-1145
William_tudor1@mymail.eku.edu

Lisa Lee Williams
Office of the Ombudsman and Administrative Review
275 East Main Street, 2E-O
Frankfort, Kentucky 40621
502-564-5497
Lisa.williams@ky.gov

RESPECTFULLY SUBMITTED,

/s/ Ann Nicole Henson Pro Se Plaintiff

463 West Lexington Avenue
Danville, Kentucky 40422
(859) 583-5744 Phone
anhdocs@yahoo.com Email

## VERIFICATION

**Plaintiff Ann Nicole Henson states that the foregoing Verified Complaint and the statements contained herein are true and correct based upon her opinion and belief.**

_____

**Plaintiff Ann Nicole Henson**
**Date: October 7, 2022**

**Commonwealth of Kentucky**

**County of Boyle**

The foregoing instrument, Verified Complaint of one Ann Nicole Henson and exhibits

(upon via usb/flash drive) was sworn and acknowledged before me this 7th day of

October 2022 by Plaintiff Ann Nicole Henson.

_____

Notary Public/Circuit Court Clerk

_____

Title/Rank

My Commission Expires:_____

Notary number/serial number(if any):_____

## VERIFICATION

Plaintiff Ann Nicole Henson states that the foregoing Verified Complaint and the statements contained herein are true and correct based upon her opinion and belief.

Plaintiff Ann Nicole Henson
Date: October 7, 2022

Commonwealth of Kentucky

County of Boyle

The foregoing instrument, Verified Complaint of one Ann Nicole Henson and exhibits

(upon via usb flash drive) was sworn and acknowledged before me this 7th day of

October 2022 by Plaintiff Ann Nicole Henson.

Notary Public/Circuit Court Clerk

Title/Rank

My Commission Expires: 9/15/2026

Notary number/serial number(if any): KYNP 58952

**Commonwealth of Kentucky**
**Boyle County**
**Cortney Shewmaker**
**Circuit Court Clerk**

**Receipt Number: 02-0041129-A**
**DATE: 10/07/2022**
**TIME: 02:48 PM**
**\*\*\* (I) CIRCUIT CIVIL-FILING \*\*\***

**CASE NO: 22-CI-00320**

**RECEIVED FROM: ANN NICOLE HENSON**

**ACCOUNT OF: HENSON VS. ET AL**

**PARTY NAME: HENSON, ANN**

| | | |
|---|---|---|
| 1. | Civil Filing Fee (Q) | 150.00 |
| 2. | ATJ Fee (1) | 20.00 |
| 3. | Court Technology MCFO(K(CT)) | 20.00 |
| 4. | Library Fee (L) | 1.00 |
| 5. | Court Facilities Fee (J) | 25.00 |
| 6. | Att Tax Fee MCFO(K(Q)) | 5.00 |
| 7. | Postage MCFO(K(H)) | 269.23 |
| 8. | Jury Demand / 12 CS(W(M)) | 70.00 |
| | **TOTAL:** | **$560.23** |

| | |
|---|---|
| **CREDIT CARD:** | **$560.23** |
| **\*\*\*DIFF:** | **0.00** |

**\*\*\* Check Number:**
**\*\*\* Credit Card Invoice #: 151079671**
**Balance Due :**

**Prepared By: Robin Hart**
**Pay Online Visit:**
**www.kycourts.gov and click on Pay Fine/Fee.**
**Payer**                                              **Page 1 of 1**

NOT ORIGINAL DOCUMENT
10/31/2022 11:19:26 AM
82728

Filed          22-CI-00320          10/21/2022          Cortney Shewmaker, Boyle Circuit Clerk

FILED ELECTRONICALLY

### COMMONWEALTH OF KENTUCKY
### BOYLE CIRCUIT COURT
### CIVIL ACTION NO. 22-CI-00320

ANN NICOLE HENSON                                           **PLAINTIFF**

v.                    **NOTICE OF ENTRY OF APPEARANCE**

AMY BURKE (in her individual capacity), ET AL               **DEFENDANTS**

* * * * * * * * * * * *

Comes the law firm of Sturgill, Turner, Barker & Moloney, PLLC, through undersigned counsel, and hereby enters an appearance on behalf of the Defendant Bryan Kirkpatrick in this civil action. It is respectfully requested that the clerk and counsel direct or copy all future pleadings and orders in the case to the attention of Charles D. Cole and Maureen Malles.

Respectfully submitted,

**STURGILL, TURNER, BARKER & MOLONEY, PLLC**

BY:    /s/ *Charles D. Cole*
       Charles D. Cole (KBA No. 86977)
       Maureen C. Malles (KBA No. 98534)
       333 West Vine Street, Suite 1500
       Lexington, Kentucky 40507
       Telephone:  859-255-8581
       Facsimile:  859-231-0851
       Email: ccole@sturgillturner.com
              mmalles@sturgillturner.com
       ATTORNEYS FOR DEFENDANTS

EA : 000001 of 000002

Filed          22-CI-00320      10/21/2022      Cortney Shewmaker, Boyle Circuit Clerk

NOT ORIGINAL DOCUMENT
10/31/2022 11:19:26 AM
82728

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system.

I further certify that I served this document via email and U.S. mail, first class, postage prepaid, to the following:

Ann Nicole Henson                                     anhdocs@yahoo.com
463 West Lexington Avenue
Danville, KY 40422
PRO SE PLAINTIFF


                              /s/ Charles D. Cole
                              *Attorney for Defendants*

01577050.DOC

NOT ORIGINAL DOCUMENT
10/31/2022 11:20:24 AM
82728

COMMONWEALTH OF KENTUCKY
BOYLE CIRCUIT COURT
DIVISION I
CASE NO. 22-CI-00320
*Electronically filed*

ANN NICOLE HENSON,

    *Plaintiff*

v.

AMY CATHERINE BURKE, *et al.*,

    *Defendants*

---

## ENTRY OF APPEARANCE

---

Please take notice that the undersigned counsel, Aaron J. Silletto and Jeremy

J. Sylvester, hereby enter their appearances as counsel of record in this action for

Defendants Amy Burke and Carmine Iaccarino. The undersigned respectfully request

that the Court and counsel note this appearance in addressing all future pleadings,

motions, orders, notices, and correspondence.

    Respectfully submitted,

    */s/ Jeremy J. Sylvester*
    Aaron J. Silletto (No. 89305)
    Jeremy J. Sylvester (No. 92771)
    Office of the Attorney General
    700 Capital Avenue, Suite 118
    Frankfort, Kentucky 40601
    Phone: (502) 696-5300
    Aaron.Silletto@ky.gov
    Jeremy.Sylvester@ky.gov
    *Counsel for Defendants,*
    *Amy Burke and Carmine Iaccarino*

1

EA : 000001 of 000003

NOT ORIGINAL DOCUMENT
10/31/2022 11:20:24 AM
82728

# CERTIFICATE OF SERVICE

I certify that on October 27, 2022, a copy of the above was filed electronically with the Court and served through the Court's electronic filing system on the following counsel of record:

Charles D. Cole
Maureen C. Malles
Sturgill, Turner, Barker
& Moloney, PLLC
333 West Vine Street, Suite 1500
Lexington, Kentucky 40507
*Counsel for Defendant*
*Bryan Kirkpatrick*

Copies were also served on the following by U.S. Mail:

Ann Nicole Henson
463 West Lexington Avenue
Danville, Kentucky 40422
*Plaintiff, pro-se*

Megan Bosley
677 Beaumont Plaza Street
Harrodsburg, Kentucky 40330
*Defendant*

Janet Humphrey-Cole
100 South Main Street
Nicholasville, Kentucky 40356
*Defendant*

April Davis
455 Park Place, Suite 120A
Lexington, Kentucky 40511
*Defendant*

Richard Deinst
275 East Main Street, 2E-O
Frankfort, Kentucky 40601
*Defendant*

Julie Ferrell
1113 Pioneer Drive
Winchester, Kentucky 40391
*Defendant*

Ronnie Goldy, Jr.
373 Circle Drive
Morehead, Kentucky 40351
*Defendant*

Christopher Herron
321 West Main Street
Courthouse Room 120
Danville, Kentucky 40422
*Defendant*

Christine Hmieleski
1714 Perryville Road, Suite 550
Danville, Kentucky 40422
*Defendant*

Adam Mather
275 East Main Street, Suite 5E-A
Frankfort, Kentucky 40621
*Defendant*

2

Filed          20-CI-00320      10/27/2022      Cortney Shewmaker, Boyle Circuit Clerk

NOT ORIGINAL DOCUMENT
10/31/2022 11:20:24 AM
82728

Kathy Perkins
448 South Third Street
Danville, Kentucky 40422
*Defendant*

Janet Staton
439 West Walnut Street
Danville, Kentucky 40422
*Defendant*

William Robert Tudor
703 Jim Clark Road
Lancaster, Kentucky 40444
*Defendant*

Erik Friedlander
275 East Main Street, 5W-A
Frankfort, Kentucky 40621
*Defendant*

Clinton "Andy" Sims
104 Richmond Avenue
Nicholasville, Kentucky 40356
*Defendant*

Marta Miranda – Straub
275 East Main Street, 3W-A
Frankfort, Kentucky 40621
*Defendant*

Lisa Lee Williams
275 East Main Street, 2E-O
Frankfort, Kentucky 40621
*Defendant*


*/s/ Jeremy J. Sylvester*
*Counsel for Defendants,*
*Amy Burke and*
*Carmine Iaccarino*

3

EA : 000003 of 000003

AOC-104
Rev. 7-22
Page 1 of 1

Doc. Code: CCCS

Commonwealth of Kentucky
Court of Justice    *www.kycourts.gov*

**CIVIL CASE COVER SHEET**

Case No.: *320*
Court: *Circuit*
County: *Boyle*
Division: *Civil*

PLAINTIFF/PETITIONER *OR* IN RE/IN THE INTEREST OF:
Ann Nicole Henson

**FILED**

DEFENDANT/RESPONDENT, *if applicable:*
Amy Burke; Megan N. Bosley et al

OCT 0 7 2022

CORTNEY SHEWMAKER, CLERK
BOYLE CIRCUIT COURT

☑ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF**
(a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:**   Place a "X" to the left of the *ONE* case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
- ☐ Dissolution/Divorce with Children (DISSOC)
- ☐ Dissolution/Divorce without Children (DISSO)
- ☐ Paternity (PA)
- ☐ Custody (CUSTO)
- ☐ Child Support IV-D (SUPIV)
- ☐ Child Support Private Non IV-D (SUPPRI)
- ☐ URESA/UIFSA (UR)
- ☐ Visitation/Parenting Time (VISIT)
- ☐ Voluntary Termination of Parental Rights (VTPR)
- ☐ Involuntary Termination of Parental Rights (ITPR)
- ☐ Adoption (ADPT)
- ☐ Other: (DFOTH) _____

**PROBATE / ESTATE**
- ☐ Guardianship-Adult (GCADLT)
- ☐ Guardianship-Juvenile (GCJUV)
- ☐ Adult Conservatorship - Trusteeship (CONSVA)
- ☐ Juvenile Conservatorship - Trusteeship (CONSVJ)
- ☐ Probate-Testate (with a will) (PBTEST)
- ☐ Probate-Intestate (without a will) (PBINT)
- ☐ Petition to Dispense with Administration (PBDIS)
- ☐ Name Change (NC)
- ☐ Will Contest (WC)
- ☐ Other: (PBOTH) _____

**TORT** (Injury)
- ☐ Automobile (AUTO)
- ☐ Intentional (INTENT)
- ☐ Malpractice-Medical (MDML)
- ☐ Malpractice-Other (MLOTH)
- _____
- ☐ Premises Liability (PREM)
- ☐ Product Liability (PROD)
- ☐ Property Damage (PD)
- ☐ Slander/Libel/Defamation (SLAND)
- ☑ Other: (PIOTH)
  1983 ect

**REAL PROPERTY**
- ☐ Abandoned and Blighted Property Conservatorship (PC)
- ☐ Property Rights (PR)
- ☐ Condemnation (DOMAIN)
- ☐ Forcible Detainer - Eviction (FD)
- ☐ Forcible Entry (FENTRY)
- ☐ Foreclosure (FCL) *eFile Only
- ☐ Other: (COOTH) _____

**EMPLOYMENT**
- ☐ Employment-Discrimination (DSCR)
- ☐ Employment-Other (DISPU)

**CONSUMER**
- ☐ Seller Consumer Goods (DEBTG)
- ☐ Seller Consumer Services (DEBTS)
- ☐ Buyer Consumer Goods (BUYERG)
- ☐ Buyer Consumer Services (BUYERS)
- ☐ Credit Card Debt (CREDIT) *eFile Only
- ☐ Fraud (FRAUD)
- ☐ Other: (COOTH) _____

**APPEALS**
- ☐ Appeal from Administrative Agency (AB)
- ☐ Appeal from District Court (XI)
- ☐ Other: (OTH) _____

**MISC CIVIL**
- ☐ Constitutional Challenge (CCHAL)
- ☐ Habeas Corpus (HABEAS)
- ☐ Non-Domestic Relations Restraining Order (IP)
- ☐ Tax (TAX)
- ☐ Writs (WRITS)
- ☐ Other: (OTH) _____

**BUSINESS / COMMERCIAL**
- ☐ Business Tort (BCPI)
- ☐ Statutory Action (BCSA)
- ☐ Business Contract Dispute (BCCO)
- ☐ Other: (BCOTH) _____



| AOC-S-105    Sum Code: CI | | Case Nu.    t **22-CI-00320** |
| --- | --- | --- |
| Rev. 7-99 | | Court CI |
| **Commonwealth of Kentucky** | | County BOYLE |
| **Court of Justice** | | |
| **CR 4.02; Cr Official Form 1** | **Civil Summons** | |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

BOSLEY, MEGAN N.
CHFS/DCBS MERCER CO. PROT. & PERMANENCY
677 BEAUMONT PLAZA STREET
HARRODSBURG                    KY    40330

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

Proof of Service

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[ ] Not Served because: _____

Date: _____                                    Served by: _____

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $ _____
☐ Return Receipt (electronic)    $ _____          Postmark
☐ Certified Mail Restricted Delivery $ _____         Here
☐ Adult Signature Required       $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$       Megan Bosley
**Total Postage and Fees**
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

CI    22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



| | | Generated: 10/11/2022 |
|---|---|---|

AOC-S-105   Sum Code: CI
Rev. 7-99

**Commonwealth of Kentucky**
**Court of Justice**
CR 4.02; Cr Official Form 1



Case Nu.   **22-CI-00320**
Court   CI
County   BOYLE

**Civil Summons**

*Plaintiff,* HENSON, ANN NICOLE *VS.* BURKE, AMY CATHERINE , ET AL, *Defendant*

HUMPHREY-COLE, JANET
100 SOUTH MAIN ST.
NICHOLASVILLE          KY     40356

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____, DC

Date: 10/07/2022

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[ ] Not Served because: _____

Date: _____, 2_____          _____
                                                              Served by

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To          *Janet Humphrey-Cole*
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

...ON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL

AOC-S-105   **Sum Code: CI**
Rev. 7-99

**Commonwealth of Kentucky**
**Court of Justice**
**CR 4.02; Cr Official Form 1**



Case Nu   **22-CI-00320**
Court   CI
County   BOYLE

**Civil Summons**

*Plaintiff,* HENSON, ANN NICOLE  VS: BURKE, AMY CATHERINE , ET AL, *Defendant*

DIENST, RICHARD
OMBUDSMAN AND ADM. REVIEW, QUALITY ADV.
275 EAST MAIN ST., 2E-0
FRANKFORT                KY      40601

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/17/2022

**Proof of Service**

Complaint (or other initiating document)

_____

Served by

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____
Postmark
Here
Postage
$
Total Postage and Fees
$          Richard Dienst
Sent To
Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7016 0910 0000 8471 3917

CI   22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL





| AOC-S-105    Sum Code: CI | | Case No.  **22-CI-00320** |
|---|---|---|
| Rev. 7-99 | | Court  CI |
| **Commonwealth of Kentucky** | | County  BOYLE |
| **Court of Justice** | | |
| CR 4.02; Cr Official Form 1 | **Civil Summons** | |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

FERRELL, JULIE
CHFS/DCBS CLRK COL PROT. & PERMANENCY
1113 PIONEER DRIVE
WINCHESTER                    KY    40391

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

**Proof of Service**

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[  ] Not Served because: _____

Served by _____

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
[ ] Return Receipt (hardcopy)         $ _____
[ ] Return Receipt (electronic)        $ _____        Postmark
[ ] Certified Mail Restricted Delivery  $ _____        Here
[ ] Adult Signature Required           $ _____
[ ] Adult Signature Restricted Delivery $ _____
Postage
$                                    *Julie Ferrell*
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

7016 0910 0000 8471 3924

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

---

CI   22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



| AOC-S-105    Sum Code: CI | | Case Num | 22-CI-00320 |
| Rev. 7-99 | | Court | CI |
| |  | County | BOYLE |
| **Commonwealth of Kentucky** | | | |
| **Court of Justice** | | | |
| **CR 4.02; Cr Official Form 1** | **Civil Summons** | | |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

FRIEDLANDER, ERIC
OFFICE OF THE SECRETARY
275 EAST MAIN ST., 5W-A
FRANKFORT            KY    40621

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

Proof of Service

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)

Served by _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
| --- | --- |
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  *Eric Friedlander*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7004 1410 0002 0085 9378

CI   22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



| AOC-S-105   Sum Code: CI<br>Rev. 7-99 | | Case Num. **22-CI-00320** |
| --- | --- | --- |
| **Commonwealth of Kentucky**<br>**Court of Justice**<br>CR 4.02; Cr Official Form 1 | <br>**Civil Summons** | Court CI<br>County BOYLE |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

> GOLDY JR., RONNIE
> 373 CIRCLE DRIVE
> MOREHEAD          KY     40351

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____, DC

Date: 10/07/2022

**Proof of Service**

[ ]  This Summons was served by delivering a true copy and the Complaint (or other initiating document)
      To: _____

[ ]  Not Served because: _____

Date: _____, 2____                                    Served by _____

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | Postmark<br>Here |
| --- | --- | --- |
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee<br>(Endorsement Required) | | |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | |

7005 1410 0002 0085 9385

Sent To  *Ron Goldy*

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006                    See Reverse for Instructions

CI    22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



| AOC-S-105     Sum Code: CI<br>Rev. 7-99 | | Generated:     10/11/2022 |
|---|---|---|

**Commonwealth of Kentucky**
**Court of Justice**
**CR 4.02; Cr Official Form 1**

**Civil Summons**

Case Nun   **22-CI-00320**
Court   CI
County   BOYLE

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

HERRON, CHRISTOPHER HERRON
BOYLE COUNTY ATTORNEY
321 WEST MAIN ST.
DANVILLE                          KY        40422

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____, DC

Date: 10/07/2022

**Proof of Service**

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To:

_____

Served by _____

**U.S. Postal Service ™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To   *Chris Herron*

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7009  1410  0002  0085  9392

22-CI-00320
ENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



AOC-S-105    Sum Code: CI
Rev. 7-99

Generated: 10/11/2022

**Commonwealth of Kentucky**
**Court of Justice**
**CR 4.02; Cr Official Form 1**



**Civil Summons**

| Case Num | **22-CI-00320** |
|---|---|
| Court | CI |
| County | BOYLE |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

HMIELESK, CHRISTINE
DCBS/ PROTECTION & PERMANANCY
1714 PERRYVILLE ROAD, STE. 550
DANVILLE                        KY        40422

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

Proof of Service

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)

To: _____

[  ] Not Served because: _____

Served by _____

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  Christine H Mielesli

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7009 1410 0002 0085 9408

PS Form 3800, August 2006        See Reverse for Instructions

CI    22-CI-00320

HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



| AOC-S-105   Sum Code: CI | | Case Num | **22-CI-00320** |
| Rev. 7-99 | | Court | CI |
| **Commonwealth of Kentucky** | | County | BOYLE |
| **Court of Justice** | | | |
| **CR 4.02; Cr Official Form 1** | **Civil Summons** | | |

*Plaintiff*, HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

IACCARINO, CARMINE
700 CAPITAL AVE., SUITE 118
FRANKFORT                          KY     40601

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

**Proof of Service**

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

                                                                    Served by _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  *Carmine Iaccarino*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006                    See Reverse for Instructions

7009 1410 0000 0085 9415

CI   22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL





| AOC-S-105   Sum Code: CI | | Case Num | 22-CI-00320 |
| Rev. 7-99 | | Court | CI |
| | | County | BOYLE |

**Commonwealth of Kentucky**
**Court of Justice**
**CR 4.02; Cr Official Form 1**

**Civil Summons**

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

> KIRKPATRICK, RYAN
> 115 PETTUS COURT
> STANFORD                    KY      40484

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

Proof of Service

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[ ] Not Served because: _____

Date: _____                                    Served by _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To   Ryan Kirkpatrick
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006                        See Reverse for Instructions

CI    22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



| AOC-S-105  Sum Code: CI | | Case Nun | **22-CI-00320** |
| Rev. 7-99 | | Court | CI |
| | | County | BOYLE |
| **Commonwealth of Kentucky** | | | |
| **Court of Justice** | | | |
| CR 4.02; Cr Official Form 1 | **Civil Summons** | | |



*Plaintiff*, HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

MATHER, ADAM
OFFICE OF THE INSPECTOR GENERAL
275 EAST MAIN ST., STE 5E-A
FRANKFORT                          KY      40621

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[ ] Not Served because:

Date: _____                                        Served by _____

---

**U.S. Postal Service** ™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  *Adam Mather*
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006                    See Reverse for Instructions

7009 1410 0000 0085 6434

CI    22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



| AOC-S-105   Sum Code: CI | | Case Nun | 22-CI-00320 |
| Rev. 7-99 | | Court | CI |
| **Commonwealth of Kentucky**<br>**Court of Justice**<br>**CR 4.02; Cr Official Form 1** | <br>**Civil Summons** | County | BOYLE |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

PERKINS, KATHY
BOYLE COUNTY HEALTH DEPT.
448 SOUTH THIRD ST.
DANVILLE            KY    40422

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

Proof of Service

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[ ] Not Served because: _____

Served by _____

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark<br>Here |
| Return Receipt Fee<br>(Endorsement Required) | | |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To   Kathy Perkins

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

CI    22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL





| AOC-S-105    Sum Code: CI | | Case Nun | **22-CI-00320** |
| Rev. 7-99 | | Court | CI |
| **Commonwealth of Kentucky** | | County | BOYLE |
| **Court of Justice** | | | |
| **CR 4.02; Cr Official Form 1** | **Civil Summons** | | |

Generated:    10/11/2022

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

    SIMS, CLINTON "ANDY"
    104 RICHMOND AVE.
    NICHOLASVILLE          KY    40356

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

                    Circuit/District Clerk, CORTNEY SHEWMAKER

                    By _____ , DC
                    Date: 10/07/2022

Proof of Service

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To:

Served by _____

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To _Clinton Andy Sims_
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

I   22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL





| AOC-S-105   Sum Code: CI | | Case Num. | **22-CI-00320** |
| Rev. 7-99 | | Court | CI |
| **Commonwealth of Kentucky**<br>**Court of Justice**<br>**CR 4.02; Cr Official Form 1** | | County | BOYLE |
| | **Civil Summons** | | |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

STATON, JANET
439 WEST WALNUT ST.
DANVILLE          KY     40422

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022





CI   22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL

| AOC-S-105   Sum Code: CI | | Case Num. | **22-CI-00320** |
| Rev. 7-99 | | Court | CI |
| | | County | BOYLE |
| **Commonwealth of Kentucky** | **Civil Summons** | | |
| **Court of Justice** | | | |
| CR 4.02; Cr Official Form 1 | | | |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

> MIRANDA-STRAUB, MARTA
> DCBS OFFICE OF THE COMMISSIONER
> 275 EAST MAIN ST., 3W-A
> FRANKFORT          KY     40621

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[ ] Not Served because: _____

Date: _____          2_____          _____ Served by

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  *Marta Straub*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7009 1410 0002 0085 9477

PS Form 3800, August 2006          See Reverse for Instructions



| AOC-S-105    Sum Code: CI | | Case Num. | **22-CI-00320** |
|---|---|---|---|
| Rev. 7-99 | | Court | CI |
| | | County | BOYLE |
| **Commonwealth of Kentucky** | | | |
| **Court of Justice** | | | |
| CR 4.02; Cr Official Form 1 | **Civil Summons** | | |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

TUDOR, WILLIAM ROBERT
703 JIM CLARK ROAD
LANCASTER                KY    40444

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

Proof of Service

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
    To:

[ ] Not Served because

Served by

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  *William Tudor*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7009 1410 0002 0085 9484

CI   22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL





| AOC-S-105   Sum Code: CI | | Case Num. | **22-CI-00320** |
| Rev. 7-99 | | Court | CI |
| | | County | BOYLE |
| **Commonwealth of Kentucky** | | | |
| **Court of Justice** | | | |
| CR 4.02; Cr Official Form 1 | | | |
| | **Civil Summons** | | |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

WILLIAMS, LISA LEE
OFFICE OF THE OMBUDSMAN & ADMIN. REVIEW
275 EAST MAIN STREET, 2E-O
FRANKFORT                          KY     40621

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

Proof of Service

[   ] This Summons was served by delivering a true copy and the Complaint (or other initiating document).
To:

Served by _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To   *Lisa Lee Williams*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006                    See Reverse for Instructions

CI   22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



| AOC-S-105  Sum Code: CI | | Case Num | **22-CI-00320** |
| Rev. 7-99 | | Court | CI |
| **Commonwealth of Kentucky** | | County | BOYLE |
| **Court of Justice** | | | |
| **CR 4.02; Cr Official Form 1** | **Civil Summons** | | |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

> BURKE, AMY CATHERINE
> KYOAG CRIMINAL DIVISION
> 1024 CAPITAL CENTER DRIVE
> FRANKFORT              KY     40601

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____ , DC

Date: 10/07/2022

[ ]  This Summons was served by delivering a true copy and the Complaint (or other initiating document)

To:

Served by _____

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)         $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required            $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7016 0910 0000 8471 6727

CI    22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

FILED

1. Article Addressed to:

LISA LEE WILLIAMS
OFFICE OF THE OMBUDSMAN & ADMIN REVIEW
275 E MAIN ST 2E-O
FRANKFORT KY 40621

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

22-Ci-320

9590 9402 6030 0069 8299 19

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. 7009 1410 0002 0085 9491

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

FILED

1. Article Addressed to:

ADAM MATHER
OFFICE OF THE INSPECTOR GENERAL
275 E MAIN ST STE SE-A
FRANKFORT KY 40621

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

22-Ci-320   OCT 11 2022

9590 9402 6030 0069 8298 58

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. 7009 1410 0002 0085 9439

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CHIRSTOPHER KALA HERRON
BOYLE COUNTY ATTORNEY
321 W MAIN STREET RM 120
COURTHOUSE
DANVILLE KY 40422

9590 9402 6030 0069 8298 10

2. Article Number (Transfer from service label)

7009 1410 0002 0085 9392

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Ashley Edwards          ☐ Agent   ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Ashley Edwards                        10/12/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

Restricted Delivery
22-Ci-320

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JANET HUMPHREY-COLE
100 SOUTH MAIN ST
NICHOLASVILLE KY 40356

9590 9402 6030 0069 8297 59

2. Article Number (Transfer from service label)

7016 0910 0000 8471 6734

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Destiny Parks          ☐ Agent   ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

22-Ci-320

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CARMINE G IACCARINO
700 CAPITAL AVE STE 118
FRANKFORT KY 40601

Restricted Delivery

22-Ci-320

9590 9402 6030 0069 8298 34

2. Article Number *(Transfer from service label)*

7009 1410 0002 0085 9415

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ERIC FRIEDLANDER
OFFICE OF THE SECRETARY
275 E MAIN ST 5W-A
FRANKFORT KY 40621

Restricted Delivery

22-Ci-320

9590 9402 6030 0069 8297 97

2. Article Number *(Transfer from service label)*

7009 1410 0002 0085 9378

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JANET HUMPHREY-COLE
100 SOUTH MAIN ST
NICHOLASVILLE KY 40356

9590 9402 6030 0069 8297 59

2. Article Number (Transfer from service label)

7016 0910 0000 8471

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
                                     10 / 12 / 22
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KATHY PERKINS
BOYLE CO HEALTH DEPT
448 SOUTH THIRD ST
DANVILLE KY 40422

9590 9402 6030 0069 8298 65

2.

7009 1410 0002 0085 9446

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
Kathy Perkins                       ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Kathy Perkins                        10 / 12 / 22
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Priority Mail Express®
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery

Restricted Delivery

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CLINTON "ANDY" SIMS
104 RICHMOND AVE
NICHOLASVILLE KY 40356

9590 9402 6030 0069 8298 72

7009 1410 0002 0085 9453

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
                                     10 / 12 / 22
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt





**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AMY CATHERINE BURKE
KYOAG CRIMINAL DIVISION
1024 CAPITAL CENTER DRIVE
FRANKFORT KY 40601

9590 9402 6030 0069 8297 35

2. Article Number    7016 0910 0000 8471 6727

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

22-C-320

3. Service Type
☐ Priority Mail Express®
☐ Adult Signature
☐ Adult Signature Restricted Delivery     ☐ Registered Mail™
☐ Certified Mail®                          ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery       ☐ Delivery
☐ Collect on Delivery                      ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery    Merchandise
☐ Restricted Delivery                      ☐ Signature Confirmation™
                                           ☐ Signature Confirmation
                                             Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MARTA MIRANDA-STRAUB
DCBS OFFICE OF THE COMMISSIONER
275 E AMIN ST 3W-A
FRANKFORT KY 40621

9590 9402 6030 0069 8298 96

2. Article Number    7009 1410 0002 8085 9477

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

22-CI-320

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Priority Mail Express®
☐ Adult Signature
☐ Adult Signature Restricted Delivery     ☐ Registered Mail™
☐ Certified Mail®                          ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery       ☐ Delivery
☐ Collect on Delivery                      ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery    Merchandise
                                           ☐ Signature Confirmation™
                                           ☐ Signature Confirmation
                                             Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LISA LEE WILLIAMS
OFFICE OF THE OMBUDSMAN & ADMIN REVIEW
275 E MAIN ST 2E-O
FRANKFORT KY 40621

9590 9402 6030 0069 8299 19

2. Article Number    7009 1410 0002 8085 9451

PS Form 3811, July 2015 PSN 7530-02-000-9053

A. Signature
X

B. Received

D. Is delivery
   If YES, e

3. Service Type
☐ Priority
☐ Adult Sig
☐ Adult Sig
☐ Certified
☐ Certified
☐ Collect on

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ADAM MATHER
OFFICE OF THE INSPECTOR GENERAL
275 E MAIN ST STE SE-A
FRANKFORT KY 40621

9590 9402 6030 0069 8298 58

2. Article Number    7009 1410 0002 8085 9443

PS Form 3811, July 2015 PSN 7530-02-000-9053



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JULIE FERRELL
CHFS/DCBS CLARK CO PROTECTION & PERMANENCY
1113 PIONEER DR
WINCHESTER KY 40391

9590 9402 6030 0069 8297 80

2. Article Number
7016 0910 0000 8471 3924

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

22-CI-320

OCT 19 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RYAN KIRKPATRICK
115 PETTUS COURT
STANFORD KY 40484

9590 9402 6030 0069 8298 41

2. Article Number
7009 1410 0002 0085 9422

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Ryan Kirkpatrick          ☐ Agent
                             ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Ryan Kirkpatrick

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

22-CI-320

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RICHARD DIENST
OFFICE OF THE OMBUDSMAN & ADMIN REVIEW
QUALITY ADVANCEMENT BRANCH
275 E MAIN ST 2E-O
FRANKFORT KY 40601

9590 9402 6030 0069 8297 73

2. Article Number
7016 0910 0000 8471 3917

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

22-CI-320

OCT 19 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

APRIL DAVIS
DEPT FOR COMMUNITY BASED SERV
455 PARK PLACE, STE 120A
LEXINGTON KY 40511

9590 9402 6030 0069 8297 66

2. Article Number
7016 0910 0000 8471 3900

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

22-CI-320

OCT 19 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery



US POSTAGE ᴾᴵᵀᴺᴱʸ ᴮᴼᵂᴱˢ

$ 023.80

ZIP 42431
02 4W
0000371698 OCT. 11.

■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

MEGAN N BOSLEY
CHFS/DCBS MERCER CO PROTECTION & PERMENENCY
677 BEAUMONT PLAZA ST
HARRODSBURG KY 40330

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

22-Ci-
320

9590 9402 6030 0069 8297 42

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ ...livery Restricted Delivery
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

2. Article Number

7016 0910 0000 8471 6741

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

22-Ci 320

※ R F S ※

FILED
OCT ... 2022
CORTNEY SHEWMAKER, CLERK
BOYLE CIRCUIT COURT

10/15/22

-R-T-S-   40422-RFS-1N

RETURN TO   SENDER
UNABLE TO   FORWARD
UNABLE TO   FORWARD
RETURN TO   SENDER

CERTIFIED MAIL

7016 0910 0000 8471 6741

CORTNEY SHEWMAKER
BOYLE COUNTY CIRCUIT COURT CLERK
BOYLE CIRCUIT & DISTRICT COURTS
BOYLE COUNTY COURTHOUSE
321 WEST MAIN STREET, SUITE 240
DANVILLE, KENTUCKY 40422



| AOC-S-105    Sum Code: CI | | Case No. | **22-CI-00320** |
| Rev. 7-99 | | Court | CI |
| **Commonwealth of Kentucky**<br>**Court of Justice**<br>**CR 4.02; Cr Official Form 1** | **Civil Summons** | County | BOYLE |

*Plaintiff,* HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL, *Defendant*

DAVIS, APRIL
DCBS
455 PARK PLACE, STE.120 A
LEXINGTON          KY    40511

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, CORTNEY SHEWMAKER

By _____, DC

Date: 10/07/2022

**Proof of Service**

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[  ] Not Served because: _____

D_____    Served by _____

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____     Postmark
☐ Certified Mail Restricted Delivery $ _____    Here
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$
Sent To   *April Davis*
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7016 0910 0000 8471 6758

CI    22-CI-00320
HENSON, ANN NICOLE  VS. BURKE, AMY CATHERINE , ET AL

