UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ANN NICOLE HENSON,<br>    **Plaintiff,**<br><br>  v.<br><br>AMY BURKE, *et al.*,<br>    **Defendants.** | CIVIL ACTION NO. 5:22-288-KKC<br><br><br><u>OPINION AND ORDER</u> |

*** *** ***

This matter is before the Court on the Court's own motion. For the following reasons, the Court dismisses this action *sua sponte* because it lacks subject matter jurisdiction over the case.

**I.   Background**

In this case, Plaintiff Ann Nicole Henson brings a lawsuit against 19 separate defendants, including the father of her minor child, the father's attorney, her child's guardian ad litem, a Commonwealth's Attorney, the County Attorney for Boyle County, and various employees of Kentucky's Cabinet for Health and Family Services (the "Cabinet"). (*See* DE 1-1.) Plaintiff initially filed her lawsuit in Boyle County Circuit Court. (*Id.*) The defendants removed the case to this Court on November 1, 2022, on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (*See* DE 1.) While Plaintiff's voluminous 137-page complaint contains a multitude of details, the gist of her complaint relates to the conduct of the defendants throughout the proceedings for a dependency, neglect, and abuse ("DNA") petition that was filed in Boyle County Family Court and an ancillary child custody action in Clark County Circuit Court. (DE 1-1 ¶¶ 23, 38.) The relevant conduct involves, among other things, the access of certain confidential records, the service of subpoenas, testimony given

1

during custody hearings, and an investigation into the father of Plaintiff's child. (*See e.g., id.* ¶¶ 27, 41, 55(a), 55(j)-(l).)

The subject investigation was into the alleged sexual assault of Plaintiff's minor child by her father, Defendant William Robert Tudor. (*Id.* ¶ 19.) Following a report to a provider at a local hospital in June 2018, the facility notified local law enforcement and the Cabinet of the sexual assault allegations. (*Id.* ¶¶ 19-20.) The DNA petition was subsequently filed in Boyle County Family Court. (*Id.* ¶ 23.) According to Plaintiff, Tudor "stipulate[d] to facts sufficient to warrant removal [of the child] from his care" on October 29, 2018, and on January 4, 2019, the Cabinet rendered a "a finding of substantiation for child sexual abuse" against Tudor in a notification letter. (*Id.* ¶¶ 26-27.) The next month, the Cabinet advised of its intention to instead close the DNA proceedings against Tudor. (*Id.* ¶ 29.) The Boyle County Attorney then moved to dismiss the proceedings because of the Cabinet's purported failure to investigate the allegations against Tudor. (*Id.* ¶¶ 32, 36.) In accordance with that dismissal, the Cabinet issued an amended notification letter finding that the abuse allegations were "[u]nsubstantiated." (*Id.* ¶¶ 33-34.) During subsequent custody proceedings, Tudor was granted routine overnight visitations with the child. (*Id.* ¶ 49(a)(3).)

In her complaint, Plaintiff alleges procedural and substantive due process violations as to her constitutional right to intimate association and her right to fundamentally fair procedures regarding the care, custody, and control of her minor child. (*Id.* at 38.) She claims that she was deprived of "her fundamental due process right to make decisions regarding the care, custody, and control" of her child and "her right to receive fundamentally fair procedures relating to the same." (*Id.* ¶ 48.) Specifically, Plaintiff states that, as a result of these violations, her child "continues to be required to endure routine unsupervised overnight visitations with her preparator . . . pursuant to a legally erroneous order" in the

2

custody proceedings. (*Id.* ¶ 49(a)(3).) In addition, Plaintiff also brings the following state law claims: (1) "fraud upon the court;" (2) negligence per se; and (3) the tort of "outrage." (*Id.* at 64, 71, 134.)

## II.   Analysis

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A court may raise the issue of subject matter jurisdiction "*sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction." *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007) (citation and quotation marks omitted). This means that if a court finds that it lacks subject matter jurisdiction, it has the authority to dismiss the case *sua sponte*. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003).

Federal courts lack subject matter jurisdiction over "domestic relations matters." *Id.* "Rather, state courts have exclusive jurisdiction over these matters." *Id.* Domestic relations matters include disputes involving child custody, divorce, or alimony. *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015); *Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003). "Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Chambers v. Michigan*, 473 F. App'x 477, 479 (6th Cir. 2012). If the federal nature of a claim is "mere pretense," and the claim is "actually concerned with domestic relations issues," then the Court lacks subject matter jurisdiction over the case. *Danforth*, 76 F. App'x at 616.

Here, the Court is compelled to consider *sua sponte* whether it has subject matter jurisdiction over this case and therefore, whether it must remand the case back to Kentucky

3

state court. The Court finds that it lacks subject matter jurisdiction over this case because the sole federal claim concerns a domestic relations matter, an issue reserved for state courts.

This case involves only one federal claim—Plaintiff's claim that her substantive and procedural due process rights were violated. The defendants based their removal to this Court on that claim alone. While Plaintiff's claim is labeled as a violation of her "constitutional right to intimate association" and her right to "fundamental fairness of procedures relating to the care, custody, and control of [her minor child,]" to call this a *federal* claim is mere pretense. (DE 1-1 at 38.) Peeling back the layers of this claim, the claim actually concerns a dispute over a domestic relations matter, namely, a child custody dispute. Plaintiff's allegations concern the defendants' conduct throughout custody proceedings and the DNA action in family court, which ultimately bears on Tudor's custody over the child that he shares with Plaintiff. Plaintiff also asserts that the defendants' conduct has impacted her ability to "make decisions regarding the care, custody, and control" of her child and "receive fundamentally fair procedures relating to the same." (DE 1-1 ¶ 48.) Plaintiff's ability to make decisions regarding her child is directly related to her custody dispute. According to Plaintiff, as a result of the alleged due process violations, her child "continues to be required to endure routine unsupervised overnight visitations with her preparator . . . **pursuant to a legally erroneous order**" in the custody proceedings. (*Id.* ¶ 49(a)(3) (emphasis added).) Although Plaintiff raises these allegations under the veil of a due process claim, she is essentially attacking the underlying custody order, and the substance of her claim is domestic relations. *See Alexander*, 804 F.3d at 1205 (explaining that a federal court lacks jurisdiction where the plaintiff "seeks to modify . . . an existing . . . child-custody decree") (citation and quotation marks omitted). Therefore, the Court lacks subject matter jurisdiction over such a challenge and must dismiss it. Instead, the matter is better addressed in state court.

The Court lacks subject matter jurisdiction over the remaining state law claims for the same reasons. Having found that the Court lacks jurisdiction over the only claim conferring original jurisdiction, the Court also declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

Because the Court lacks subject matter jurisdiction over this case, the Court must remand the action back to state court. Using its *sua sponte* authority, the Court therefore dismisses this case.

### III. Conclusion

The Court hereby ORDERS as follows:

1. This matter is REMANDED to Boyle County Circuit Court;
2. All pending motions are DENIED as moot; and
3. This matter is DISMISSED and STRICKEN from the Court's active docket.

This 12th day of May, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY